## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ALECTO HEALTHCARE SERVICES LLC, [1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787-JKS<br><br>**Hearing Date:** TBD<br>**Objection Deadline:** July 21, 2023 @ 4:00 p.m. ET |

## DEBTOR'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS

Alecto Healthcare Services LLC, a Delaware limited liability company, the debtor and debtor in possession ("Debtor") in the above-captioned chapter 11 case (the "Case"), hereby moves the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to 11 U.S.C. §§ 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") establishing procedures for the interim compensation and reimbursement of expenses of professionals during this case. In support of the Motion, the Debtor respectfully represents:

## BACKGROUND

1. On June 16, 2023 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11, Subchapter V of the Bankruptcy Code.

2. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors committee has been appointed in this Case. Other than the Subchapter V Trustee, no trustee or

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N. Brand Boulevard, Suite 1920, Glendale, CA 91203.

examiner has been appointed.

3. Further information regarding the Debtor's business operations and capital structure is set forth in the *Declaration of Michael Sarrao, Executive Vice President, General Counsel and Secretary of Alecto Healthcare Services LLC, in Support of First Day Motions* [D.I. 3] (the "First Day Declaration").

## JURISDICTION

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. The statutory predicates for the relief sought herein are sections 105 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

## RETENTION OF PROFESSIONALS

6. The Debtor has filed, or will be filing shortly, applications to employ certain professionals under section 327(a) of the Bankruptcy Code ("Professionals"), all of whom would be subject to the procedures set forth in this Motion. Additionally, the United States Trustee has appointed Jami Nimeroff as the Subchapter V Trustee. All Professionals paid under Section 327(a) of the Bankruptcy Code and the Subchapter V Trustee would be subject to the procedures set forth in this Motion.

## RELIEF REQUESTED

7. Section 331 of the Bankruptcy Code authorizes professional persons to submit applications for interim compensation and reimbursement of expenses every one hundred and

twenty (120) days "or more often, if the Court permits." 11 U.S.C. § 331.  In addition, Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

8. Specifically, the Debtor proposes that, except as otherwise provided in an order of the Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a) Each Professional seeking interim compensation may file an application (the "Monthly Fee Application"), pursuant to section 331 of the Bankruptcy Code, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any previous month or months (the "Compensation Period") and serve a copy of such Monthly Fee Application on the following parties:  (i) the Debtor: Alecto Healthcare Services LLC, 101 N. Brand Boulevard, Suite 1920, Glendale, CA 91203 (Attn: Michael J. Sarrao); (ii) counsel to the Debtor: The Rosner Law Group LLC, 824 North Market Street, Suite 810, Wilmington, DE 19801 Attn: Scott J. Leonhardt leonhardt@teamrosner.com and Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive; Suite 600, Irvine, CA  92618 Attn: Alan J. Friedman and Max Casal, afriedman@shulmanbastian.com and mcasal@shulmanbastian.com; (iii) the Office of the United States Trustee, 844 King St., Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Linda Casey) Linda.Casey@usdoj.gov; (iv) the Subchapter V Trustee, Jami Nimeroff, Esq., Brown McGarry Nimeroff LLC, 919 N. Market Street, Suite 420, Wilmington, DE 19801, jnimeroff@bmnlawyers.com; and (v) any party asserting liens against the Debtor's assets (each a "Notice Party" and collectively, the "Notice Parties").  Any Professional that does not file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law and the Local Rules of the Court. Each Notice Party will have ten (10) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court, after which the Debtor shall be authorized to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of: (i) 80% of the fees and 100% of the expenses requested in the

    Monthly Fee Application (the "<u>Interim Payment</u>"); and (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (b) below.

(b)  If any Notice Party objects to a Professional's Monthly Fee Application, it must file a written objection (an "<u>Objection</u>") with the Court and serve it on the affected Professional and each of the Notice Parties on or before the Objection Deadline; <u>provided</u>, <u>however</u>, that on written notice to the other Notice Parties, the applicable Professional may agree to extend such objecting party's Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 20 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Interim Payment and the Actual Interim Payment made to the affected Professional (the "<u>Incremental Amount</u>"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(c)  Beginning with the period beginning on the Petition Date and ending on September 30, 2023 (or sooner, should the confirmation date of a plan of reorganization be scheduled) and at three-month intervals or at such other intervals convenient to the Court, each of the Professionals may file with the Court and serve on the Notice Parties a request (an "<u>Interim Fee Application Request</u>") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "<u>Interim Fee Period</u>"). The Interim Fee Application Request must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules, including Local Rule 2016-2. An Interim Fee Application may be filed with the Court and served upon the Notice Parties within 45 days after the end of the applicable Interim Fee Period. Objections, if any, to an Interim Fee Application shall be filed with the Court and served upon the affected Professional and each of the Notice Parties on or before the 15th day following service of the applicable Interim Fee Application.

(d)  To the extent applicable in this Case, the Debtor shall request that the Court schedule a hearing on Interim Fee Application Requests approximately once every three months, or at such other intervals as the Court deems appropriate.

   (e)  The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

   (f)  Neither: (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses; nor (ii) the filing of or failure to file an Objection, shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

  9.  The Debtor requests that the Court limit service of the Monthly Fee Applications, Interim Fee Applications, final fee applications and Hearing Notices (as defined below) as follows: (a) the Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, final fee applications, and notices of any hearing thereon (the "<u>Hearing Notices</u>"); and (b) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Hearing Notices. Providing notice of fee applications in this manner will permit the parties most active in this Case to monitor the fees and expenses incurred by Professionals and will avoid unnecessary duplication and mailing expenses.

## **BASIS FOR RELIEF REQUESTED**

  10.  Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtors' attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of this Court, section 331 of the Bankruptcy Code limits

5

Professionals rendering services in this chapter 11 case to payment of fees and expenses only three times per year.

11. Congress' intent in enacting section 331 of the Bankruptcy Code is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong. 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

12. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). As set forth below, courts regularly have entered orders, in accordance with section 105(a) of the Bankruptcy Code, establishing procedures providing for the interim compensation and expense reimbursement of professionals on a monthly basis. "Courts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 727 (Bankr. D. Del. 2000). Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization case, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtor." In re International Horizons, Inc., 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals fund

6

debtors' reorganization proceedings.  See id. at 897.

13. It is respectfully submitted that the proposed procedures will enable the Court and key parties-in-interest to ensure the reasonableness of the compensation and reimbursement sought pursuant to such procedures on a more regular basis.

## NOTICE

14. The Debtor has provided notice of this Motion to: (1) the Notice Parties, as defined herein; and (2) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor respectfully requests that the Court enter an order, in substantially the form attached hereto as **Exhibit A**, establishing procedures for the interim compensation and reimbursement of expenses of Professionals during this case, and granting such other and further relief as the Court deems just and proper.

Dated: July 7, 2023
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE Bar No. 4885)
824 North Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
Email: leonhardt@teamrosner.com

-and-

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
Leonard M. Shulman (CA Bar No. 126349)
Alan J. Friedman (CA Bar No. 132580)
Max Casal (CA Bar No. 342716)
100 Spectrum Center Drive; Suite 600
Irvine, CA 92618
Telephone: (949) 427-1654
Facsimile: (949) 340-3000
Email: lshulman@shulmanbastian.com
Email: afriedman@shulmanbastian.com
Email: mcasal@shulmanbastian.com

*Proposed Counsel to the Debtor and Debtor in Possession*