# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC,[1] | Case No. 23-10787-JKS |
| Debtor. | RE: Dkt. No. |

## ORDER ESTABLISHING PROCEDURES FOR
## INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS

Upon the motion (the "Motion") of Alecto Healthcare Services LLC, a Delaware limited liability company, the debtor and debtor in possession herein ("Debtor") for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") establishing procedures for the interim compensation and reimbursement of expenses of professionals, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 134, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012, and due and adequate notice of the Motion having been given, and it appearing that no other or further notice need to be provided; and after due deliberation and sufficient cause appearing therefore, it is by the United States Bankruptcy Court for the District of Delaware hereby

ORDERED, ADJUDGED and DECREED that:

1. The Motion is granted to the extent set forth herein.

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N. Brand Boulevard, Suite 1920, Glendale, CA 91203.

2.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3.  Except as otherwise provided in an order of this Court authorizing the retention of a particular Professional, the Professionals in this case may seek interim payment of compensation and reimbursement of expenses in accordance with the following Compensation Procedures:

    (a)    Each Professional seeking interim compensation may file an application (the "Monthly Fee Application"), pursuant to section 331 of the Bankruptcy Code, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any previous month or months (the "Compensation Period") and serve a copy of such Monthly Fee Application on the following parties: (i) the Debtor: Alecto Healthcare Services LLC, 101 N. Brand Boulevard, Suite 1920, Glendale, CA 91203 (Attn: Michael J. Sarrao); (ii) counsel to the Debtor: The Rosner Law Group LLC, 824 North Market Street, Suite 810, Wilmington, DE 19801 Attn: Scott J. Leonhardt leonhardt@teamrosner.com and Shulman Bastian Friedman & Bui LLP, 100 Spectrum Center Drive; Suite 600, Irvine, CA 92618 Attn: Alan J. Friedman and Max Casal, afriedman@shulmanbastian.com and mcasal@shulmanbastian.com; (iii) the Office of the United States Trustee, 844 King St., Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Linda Casey) Linda.Casey@usdoj.gov; (iv) the Subchapter V Trustee, Jami Nimeroff, Esq., Brown McGarry Nimeroff LLC, 919 N. Market Street, Suite 420, Wilmington, DE 19801, jnimeroff@bmnlawyers.com; and (v) any party asserting liens against the Debtor's assets (each a "Notice Party" and collectively, the "Notice Parties"). Any Professional that does not file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law and the Local Rules of the Court. Each Notice Party will have ten (10) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court, after which the Debtor shall be authorized to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of: (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Interim Payment"); and (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (b) below.

(b)      If any Notice Party objects to a Professional's Monthly Fee Application, it must file a written objection (an "Objection") with the Court and serve it on the affected Professional and each of the Notice Parties on or before the Objection Deadline; provided, however, that on written notice to the other Notice Parties, the applicable Professional may agree to extend such objecting party's Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 20 days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Interim Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(c)      Beginning with the period beginning on the Petition Date and ending on September 30, 2023 (or sooner, should the confirmation date of a plan of reorganization be scheduled) and at three-month intervals or at such other intervals convenient to the Court, each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "Interim Fee Period"). The Interim Fee Application Request must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules, including Local Rule 2016-2. An Interim Fee Application may be filed with the Court and served upon the Notice Parties within 45 days after the end of the applicable Interim Fee Period. Objections, if any, to an Interim Fee Application shall be filed with the Court and served upon the affected Professional and each of the Notice Parties on or before the 15th day following service of the applicable Interim Fee Application.

(d)      To the extent applicable in this Case, the Debtor shall request that the Court schedule a hearing on Interim Fee Application Requests approximately once every four months, or at such other intervals as the Court deems appropriate.

(e)      The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

  (f) Neither: (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses; nor (ii) the filing of or failure to file an Objection, shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

  4. The Monthly Fee Applications, Interim Fee Applications, final fee applications and Hearing Notices (as defined below) shall be served as follows: (a) the Notice Parties shall be entitled to receive the Monthly Fee Application, Interim Fee Applications, final fee applications, and notices of any hearing thereon (the "<u>Hearing Notices</u>"); and (b) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Hearing Notices. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court.

  5. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

  6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.