IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ALECTO HEALTHCARE SERVICES LLC, a Delaware limited liability company,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS)<br><br><br>Hearing Date: TBD<br>Objection Deadline: July 27, 2023 at 4 p.m. (ET) |

**APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT
OF THE ROSNER LAW GROUP LLC AS DELAWARE COUNSEL
TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Alecto Healthcare Services LLC, a Delaware limited liability company, the debtor and debtor in possession ("Debtor"), files this application ("Application"), seeking entry of an order, substantially in the form attached here as **Exhibit A** ("Proposed Order"), authorizing the Debtor to retain and employ The Rosner Law Group LLC ("Firm") as Delaware counsel to the Debtor *nunc pro tunc* to the Petition Date (defined below). In support of this Application, the Debtor submits the Declaration of Frederick B. Rosner ("Rosner Declaration"), a copy of which is attached here as **Exhibit B** and incorporated herein, and the Declaration of Laxman Reddy ("Reddy Declaration"), a copy of which is attached here as **Exhibit C** and incorporated herein. Additionally, in support of this Application, the Debtor relies on the *Declaration of Michael Sarrao, Executive Vice President, General Counsel and Secretary of Alecto Healthcare Services LLC, in Support of First Day Motions* [D.I. 3] ("First Day Declaration"). In further support of this Application, the Debtor submits as follows:

**Jurisdiction, Venue, and Predicates for Relief**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N. Brand Boulevard, Suite 1780, Glendale, CA 91203.

{00036056. }

1

1334 and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware on February 29, 2012. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in this Application are §§ 105, 327, 328, and 330 of title 11 of the United States Code ("Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules").

**Background**

3. On June 16, 2023 ("Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11, Subchapter V of the Bankruptcy Code, commencing the above-captioned chapter 11 case ("Case"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to §§ 1107(a), 1108 and 1184 of the Bankruptcy Code.

4. No creditors' committee has been appointed in this Case.

5. On June 20, 2023, Jami Nimeroff was appointed the Subchapter V Trustee. No other trustee or examiner has been appointed in this Subchapter V Case.

6. Other than the appointed Subchapter V Trustee, no trustee or examiner has been appointed in this Case.

**Relief Requested**

7. The Debtor seeks to employ and retain the Firm *nunc pro tunc* to the Petition Date to represent it as Delaware counsel in connection with this Case. Accordingly, the Debtor respectfully requests that the Court enter the Proposed Order attached here as **Exhibit A**.

8. The Debtor seeks to retain the Firm as its Delaware counsel because of the Firm's experience and knowledge in the field of business reorganizations under Chapter 11 of the

Bankruptcy Code, including Subchapter V, and because of the Firm's experience and knowledge practicing before this Delaware Court.

A.      **Services to be Provided.**

9.      Subject to Court approval, and in consultation with its bankruptcy counsel, Shulman Bastian Friedman & Bui LLP, to avoid duplication of effort, the professional services that the Firm will render to the Debtor include, but shall not be limited to, the following:

(a)   provide legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of its business, management of its properties and related matters;

(b)   preparing and pursuing confirmation of a plan;

(c)   prepare necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Debtor and assure that any pleadings comply with the Local Rules

(d)   appearing in Court and protecting the interests of the Debtor before the Court;

(e)   advise the Debtor on matters of Delaware practice and procedures and Delaware law; and

(f)   perform all other necessary legal services that are desirable and necessary for the efficient and economic administration of this Case.

## Basis for Relief

10.     Under § 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on

a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

### A. The Firm's Qualifications.

11. The Debtor believes that the Firm is well qualified to represent it in its bankruptcy case in an efficient and timely manner. The Firm is comprised of attorneys who are experienced in, among other areas of law, insolvency, bankruptcy and corporate reorganization and is well-qualified to represent the Debtor in proceedings of this nature. In addition, the Firm is experienced and familiar with Delaware bankruptcy practice and local procedures and Delaware law.

12. By separate application, the Debtor is also seeking to employ Shulman Bastian Friedman & Bui LLP as bankruptcy counsel. The Debtor intends to carefully monitor Shulman Bastian Friedman & Bui LLP and any other retained legal professionals to ensure a clear delineation of their respective duties and roles to prevent duplication of effort. The Debtor recognizes that efficient coordination of efforts among the Debtor's legal professionals, and between such legal professionals and their other professionals, will greatly add to the effective administration of this Case.

### B. Payment of Fees and Expenses.

13. The Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

14. The Firm will accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues, or tasks addressed in this case.

15. Additionally, the Firm will seek compensation for all the time and expense associated with its retention as a section 327(a) professional.

16. Subject to those provisions, the Debtor proposes to pay the Firm its customary hourly rates in effect from time to time as set forth in the Rosner Declaration. The Debtor submits that these rates are reasonable.

17. While additional attorneys, professionals and paraprofessionals may provide services to the Debtor in this case, the principal professionals and paraprofessionals designated to represent the Debtor and their current standard hourly rates are as follows:

| **Professional** | **Position** | **Hourly Rate** |
|---|---|---|
| Frederick Rosner | Attorney | $425 |
| Scott J. Leonhardt | Attorney | $400 |
| Jason A. Gibson | Attorney | $375 |
| Ruby Liu | Attorney | $375 |
| Paralegals | Paralegal | $250 |

18. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys, paralegals and legal secretaries, and to cover routine expenses. These hourly rates may be subject to periodic adjustments (which adjustments will be reflected in the first fee application following such adjustments) and are consistent with the rates charged elsewhere.

19. Other than the periodic adjustments described above, the Firm's hourly rates and financial terms for the services performed prior to the Petition Date are identical to the hourly rates and financial terms of the post-petition engagement proposed herein. The Debtor understands that these hourly rates are consistent with the rates that the Firm charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case, and are the same rates that the Firm charges in non-bankruptcy representations.

20. The Debtor understands that it is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, regular mail and express mail charges, special or hand delivery charges, document processing charges, printing and photocopying charges, travel expenses, expenses for "working meals," computerized research charges and transcription costs.

The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients or as previously fixed by this Court. In accordance with Local Rule 2016-2(d)(ix), travel time during which no work is performed shall be separately described and billed at no more than 50% of regular hourly rates.

21. Prior to the Petition Date, the Firm rendered legal services to the Debtor in connection with and in contemplation of the Debtor's chapter 11 filing. Prior to the Petition Date, the Debtor paid the Firm retainers in the total amount of $25,000.00. The funds were received from Laxman Reddy, Debtor's president and CEO via wire transfer initiated by Law Offices of Michael J. Sarrao. The funds received by Mr. Reddy were a loan to the Debtor, the repayment of which is subordinated to all other claims against the Debtor's estate.

22. Prior to the commencement of this Case, the Firm incurred total fees and costs of $14,218.00, leaving a pre-petition balance of $10,782.00 remaining in the Firm's trust account ("Retainer").

23. Other than as set forth in the Rosner Declaration, no arrangement is proposed between the Debtor and the Firm for compensation to be paid in this Case. The Firm has informed the Debtor that, except for sharing arrangements among the members of the Firm, it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Bankruptcy Code § 504(b)(1).

C. **Disinterestedness.**

24. Prior to the Petition Date, the Debtor employed the Firm to assist the Debtor as local Delaware counsel for matters related preparing its bankruptcy petition and in the preparation of several first day motions.

25. To the best of the Debtor's knowledge and except as disclosed herein and in the Rosner Declaration: (a) the Firm is a "disinterested person" under Bankruptcy Code § 101(14); (b) the Firm does not hold or represent an interest adverse to the Debtor's estate; and (c) the Firm's

partners, counsel, and associates have no connection to the Debtor, its creditors, or their related parties except as may be disclosed in the Rosner Declaration.

26. The Firm currently represents the debtor in the bankruptcy case *In re: Sherman/Grayson Hospital, LLC*, ("Sherman/Grayson") Case No. 23-10810 (JKS). The Debtor holds an indirect ownership interest in Sherman/Grayson. Since 2014, the Debtor has loaned substantial funds to Sherman/Grayson that have not been, and except to a very limited degree are unable to be, paid back. Such loans were made to allow Sherman/Grayson to meet the healthcare needs of its community and attempt a financial recovery. Sherman/Grayson made the following repayments to the Debtor: (1) $75,000 on June 1, 2023; and (2) $79,000 on June 14, 2023.[2] .

27. While the Firm does not currently perceive that an actual conflict exists with respect to its representation of the Debtor and Sherman/Grayson, if such a conflict arises the Firm will: (1) advise the Office of the United States Trustee for the District of Delaware and the Subchapter V Trustee; and (2) assess whether hiring independent counsel to handle such conflict is necessary. The Firm's investigation of potential conflicts is ongoing.

28. As set forth in the Rosner Declaration, neither the Firm nor any of the attorneys comprising or employed by the Firm is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the United States Trustee assigned to these chapter 11 cases or any other employee of the Office of the United States Trustee. Accordingly, the employment of the Firm is not prohibited by Bankruptcy Rule 5002.

---

[2] On October 14, 2022, Sherman/Grayson transferred $1,521,466.74 to the Debtor. Sherman/Grayson received the funds as part of a supplemental payment program and subsequently transferred the funds to the Debtor to be held in reserve. The Debtor transferred back the $1,521,466.74 (along with additional sums) to Sherman/Grayson across four different transactions between October 27, 2022 and December 21, 2022.

{00036056. }

**Notice**

29. The Debtor has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Subchapter V Trustee, (c) the Debtor's twenty (20) largest unsecured creditors; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, considering the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

30. The Debtor has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form attached here as **Exhibit A**, authorizing the Debtor to employ and retain the Firm as counsel for the Debtor, *nunc pro tunc* to the Petition Date, and granting such other and further relief as is just and proper.

Dated:  July 12, 2023

**ALECTO HEALTHCARE SERVICES LLC**
**a Delaware limited liability company**

By:  */s/ Laxman Reddy*
Laxman Reddy,
President and Chief Executive Officer