# Exhibit B
# Rosner Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ALECTO HEALTHCARE SERVICES LLC,<br>a Delaware limited liability company,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS) |

### DECLARATION OF FREDERICK B. ROSNER IN SUPPORT OF THE APPLICATION OF THE DEBTOR TO EMPLOY AND RETAIN THE ROSNER LAW GROUP LLC AS DELAWARE COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

Frederick B. Rosner, being duly sworn, deposes and says:

1. I am the owner of The Rosner Law Group LLC ("RLG" or the "Firm"), which maintains an office for the practice of law at 824 North Market Street, Suite 810, Wilmington, Delaware 19801. I am admitted to practice in the State of Delaware, the State of New York, the United States District Court for the District of Delaware, the United States District Courts for the Southern and Eastern District of New York, the United States Court of Appeals for the Second Circuit and the United States Court of Appeals for the Third Circuit..

2. I submit this declaration ("Declaration") in support of the application ("Application") of the above-captioned debtor and debtor in possession ("Debtor") for an order approving the employment and retention of the Firm as its Delaware counsel in the Debtor's bankruptcy case ("Case"). Unless otherwise stated in this Declaration, I have personal knowledge

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N. Brand Boulevard, Suite 1780, Glendale, CA 91203.

{00036001. }                                                1

of the facts hereinafter set forth. Certain of the disclosures herein relate to matters within the knowledge of other attorneys at the Firm or are based on information provided by or to them. To the extent that any information disclosed herein requires amendment or modification upon the Firm's completion of further analysis, or as additional information becomes available to it, a supplemental declaration will be submitted to the Court.

3. By separate application, the Debtor is also seeking to employ Shulman Bastian Friedman & Bui LLP as bankruptcy counsel. The Firm will do its best to ensure a clear delineation of each of the professionals' respective duties and roles so as to prevent duplication of effort.

4. Subject to Court approval, and in consultation with Shulman Bastian Friedman & Bui LLP counsel, so to avoid duplication of effort, the professional services that the Firm will render to the Debtor include, but shall not be limited to, the following:

    (a)    provide legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of its business, management of its properties and related matters;

    (b)    preparing and pursuing confirmation of a plan;

    (c)    prepare necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Debtor and assure that any pleadings comply with the Local Rules

    (d)    appearing in Court and protecting the interests of the Debtor before the Court;

    (e)    advise the Debtor on matters of Delaware practice and procedures and Delaware law; and

    (f)    perform all other necessary legal services that are desirable and

necessary for the efficient and economic administration of this Case.

5. The Firm is well qualified to represent the Debtor in its bankruptcy case. The Firm is comprised of attorneys who are experienced in, among other areas of law, insolvency, bankruptcy and corporate reorganization and is well-qualified to represent the Debtor in proceedings of this nature. In addition, the Firm is experienced and familiar with Delaware bankruptcy practice and local procedures and Delaware law.

6. Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, the Firm intends to apply for compensation for professional services rendered in connection with the Debtor's bankruptcy case, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm during the Debtor's Case. The Firm understands that any compensation and expenses paid to it must be approved by the Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Orders of this Court.

7. While additional attorneys, professionals and paraprofessionals may provide services to the Debtor in this Case, the principal professionals and paraprofessionals designated to represent the Debtor and their current standard hourly rates are as follows:

| **Professional** | **Position** | **Hourly Rate** |
|---|---|---|
| Frederick Rosner | Attorney | $425 |
| Scott J. Leonhardt | Attorney | $400 |
| Jason A. Gibson | Attorney | $375 |
| Ruby Liu | Attorney | $375 |
| Paralegals | Paralegal | $250 |

8. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys, paralegals and legal secretaries and to cover routine expenses. These hourly rates may be subject to periodic adjustments (which adjustments will be reflected in the

{00036001. }                                                                                 3

first fee application following such adjustments) and are consistent with the rates charged elsewhere.

9. Other than the periodic adjustments described above, the Firm's hourly rates and financial terms for the services performed prior to the Petition Date are identical to the hourly rates and financial terms of the post-petition engagement proposed herein. These hourly rates are consistent with the rates that the Firm charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case, and are the same rates that the Firm charges in non-bankruptcy representations.

10. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, regular mail and express mail charges, special or hand delivery charges, document processing charges, printing and photocopying charges, travel expenses, expenses for "working meals," computerized research charges and transcription costs.  The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients or as previously fixed by this Court. In accordance with Local Rule 2016-2(d)(ix), travel time during which no work is performed shall be separately described and billed at no more than 50% of regular hourly rates.

11. Prior to the Petition Date, the Firm rendered legal services to the Debtor in connection with and in contemplation of the Debtor's chapter 11 filing.  Prior to the Petition Date, the Debtor paid the Firm retainers in the total amount of $25,000.00.  The funds were received from Laxman Reddy, Debtor's president and CEO via wire transfer initiated by Law Offices of Michael J. Sarrao.

12. Prior to the commencement of the Case, the Firm incurred total fees and costs of

$14,218.00, which was applied to the retainer, leaving a pre-petition balance of $10,782.00 remaining in the Firm's trust account.

13. Other than as set forth herein, no arrangement is proposed between the Debtor and the Firm for compensation to be paid in this Case. No promises have been received by the Firm or by any member or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Except for sharing arrangements among the members of the Firm, the Firm has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under § 504(b)(1) of the Bankruptcy Code.

14. The Firm conducted searches in the Firm's conflicts databases to identify relationships with the Debtor, creditors, and other parties-in-interest (or potential parties-in-interest) in this Case. A list of the names that were submitted to the conflicts check system is attached here as **Schedule 1**.

15. As a result of the Firm's conflict search, except as noted below, to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, have any connection with the Debtor, its creditors or any other party in interest, their respective attorneys and accountants.

16. The Firm currently represents Sherman/Grayson Hospital LLC ("Sherman/Grayson") as local debtor's counsel in Case No. 23-10810 (JKS). The Debtor holds an 80% indirect ownership interest in Sherman/Grayson. I am informed that since 2014, the Debtor has loaned substantial funds to Sherman/Grayson that have not been, and except to a very limited degree are unable to be, paid back. Such loans were made to allow Sherman/Grayson to meet the healthcare needs of its community and attempt a financial recovery. The Firm is advised

that Sherman/Grayson made the following repayments to the Debtor: (1) $75,000 on June 1, 2023; and (2) $79,000 on June 14, 2023. The Firm is further advised that on October 14, 2022, Sherman/Grayson transferred $1,521,466.74 to the Debtor. Sherman/Grayson received the funds as part of a supplemental payment program and subsequently transferred the funds to the Debtor to be held in reserve. The Debtor transferred back the $1,521,466.74 (along with additional sums) to Sherman/Grayson across four different transactions between October 27, 2022 and December 21, 2022.

17. The Firm does not currently perceive that an actual conflict exists with respect to its representation of the Debtor and Sherman/Grayson. The Firm's investigation of potential conflicts is ongoing. In the event that a conflict arises, the Firm will: (1) advise the Office of the United States Trustee for the District of Delaware and the Subchapter V Trustee; and (2) assess whether hiring independent counsel to handle such conflict is necessary.

18. In addition to Sherman/Grayson, the Firm notes the following connections to the Potential Parties-in-Interest:

   a. Shulman Bastian Friedman & Bui LLP – the Firm has served and currently serves as co-counsel with Shulman Bastian Friedman & Bui LLP in other cases.

   b. American Express is a current vendor of the Firm.

19. Neither the Firm nor any of the attorneys comprising or employed by the Firm is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the United States Trustee assigned to this Case or any other employee of the Office of the United States Trustee.

20. To the best of the Firm's knowledge, the Firm is disinterested as that term is defined in Bankruptcy Code §101(14) in that the Firm, its partners, of counsel and associates: (a) are not creditors, equity security holders or insiders of the Debtor; (b) are not and were not within two (2) years before the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor; and (c) do not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors of equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as disclosed herein.

21. As of the Petition Date, the Firm was not a creditor of the Debtor's estate and was not owed any funds by the Debtor.

22. The Firm will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. Pursuant to Local Rule 2014-1, to the extent that the Firm learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), the Firm will file and serve a supplemental declaration with the Court setting forth the additional information.

23. The facts set forth in the Application and herein are true and correct to the best of my knowledge, information and belief.

Dated: July 12, 2023

                 */s/ Frederick B. Rosner*
                 Frederick B. Rosner

**Schedule 1 to the Declaration of Scott J. Leonardt**
**List of Parties in Interest or Potential Parties in Interest**

**Debtor:**
Alecto Healthcare Services LLC a Delaware limited liability company

**Creditors/Vendors:**
American Express
Anthem Blue Cross
AON Risk Consultants
AT&T
Bank Direct Capital Finance
Bcal 101 North Brand Property LLC
California Franchise Tax Board
Cardinal Health 110, LLC c/o Porter Wright Morris & Arthur LLC
Cardinal Health 200, LLC c/o Porter Wright Morris & Arthur LLC
City National Bank
Coalition Insurance Solutions
Employment Development Dept
Evangeline Douglas
First Insurance Funding
GRM Information Management Services of San Francisco LLC
Internal Revenue Service
Konica Minolta Premier Finance
Los Angeles County Treasurer and Tax Collector
Maureen Davidson-Welling //Stember Cohn & Davidson-Welling
Michael Sarrao
MPT of Fairmont-Alecto Hospital LLC c/o Medical Properties Trust, Inc.
MPT of Los Angeles LP; MPT of Olympia LLC  c/o Medical Properties Trust, Inc. MPT of Sherman-Alecto Hospital LLC c/o Medical Properties Trust, Inc.
MPT of Wheeling-Alecto Hospital LLC; MPT of Martins Ferry-Alecto Hospital LLC c/o Medical Properties Trust, Inc.
National Union Fire Insurance Co
New Horizon Communications
Olshan Frome Wolosky LLP
Pacific Global Investment Management Group
Plaintiffs in Reed v. Alecto [Keith Reed, Elizabeth Schenkel, Emily Wines, Mark Garan and August Ullum and Represented Class]
c/o Laura Davidson & Bren Pompomio
Mountain State Justice, Inc.
Principal Financial
Security & Exchange Commission
Sherman/Grayson Health System LLC
LHP Hospital Group, Inc.
Stetson Insurance Funding LLC
Symphony Risk Solutions LLC

United States of America
Vantapro Specialty Insurance Co

**Debtor's Equity Holders**
The Reddy Investment Trust
The Krissman Family Trust
The Sarrao Family Trust
The Jeyakumar Inter-Vivos Trust
The Hayes Irrevocable Trust
Comstock Investment Trust
Steven Kay
Matthew Williams
Aman Dhuper

**Debtor's Professionals:**
Shulman Bastian Friedman & Bui LLP

**Subchapter V Trustee:**
Jami Nimeroff, Esq.

**Delaware Bankruptcy Judges:**
Chief Judge Laurie Selber Silverstein
Judge John T. Dorsey
Judge Craig T. Goldblatt
Judge Thomas M. Horan
Judge Karen B. Owens
Judge Brendan L. Shannon
Judge J. Kate Stickles
Judge Mary F. Walrath
Judge Ashley M. Chan

**Office of the United States Trustee,
Region 3, Wilmington, DE Office, Key Personnel:**

| Name | Position |
| --- | --- |
| Andrew R. Vara | United States Trustee, Regions 3 and 9 |
| Joseph McMahon | Assistant U.S. Trustee |
| Lauren Attix | Paralegal Specialist |
| Linda Casey | Trial Attorney |
| Denis Cooke | Auditor (Bankruptcy) |
| Joseph Cudia | Trial Attorney |

| Name | Position |
|---|---|
| Holly Dice | Auditor (Bankruptcy) |
| Shakima L. Dortch | Paralegal Specialist |
| Timothy J. Fox, Jr. | Trial Attorney |
| Diane Giordano | Bankruptcy Analyst |
| Christine Green | Paralegal Specialist |
| Benjamin Hackman | Trial Attorney |
| Ramona Harris | Paralegal Specialist |
| Nyanquoi Jones | Auditor (Bankruptcy) |
| Jane Leamy | Trial Attorney |
| Hannah M. McCollum | Trial Attorney |
| James R. O'Malley | Auditor (Bankruptcy) |
| Michael Panacio | Auditor (Bankruptcy) |
| Linda Richenderfer | Trial Attorney |
| Juliet Sarkessian | Trial Attorney |
| Richard Schepacarter | Trial Attorney |
| Edith A. Serrano | Paralegal Specialist |
| Rosa Sierra-Fox | Trial Attorney |
| Dion Wynn | Paralegal Specialist |