**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ALECTO HEALTHCARE SERVICES LLC[1], | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787-JKS<br><br>Re:  7, 29, 76<br><br>Obj. Deadline: August 3, 2023 at 4:00 p.m. ET<br>Hearing Date: August 10, 2023 at 1:00 pm ET |

**SUBCHAPTER V TRUSTEE'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING THE DEBTOR'S REQUEST FOR A FINAL ORDER APPROVING THE DEBTOR'S MOTION FOR AN ORDER UNDER SECTIONS §§105(A), 363(B), 363(C), AND 503(B) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6003 AUTHORIZING DEBTOR TO (A) MAINTAIN EXISTING INSURANCE POLICIES; AND (B) PAY ALL OBLIGATIONS IN RESPECT THEREOF**

Jami. B. Nimeroff, Subchapter V Trustee in the above-captioned matter ("Subchapter V Trustee"), submits the following Limited Objection to and Reservation of Rights regarding the *Motion of the Debtor for an Order Under Section §§105(A), 363(B), 363(C), and 503(B) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6003 Authorizing Debtor to (a) Maintain Existing Insurance Policies; and (B) Pay All Obligations in Respect Thereof* [D.I. 7] (the "Insurance Motion") presently scheduled for a final hearing on August 10, 2023, and in support thereof states as follows:

1. On June 16, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and elected to proceed under Subchapter V pursuant to the Small Business Debtor Reorganization Act, as amended.

---

[1] The last four digits of the Debtor's tax identification number are 9723.  The Debtor's address is 101 N Brand Boulevard, Suite 1920 Glendale, CA 91203.

2.      On June 16, 2023, the Debtor filed the Insurance Motion, which requests authority for the Debtor to maintain its existing insurance policies and to make all payments that it is obliged to make thereunder, including certain amounts due that accrued pre-petition.

3.      The Subchapter V Trustee was appointed on June 20, 2023.

4.      According to the Insurance Motion, the Debtor's annual budget for insurance alone is $1,300,000, which is a significant portion of the Debtor's total annual revenue.  Within this annual budget the Debtor provides coverage for multiple non-debtor subsidiaries including, without limitation, the Debtor's indirect subsidiary Sherman/Grayson Hospital, LLC[2], which itself filed a Chapter 11 case approximately one (1) week after the Debtor's Petition Date.

5.      At the Debtor's first day hearing, the Court entered an Interim Order (the "First Interim Order") [DI 29] authorizing the Debtor to maintain its insurance policies and to pay up to $100,000 for sums that accrued pre-petition.  At the beginning of its case, the Debtor committed to review its insurance policies to determine whether it would be possible to reduce the large annual cost.

6.      After the Sherman/Grayson Debtor filed its Chapter 11 case, the Subchapter V Trustee and Debtor's counsel discussed whether amounts authorized by the Court to be paid for the Sherman/Grayson Debtor would be reimbursed to the Debtor.  As part of those discussions, Debtor's counsel conveyed its expectations that reimbursement would occur.

7.      When it came time for the second day hearing in this case, since all issues of reimbursement had not yet been resolved, the Debtor agreed to request only a second interim order approving the Insurance Motion.  In the proposed second interim order, the Debtor sought

---

[2]     Sherman/Grayson Hospital, LLC (the "Sherman/Grayson Debtor") filed its Chapter 11 case, pending before this Court at Case No. 23-10810, on June 23, 2023.  The Chapter 11 cases are not jointly administered.

authority to spend up to an additional $125,000 for insurance costs that would come due prior to the final hearing, which, at present, is scheduled for August 10, 2023.

8. While the Subchapter V Trustee consented to this further interim relief, the Subchapter V Trustee requested the opportunity to address the Court before entry of the proposed form of order.

9. At the hearing on July 13, 2023, the Subchapter V Trustee stated to the Court that she had no opposition to the entry of the further interim relief being sought because it was her understanding that all sums authorized by this Court and paid by the Debtor on behalf of the Sherman/Grayson Debtor would ultimately be reimbursed to the Debtor.[3] The Court entered the Second Interim Order on that day. [DI 76].

10. Since the entry of the Second Interim Order, the Subchapter V Trustee has had numerous discussions with the Debtor about this reimbursement. It also was discussed at the initial session of the §341(a) meeting of creditors.

11. According to the Debtor, the current manager of the Sherman/Grayson Debtor intends to reimburse the Debtor for the allocated portion of the insurance costs incurred by the Debtor for the Sherman/Grayson Debtor ***on and after June 23, 2023***. At present, there appears to be no intention for the Debtor to be reimbursed for any insurance payments incurred by this Debtor for the Sherman/Grayson Debtor prior to that date.

12. Since this is inconsistent with the Subchapter V Trustee's understanding as explained during colloquy with the Court on July 13, 2023, and until these issues can be fully

---

[3] In its Chapter 11 case, the Sherman/Grayson Debtor is seeking prompt approval of a private sale of substantially all of its assets under 11 U.S.C. §363 and has obtained some debtor-in-possession financing. In addition, the hospital operated by the Sherman/Grayson Debtor currently is being managed by the proposed purchaser under an interim management agreement.

addressed with the Court at the hearing on August 10, 2023, the Subchapter V Trustee objects to the entry of a final order granting the Insurance Motion.

13. Moreover, given the status of the Chapter 11 case of the Sherman/Grayson Debtor, there appears to be no reason why this Debtor should pay anything further for insurance for the Sherman/Grayson Debtor. Any final order approving the Insurance Motion should preclude such payments unless and until the Debtor demonstrates to this Court the need for such payments.[4]

14. Lastly, since a number of the Debtor's insurance policies cover multiple non-debtor subsidiaries, the Subchapter V Trustee respectfully requests that the Debtor provide the parties and the Court with a status update on the Debtor's efforts to reduce its annual insurance budget.

15. The Subchapter V Trustee reserves the right to present her position, after review and consideration of the evidentiary and other presentations of the Debtor, any objectors or other parties-in-interest with regard to the Insurance Motion, and any other matters that might arise at the hearing on August 10, 2023.

Respectfully submitted,

Date: August 3, 2023

/s/ Jami B. Nimeroff
Jami B. Nimeroff, Esquire (No. 4049)
Brown McGarry Nimeroff LLC
919 N. Market Street, Suite 420
Wilmington, Delaware 19801
(302) 428-8142
jnimeroff@bmnlawyers.com

*Subchapter V Trustee*

---

[4] It is unclear whether the Debtor intends to make further payments for insurance for the Sherman/Grayson Debtor.

**CERTIFICATE OF SERVICE**

    I, Jami B. Nimeroff, hereby certify that on this 3rd day of August, 2023, I caused a true and correct copy of the foregoing to be electronically filed using the Court's CM/ECF System which provides notice thereof to parties registered in the case. The document is available for viewing and downloading and was served via the method(s) indicated on the parties listed on the attached Service List.

                                                   */s/ Jami B. Nimeroff*
                                                   Jami B. Nimeroff

**SERVICE LIST**

Alecto Healthcare Services LLC
101 N Brand Blvd Suite 1920
Glendale, CA 91203
*Via First Class U.S. Mail*

The Rosner Law Group LLC
Attn: Scott J. Leonhardt
824 North Market Street, Suite 810
Wilmington, DE 19801
leonhardt@teamrosner.com
*Via Electronic Mail*

Shulman Bastian Friedman & Bui LLP
ATTN:  Leonard M. Shulman
Max Casal
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
lshulman@shulmanbastian.com
mcasal@shulmanbastian.com
*Via Electronic Mail*

Office of the United States Trustee for the
District of Delaware
Attn: Linda Casey
J. Caleb Boggs Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, Delaware 19801
Linda.Casey@usdoj.gov
*Via Electronic Mail*