**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Alecto Healthcare Services LLC, [1] | ) | Case No. 23-10787 (JKS) |
| | ) | |
| Debtors | ) | **Related Docket No. 7** |

**OBJECTION OF THE REED ACTION JUDGMENT CREDITORS TO MOTION
OF THE DEBTOR FOR AN ORDER UNDER SECTIONS §§105(a), 363(b), 363(c),
AND 503(b) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 6003 AUTHORIZING DEBTOR TO (A) MAINTAIN EXISTING
INSURANCE POLICIES; AND (B) PAY ALL OBLIGATIONS IN RESPECT THEREOF**

The Reed Action Judgment Creditors, by and through undersigned counsel, object to the

*Motion of the Debtor for an Order Under Sections 105(a), 363(c), and 503(b) of the Bankruptcy*

*Code and Federal Rule of Bankruptcy Procedure 6003 Authorizing Debtor to (a) Maintain*

*Existing Insurance Policies; and (b) Pay all Obligations in Respect Thereof* (the "Insurance

Motion") [Docket No. 7]. In support of their objection, the Reed Action Judgment Creditors

respectfully state as follows:

## Background

1.      The Reed Judgment Creditors obtained summary judgment against Alecto

Healthcare Services, LLC ("Alecto" or the 'Debtor") and its subsidiary, Alecto Healthcare Services

Wheeling, LLC, in September 2022.  A Judgment Order was entered on November 28, 2022,

awarding damages, including the attorneys fees and costs, in the amount of $3,169,745.72.  The

judgment was not appealed and is a final order.  Alecto's schedules (D.I. 48) list the Reed Action

Judgment Creditors with a claim in the undisputed amount of this judgment.

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101
N Brand Boulevard, Suite 1920, Glendale, CA 91203.

2.     Alecto Healthcare Services, LLC (the "Debtor") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 16, 2023, and filed the Insurance Motion on the same day. Pursuant to the Insurance Motion, the Debtor seeks authority to, among other things, continue to pay insurance premiums attributable to insurance coverage for affiliate Sherman/Garyson Hospital, LLC, ("Sherman/Grayson"), which filed its own voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court on June 23, 2023 (Case No. 23-10810-JKS).[2]

### Objection

3.     The Debtor's Schedules (D.I. 48) and Statement of Financial Affairs (D.I. 49), and the testimony of Debtor's representative Mr. Sarrao at the 341 meeting make clear that Alecto routinely provided large sums to its affiliates and subsidiaries, without an expectation of receiving repayment of these amounts. In just the 90 days before the bankruptcy filing, the Debtor provided $1.465 million to Sherman/Grayson, which does not include the payment of any insurance premiums for the benefit of Sherman/Grayson, and apparently has been routinely providing funds to its affiliates that operate hospitals for years.   This includes the payment of insurance premiums for all of its subsidiaries and affiliated entities.

4.     The Reed Action Judgment Creditors object to the Insurance Motion because the Debtor should not be permitted to continue paying the insurance premiums for other affiliates, and in particular for Sherman/Grayson, which has filed its own bankruptcy petition (and which according to its schedules is hopelessly insolvent).   The Insurance Motion lacks specificity

---

[2] The Insurance Motion does not indicate that the insurance premiums the Debtor is seeking permission to pay includes premiums for insurance for the Sherman Grayson Hospital, as well as other affiliates, but Mr. Sarrao testified at the 341 Meeting that the insurance policies identified in the Insurance Motion (and on Attachment 8 to Schedule A/B, regarding prepaid business insurance) applied to the Sherman Grayson Hospital and to other affiliated entities.

regarding the amount of the premium payments allocable to coverage for affiliates and subsidiaries. To the extent that it is impossible or impractical to divide the premium payment obligations among the individual entities, a mechanism for Sherman/Grayson (or any other affiliate) to reimburse the Debtor for any premiums attributable to affiliates must be included in any order permitting these payments.

5.     At a minimum, the Reed Action Judgment Creditors request that any order approving the Motion include the following language. "Alecto shall be granted an administrative expense claim in the Sherman/Grayson, LLC bankruptcy case (Case No. 23-10810-JKS) for the amount of any premium payments made for the benefit of Sherman Grayson Hospital for insurance coverage since Alecto's petition date, and Alecto shall seek recovery of such amounts from AHS Sherman, LLC ("AHS-Sherman") pursuant to the terms of the Management Services Agreement by and between Sherman/Grayson and AHS-Sherman."

## Conclusion

WHEREFORE, for the foregoing reasons, the Reed Action Judgment Creditors respectfully request that this Honorable Court deny the Insurance Motion unless any order approving it is modified consistent with this objection, and grant to the Reed Action Judgment Creditors such other and further relief as is just and proper.

Date:  August 3, 2023
       Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

/s/ William A. Hazeltine
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
       whazeltine@sha-llc.com

3

-and-

Colten L. Fleu, Esq.
Mountain State Justice, Inc.
1217 Quarrier St.
Charleston, WV 25301
Tel: (304) 326-0188
Email:  colten@msjlaw.org

-and-

John Stember, Esq.
Maureen Davidson-Welling, Esq.
Stember Cohn & Davidson-Welling, LLC
The Harley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219
Tel: 412-338-1445
Email: jstember@stembercohn.com
        mdavidsonwelling@stembercohn.com

*Attorneys for the Reed Action Judgment Creditors*