**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC, a Delaware limited liability company,[1] | Case No. 23-10787 (JKS) |
| Debtor. | **Hearing Date:  Shortened Notice Requested** **Objection Deadline:  Shortened Notice Requested** |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF STEVEN BALASIANO AS
INDEPENDENT DIRECTOR/MANAGER *NUNC PRO TUNC***

Alecto Healthcare Services LLC, a Delaware limited liability company, the debtor and debtor in possession ("Debtor"), files this application ("Application"), seeking entry of an order, substantially in the form attached here as **Exhibit A** ("Proposed Order"), authorizing the employment and retention of Steven Balasiano of MHR Adivosry Group ("Balasiano"), *nunc pro tunc* to August 4, 2023, as an independent director/manager (upon the terms and conditions as set forth hereafter).  In support of this Application, the Debtor submits the Declaration of Steven Balasiano ("Balasiano Declaration"), a copy of which is attached here as **Exhibit B** and incorporated herein, and the Declaration of Michael Sarrao  ("Sarrao Declaration"), a copy of which is attached here as **Exhibit C** and incorporated herein.  Additionally, in support of this Application, the Debtor relies on the *Declaration of Michael Sarrao, Executive Vice President, General Counsel and Secretary of Alecto Healthcare Services LLC, in Support of First Day Motions* [D.I. 3].  In further support of this Application, the Debtor submits as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N. Brand Boulevard, Suite 1920, Glendale, CA 91203.

{00036330. }

1

**<u>Jurisdiction, Venue, and Predicates for Relief</u>**

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware on February 29, 2012. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested in this Application are §§ 105(a) and 363(b) of title 11 of the United States Code ("<u>Bankruptcy Code</u>"),

**<u>Background</u>**

3.      On June 16, 2023 ("<u>Petition Date</u>"), the Debtor filed with the Court a voluntary petition for relief under chapter 11, Subchapter V of the Bankruptcy Code, commencing the above-captioned chapter 11 case ("<u>Case</u>").  The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to §§ 1107(a), 1108 and 1184 of the Bankruptcy Code.

4.      No creditors' committee has been appointed in this case.  Other than the appointed Subchapter V Trustee, no trustee or examiner has been appointed in this Case.

5.      The Debtor has an indirect ownership interest in Sherman/Grayson Hospital, LLC, a Delaware limited liability company ("<u>Sherman/Grayson</u>").  Sherman/Grayson filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court on June 23, 2023 in United States Bankruptcy Court for the District of Delaware commencing Case No. 23-10810 (JKS) (the "<u>Sherman Bankruptcy</u>").

6.      The Debtor is an unsecured creditor in the Sherman Bankruptcy in the amount of $60,186,975.93 related to certain intercompany advances made by the Debtor to Sherman/Grayson

and certain expenses paid by the Debtor on behalf of Sherman/Grayson (the "<u>Alecto Claim</u>").

7.      Certain disputes have arisen between the Debtor and the Official Committee of Unsecured Creditors appointed in the Sherman Bankruptcy (the "<u>Committee</u>") regarding the proper treatment of the Alecto Claim in the Sherman Bankruptcy and a potential settlement with the Committee with respect to the Alecto Claim.

8.      On August 7, 2023, the Office of the United States Trustee filed objections to the employment applications of the undersigned counsel in both the Case and the Sherman Bankruptcy based on concerns regarding alleged potential and/or actual  conflicts arising between the Debtor and Sherman/Grayson.

<strong><u>Relief Requested</u></strong>

9.      The Debtor seeks to employ and retain Balasiano, *nunc pro tunc*, as of August 4, 2023, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, as its independent director/manager to make decisions on behalf of the Debtor related to: (1) the Alecto Claim; (2) any settlement of the Alecto Claim; and (3) any other conflict that may arise as and between the Debtor and Sherman/Grayson (collectively, the "<u>Issues</u>") so as to avoid any conflict of interest that the Debtor's officers and bankruptcy counsel may have with respect to such matters given their roles at both the Debtor and Sherman/Grayson.  Accordingly, the Debtor respectfully requests that the Court enter the Proposed Order attached here as **<u>Exhibit A</u>**.

**A.      Services to be Provided.**

10.      Subject to Court approval, the professional services that Balasiano will render to the Debtor include the following:

        (a)      the authority in his sole and absolute discretion to evaluate the Alecto Claim including the proper treatment of the Alecto Claim;

(b) make decisions regarding the Alecto Claim including, without limitation, whether the Alecto Claim should be subordinated or waived;

(c) enter into a settlement agreement with the Committee which provides for an agreed upon treatment of the Alecto Claim; and

(d) resolve any other Issues that may arise during the course of this Case.

## A. Balasiano's Qualifications.

11. The Debtor believes that Balasiano is well qualified to provide the services set forth herein.

12. The Debtor seeks to retain Balasiano as its independent director/manager because of his experience and knowledge.  Balasiano is an experienced attorney and advisor with sufficient education, training, and experience to make independent decisions on behalf of the Debtor related to Sherman/Grayson.

## B. Compensation

13.  Balasiano has received no retainer for the services to be performed herein. Balasiano has agreed to perform the services required herein for a flat fee of $25,000 per month, with such amount to be paid by the Debtor.

14. Because the Debtor is seeking that Balasiano be retained pursuant to section 363(b) of the Bankruptcy Code, and Balasiano will not be employed as a professional under section 327 of the Bankruptcy Code, Balasiano will not submit fee applications pursuant to Bankruptcy Code sections 330 and 331.

15.     Other than as set forth in the Balasiano Declaration, no arrangement is proposed between the Debtor and Balasiano for compensation to be paid in this Case. In light of the above, the Debtor submits that such proposed compensation is fair and reasonable and should be approved pursuant to the Bankruptcy Code.

16.     In his role as independent director, Balasiano is entitled to retain counsel on an hourly fee arrangement. The fees of such counsel shall be reimbursed by the Debtor. Any counsel retained by Balasiano shall submit invoices, redacted as appropriate to protect the attorney client privilege, to the Debtor and serve a copy on the Office of the United States Trustee and the Subchapter V Trustee, all of who will have ten (10) days within in which to object to reimbursement of the fees.  Absent any objection, the Debtor shall be authorized to reimburse Balasiano for said fees.  In the event of an objection, the parties shall meet and confer in an attempt to resolve any issues, and failing a resolution, shall set the matter for a hearing.

### C.     Disinterestedness.

17.     Although the Debtor submits that the retention of Balasiano as set forth herein is not governed by section 327 of the Bankruptcy Code, the Debtor submits that to the best of the Debtor's knowledge and except as disclosed herein and in the Balasiano Declaration: (a) Balasiano is a "disinterested person" under Bankruptcy Code § 101(14); (b) Balasiano  does not hold or represent an interest adverse to the Debtor's estate; and (c) no  partners,  counsel, and associates of MHR Advisory Group have any known connection to the Debtor, its creditors, or their related parties except as may be disclosed in the Balasiano Declaration.

18.     As set forth in the Balasiano Declaration, neither Balasiano  nor any of the attorneys comprising or employed by MHR Advisory Group is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges

for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the United States Trustee assigned to these chapter 11 cases or any other employee of the Office of the United States Trustee.

**D.    Legal Basis for Relief Required**

   (i)    Retention and Employment of Balasiano is Appropriate Pursuant to Section 363(b) of the Bankruptcy Code.

19.    Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Approval of a debtor's actions under section 363(b)(1) of the Bankruptcy Code requires the debtor to show that its decision was based on its business judgment. *See, Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring "some articulated business justification" to approve the use, sale or lease of property outside the ordinary course of business); *In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989) (noting that the standard for determining a section 363(b) motion is "good business reason"). To determine whether the business judgment test is met, "the court 'is required to examine whether a reasonable business person would make a similar decision under similar circumstances.'" *In re Dura Auto. Sys. Inc.,* No. 06-11202, 2007 Bankr. LEXIS 2764, at *272 (Bankr. D. Del. Aug. 15, 2007) (*quoting In re Exide Techs., Inc.,* 340 B.R. 222, 239 (Bankr. D. Del. 2006)).

20.    Once the debtor articulates a valid business justification, the business judgment rule creates "a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." *In re Integrated Res., Inc.,* 147 B.R. 650, 656 (S.D.N.Y. 1992) (citation omitted).

The debtor's business judgment "should be approved by the court unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, or whim or caprice.'" *In re Aerovox, Inc.,* 269 B.R. 74, 81 (Bankr. D. Del. 2001) (quoting In re Interco, Inc., 128 B.R. 229, 234) (Bankr. E.D. Mo. 1991). "Courts are loathe to interfere with corporate decisions absent a showing of bad faith, self interest or gross negligence." *Integrated Res.,* 147 B.R. at 656.

21.     The Debtor's proposed retention and employment Balasiano satisfies the applicable authority and is a sound exercise of the Debtor's business judgment.  In this case, potential conflicts have been raised by the United States Trustee and the Committee.  Accordingly, the Debtor is seeking to employ Balasiano, a third party independent representative, to make decisions on behalf of the Debtor related to the Issues.

22.     The Debtor is not seeking to retain Balasiano under section 327 of the Bankruptcy Code. Accordingly, the Debtor submits there is no requirement that he be disinterested. However, to the best of the Debtor's knowledge, information, and belief, Balasiano  does not have any interest materially adverse to the Debtor's estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

23.     Accordingly, the Debtor submits that the relief sought herein is in the best interest of the Debtor, its creditors, and other parties in interest, and, as such, is well within the Debtor's reasonable business judgment and should be approved by this Court.

## Notice

24.     The Debtor has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Subchapter V Trustee, and (c) any party that

has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, considering the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

25.    The Debtor has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form attached here as **Exhibit A**, authorizing the Debtor to employ and retain Balasiano as an independent director/manager on the terms and conditions set forth herein, and granting such other and further relief as is just and proper.

Dated:   August 9, 2023             **ALECTO HEALTHCARE SERVICES LLC**
                                                       **a Delaware limited liability company**


                                             By:   */s/ Michael Sarrao*
                                                        Michael Sarrao,
                                                        Executive Vice President, General Counsel
                                                        and  Secretary