# **Exhibit C**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ALECTO HEALTHCARE SERVICES LLC,<br>a Delaware limited liability company,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS) |

**DECLARATION OF MICHAEL SARRAO IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF STEVEN BALASIANO AS <u>INDEPENDENT DIRECTOR/MANAGER</u>**

I, Michael Sarrao, declare and state as follows:

1.  I am the Executive Vice President, General Counsel, and Secretary for Alecto Healthcare Services LLC, a Delaware limited liability company (the "<u>Debtor</u>") that has filed a voluntary petition under Chapter 11, Subchapter V of title 11 of the United States Code, commencing this Chapter 11 case.

2.  The facts set forth in this Declaration are based upon my personal knowledge, my review of the relevant documents, information provided to me or verified by the Debtor's counsel, and my personal opinion based upon my experience, knowledge, and information provided to me. I am authorized to submit this Declaration on behalf of the Debtor, and if called upon to testify, I would testify competently to the facts set forth in this Declaration.

3.  I submit this Declaration in support of the *Application for Entry of an Order Authorizing the Retention and Employment of Steven Balasiano as Independent Director/Manager* (the "<u>Application</u>") filed contemporaneously herewith.  All capitalized terms not otherwise defined

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N. Brand Boulevard, Suite 1920, Glendale, CA 91203.

{00036339. }

herein shall have the meaning set forth in the Application.

4. On June 16, 2023 ("Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11, Subchapter V of the Bankruptcy Code, commencing the above-captioned chapter 11 case ("Case"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to §§ 1107(a), 1108 and 1184 of the Bankruptcy Code.

5. No creditors' committee has been appointed in this case. Other than the appointed Subchapter V Trustee, no trustee or examiner has been appointed in this Case.

6. The Debtor has an indirect ownership interest in Sherman/Grayson Hospital, LLC, a Delaware limited liability company ("Sherman/Grayson"). Sherman/Grayson filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court on June 23, 2023 in United States Bankruptcy Court for the District of Delaware commencing Case No. 23-10810 (JKS) (the "Sherman Bankruptcy").

7. The Debtor is an unsecured creditor in the Sherman Bankruptcy in the amount of $60,186,975.93 related to certain intercompany advances made by the Debtor to Sherman/Grayson and certain expenses paid by the Debtor on behalf of Sherman/Grayson (the "Alecto Claim").

8. Certain disputes have arisen between the Debtor and the Official Committee of Unsecured Creditors appointed in the Sherman Bankruptcy (the "Committee") regarding the proper treatment of the Alecto Claim in the Sherman Bankruptcy and a potential settlement with the Committee with respect to the Alecto Claim.

9. On August 7, 2023, the Office of the United States Trustee filed objections to the employment applications of both Shulman Bastian Friedman & Bui LLP and the Rosner Law Group LLC in both the Case and the Sherman Bankruptcy based on concerns regarding potential

conflicts arising between the Debtor and Sherman/Grayson.

10. The Debtor seeks to employ Steven Balasiano ("Balasiano") as Independent Director/Manager as of August 4, 2023, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, as its independent director/manager to make decisions on behalf of the Debtor related to: (1) the Alecto Claim; (2) any settlement of the Alecto Claim; and (3) any other conflict that may arise as and between the Debtor and Sherman/Grayson (collectively, the "Issues") so as to avoid any conflict of interest that the Debtor's officers and bankruptcy counsel may have with respect to such matters given their roles at both the Debtor and Sherman/Grayson.

11. Subject to Court approval, the services that Balasiano will render to the Debtor include the following:

(a) the authority in his sole and absolute discretion to evaluate the Alecto Claim including the proper treatment of the Alecto Claim,

(b) make decisions regarding the Alecto Claim including, without limitation, whether the Alecto Claim should be subordinated or waived; and

(c) enter into a settlement agreement with the Committee which provides for an agreed upon treatment of the Alecto Claim.

(d) resolve any other Issues that may arise during the course of this Case.

12. I believe that Balasiano is well qualified to provide the services set forth in the Application. The Debtor seeks to retain Balasiano as its independent director/manager because of his experience and knowledge. Balasiano is an experienced attorney and advisor with sufficient education, training, and experience to make independent decisions on behalf of the

Debtor related to Sherman/Grayson.

13. Balasiano has received no retainer for the services to be performed herein. Balasiano has agreed to perform the services required herein for a flat fee of $25,000 per month, with such amount to be paid by the Debtor.

14. In his role as independent director, Balasiano is entitled to retain counsel on an hourly fee arrangement. The fees of such counsel shall be reimbursed by the Debtor. Any counsel retained by Balasiano shall submit invoices, redacted as appropriate to protect the attorney client privilege, to the Debtor and serve a copy on the Office of the United States Trustee and the Subchapter V Trustee, all of who will have ten (10) days within in which to object to reimbursement of the fees. Absent any objection, the Debtor shall be authorized to reimburse Balasiano for said fees. In the event of an objection, the parties shall meet and confer in an attempt to resolve any issues, and failing a resolution, shall set the matter for a hearing.

15. I believe that it is in the best interest of the Debtor to employ and retain Balasiano, a third party independent representative, to make decisions on behalf of the Debtor related to the Issues.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Dated: August 9, 2023                    /s/ *Michael Sarrao*
                                         Michael Sarrao