# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ALECTO HEALTHCARE SERVICES LLC,<br>a Delaware limited liability company,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS)<br><br>Re: D.I. 93 |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE PERIOD WITH RESPECT TO THE APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF STEVEN BALASIANO AS INDEPENDENT DIRECTOR/MANAGER

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, hereby move (the "Motion to Shorten"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-1(c) of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "Local Rules") and 11 U.S.C. § 105(a), for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period with respect to the *Application for Entry of an Order Authorizing the Retention and Employment of Steven Balasiano* ("Balasiano") *as Independent Director/Manger* (the "Application"),[2] which is being filed contemporaneously herewith.

More specifically, the Debtor requests that the Court schedule the Application to be heard at the hearing on August 10, 2023 at 11:00 a.m. (ET) or as soon thereafter as the Court's calendar permits, and further requests that the Court set the deadline for the filing of objections to the Application, if any, at the hearing, and in further support of the Application, the Debtor states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N. Brand Boulevard, Suite 1920, Glendale, CA 91203.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Application.

{00036332. }

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c) and Local Rules 9006-1(c).

**BACKGROUND**

2. On June 16, 2023 ("Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11, Subchapter V of the Bankruptcy Code, commencing the above-captioned chapter 11 case ("Case"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to §§ 1107(a), 1108 and 1184 of the Bankruptcy Code.

3. No creditors' committee has been appointed in this case. Other than the appointed Subchapter V Trustee, no trustee or examiner has been appointed in this Case.

4. The Debtor has an indirect ownership interest in Sherman/Grayson Hospital, LLC, a Delaware limited liability company ("Sherman/Grayson"). Sherman/Grayson filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court on June 23, 2023 in

United States Bankruptcy Court for the District of Delaware commencing Case No. 23-10810 (JKS) (the "Sherman Bankruptcy").

5. The Debtor is an unsecured creditor in the Sherman Bankruptcy in the amount of $60,186,975.93 related to certain intercompany advances made by the Debtor to Sherman/Grayson and certain expenses paid by the Debtor on behalf of Sherman/Grayson (the "Alecto Claim").

6. Certain disputes have arisen between the Debtor and the Official Committee of Unsecured Creditors appointed in the Sherman Bankruptcy (the "Committee") regarding the proper treatment of the Alecto Claim in the Sherman Bankruptcy and a potential settlement with the Committee with respect to the Alecto Claim.

7. On August 7, 2023, the Office of the United States Trustee filed objections to the employment applications of the undersigned counsel in both the Case and the Sherman Bankruptcy based on concerns regarding potential conflicts arising between the Debtor and Sherman/Grayson (individually, an "Objection" and individually, the "Objections").

8. The relief requested in the Application must be granted promptly to ensure that Balasiano can represent the Debtor's interests in the above potential conflicts.

## RELIEF REQUESTED

9. By this Motion to Shorten, the Debtor seeks entry of an order, substantially in the form annexed hereto as **Exhibit A**, shortening and limiting notice and objection periods with respect to the Application. More specifically, the Debtor requests that the Court schedule the Application to be heard at the hearing on August 10, 2023 at 11:00 a.m. (ET) or as soon thereafter as the Court's calendar permits and further requests that the Court set the deadline for the filing of objections to the Application, if any, at the hearing.

**BASIS FOR THE RELIEF REQUESTED**

10. Pursuant to Fed. R. Bankr. P. 2002(a)(2), a motion seeking relief with regard to proposed use, sale or lease of property of the estate other than in the ordinary course of business must be heard on at least twenty-one (21) days' notice. However, a court may shorten notice on such a motion for cause.

11. The Debtor, through the filing of this Motion to Shorten and the contemporaneous filing and service of the Application, is seeking to have the Application be heard at the hearing on August 10, 2023 at 11:00 a.m. (ET).

12. Local Rule 9006-1(e) provides that the Court, for cause shown, may in its discretion reduce the notice period normally required. The Debtor submits that such cause is shown here.

13. It is critical that the Application be heard on shortened notice. The appointment of Balasiano is critical to ensure that the Debtor's interests can be adequately represented in the Issues and in any potential inter-debtor conflict between the Debtor and Sherman/Grayson so as to avoid any conflict of interest that the Debtor's officers and counsel may have with respect to such matters given their roles at both the Debtor and Sherman/Grayson.

14. A hearing on the sale of substantially all of Sherman/Grayson's assets is scheduled for August 11, 2023 at 11:00 a.m. (ET). While the Debtor understands that Balasiano might not be able to make any decisions on the Debtor's behalf by then, it is critical that Balasiano be appointed promptly to ensure that Balasiano can begin his analysis of the Issues.

15. Further, the hearing on counsels' employment application in the Sherman Bankruptcy is scheduled for August 16, 2023 at 11:00 a.m.[3] The Debtor believes that the

---

[3] The Debtor understands that the United States Trustee would like to have the Debtor's counsel's employment application in the Case be heard concurrently with Sherman/Grayson.

Application adequately resolves the concerns alleged in the Objections. Consequently, the Debtor requests that the Application be heard before the Objection to ensure that the Debtor does not spend unnecessary time and resources opposing the Objection in this Case.

16. For the foregoing reasons, the Debtor submits that cause exists to shorten the notice for a hearing on the Motion to Assume.

17. The undersigned counsel certifies pursuant to Local Rule 9006-1 that a reasonable effort has been made to notify counsel to the United States Trustee and the Subchapter V Trustee of this Motion to Shorten to determine whether there would be an objection to the relief contained in this Motion to Shorten. The Subchapter V Trustee has not had the opportunity to formulate a response. The United States Trustee has no objection to putting the Motion on the agenda for the August 10th hearing, but reserves the right to suggest to the Court that it should be continued to the August 16th hearing in the Sherman Bankruptcy. The United States Trustee objects substantively to the Application and asserts that it does not resolve the Objection.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto as **Exhibit A** granting the relief requested herein, and grant to the Debtor such other and further relief as the Court may deem proper.

Dated: August 9, 2023
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**
*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE Bar No. 4885)
824 North Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
Email: leonhardt@teamrosner.com

-and-

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
Leonard M. Shulman (admitted *pro hac vice*)
Alan J. Friedman (admitted *pro hac vice*)

Max Casal (admitted *pro hac vice*)
100 Spectrum Center Drive, Suite 600
Irvine, CA 92618
Telephone: (949) 340-3400
Facsimile:  (949) 340-3000
Email: lshulman@shulmanbastian.com
Email:afriedman@shulmanbastian.com
Email: mcasal@shulmanbastian.com

*Proposed Counsel for the Debtor*

{00036332. }