**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC,[1] | Case No. 23-10787 (JKS) |
| Debtor. | **Re: Docket Nos. 100, 101** |

**DEBTOR'S OBJECTION TO THE MOTION TO SHORTEN NOTICE WITH RESPECT TO THE MOTION OF THE REED ACTION JUDGMENT CREDITORS FOR ENTRY OF AN ORDER APPOINTING AN OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 1102(a)(3)**

Alecto Healthcare Services LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby objects to the Motion to Shorten Notice [Docket No. 101] ("Motion to Shorten") of the Reed Action Judgment Creditors (collectively, the "Movant") for Entry of an Order Appointing an Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. § 1102(a)(3) [Docket No. 100] ("Motion for Appointment"), and in support of this Objection, the Debtor respectfully states as follows:

**OBJECTION**

1. On Friday, August 11, 2023, the Movants filed the Motion for Appointment, and substantially contemporaneous therewith, the Movants filed the Motion to Shorten, by and through which it seeks to have the Court consider, at a hearing set for August 16, 2023, setting a schedule with the respect to the underlying Motion for Appointment. The Motion to Shorten should be denied.

2. Putting aside the significant change in circumstances that render the relief in the Motion for Appointment moot, the Movant has not demonstrated sufficient "cause," as required

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

2

by Bankruptcy Rule 9006(c)(1) and Del. Bank. L.R. 9006-1(e), to justify a shortened notice and objection period in connection with the relief sought in the Motion to Shorten.

3.  First, on August 9, 2023, the Debtor filed an application to retain Steven Balasiano ("Mr. Balasiano") as an independent director and manager of the Debtor [Docket No. 93]. A hearing to consider the application to retain Mr. Balasiano is scheduled for August 16, 2023. Second, substantially contemporaneously with the filing of the Motion for Appointment and the Motion to Shorten, the Debtor retained the undersigned counsel.[2] The appointment of a new independent fiduciary and new counsel will address all of the Movant's allegations regarding conflict issues.

4.  Accordingly, the most immediate responsibility of Mr. Balasiano and counsel are to understand the facts and circumstances of the bankruptcy case, including the sale of an affiliate's assets presently pending before the Court. The request to shorten time by the Movant is an unnecessary distraction from more urgent matters affecting the rights and distributions to be received by the Debtor's creditors, including the sale motion and the filing of a plan. Much further down the list of priorities facing the estate, the Debtor will need consider whether to oppose the Motion for Appointment.[3]

5.  As a general matter, the relief sought by the Motion ordinarily requires fourteen (14) days' notice. In contrast to the harm to be suffered by the Debtor, its estate and its creditors by distracting the Debtor from the more immediate and substantively important issues, the Movant

---

[2] The undersigned counsel intends to file a retention application as soon as reasonably practicable.

[3] The Debtor is still considering whether to object to the relief. Reflexively, the relief sought by the Motion for Appointment appears to provide very little benefit to creditors, particularly as the Debtor's bankruptcy case is subject to the oversight of the United States Trustee and the subchapter v trustee. Again, however, the Debtor is still considering whether to object to the Motion for Appointment.

16259239/2

has not established any legal or factual basis to support having the Court consider the Motion for Appointment on an expedited basis, particularly as the issues raised have now been addressed.

6. Moreover, any exigencies alleged by the Movant are a direct and proximate result of the Movant's own inaction. The bankruptcy case was filed on June 16, 2023, the Movant entered its appearance on July 19, 2023, and the initial meeting of the creditors was conducted on July 25, 2023. Rather than seek the requested relief seasonably, the Movant chose to wait more than two weeks after the meeting of creditors to file the Motion for Appointment and the Motion to Shorten, only then to unjustifiably request that the Debtor to respond to the Motion for Appointment without being afforded the ordinarily time permitted under the Local Rules and the Federal Rules of Bankruptcy Procedure. The Movant should not be rewarded for its dilatory conduct by this Court granting the Motion to Shorten.

7. Based upon the foregoing, the Motion to Shorten should be denied.

**WHEREFORE**, the Debtor respectfully requests this Court (i) deny the Motion to Shorten; (ii) schedule the Motion for Appointment to be considered pursuant to the standard notice requirements, with a hearing no sooner than fourteen days' notice following the Movant's noticing of the Motion; and (iii) grant such other and further relief as may be just and proper.

Dated: August 14, 2023
Wilmington, Delaware

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morris.james.com
E-mail: bkeilson@morrisjames.com

*Proposed counsel to the Debtor and Debtor-in- Possession*