**EXHIBIT C**

Keilson Declaration

16264149/1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC,[1] | Case No. 23-10787 (JKS) |
| Debtor. | |

**DECLARATION OF BRYA M. KEILSON IN SUPPORT OF DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING
THE EMPLOYMENT OF MORRIS JAMES LLP AS COUNSEL TO THE
DEBTOR *NUNC PRO TUNC* TO AUGUST 11, 2023**

I, Brya M. Keilson, being duly sworn, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury that deposes and says:

1.      I am a partner with the law firm of Morris James LLP ("Morris James" or the "Firm")[2] with offices located at 500 Delaware Avenue, Suite 1500, Wilmington, Delaware 19801 and am duly admitted to practice law in the States of Delaware, Pennsylvania and New Jersey, the United States District Court for the District of Delaware, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, and the United States Court of Appeals for the Third Circuit.

2.      I submit this Declaration pursuant to Rule 2014 of the Federal Rules of Civil Procedure in support of the *Application for Entry of an Order Authorizing the Retention and Employment of Morris James LLP as Counsel to The Debtor* Nunc Pro Tunc *to August 11, 2023* (the "Application").  The information set forth herein regarding connections to parties-in-interest and fees and expenses is based primarily upon books and records of the Firm and information provided by other attorneys and personnel at Morris James.  Except as otherwise indicated

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

herein, I have personal knowledge of the matters set forth herein, which is true and correct, and if called as a witness, would testify competently thereto.

3.      In preparing this declaration, I and other attorneys within the Firm followed Morris James' conflict procedures, which are intended to adhere to the requirements of the Bankruptcy Code and Bankruptcy Rules for retention of professionals and the Rules of Professional Conduct governing members of the bar for the State of Delaware.  I have received a list of significant interested parties in this case and submitted the names of these parties through the Firm's conflicts resolution system.

4.      In connection with preparing this Declaration, Morris James submitted the names of parties-in-interest in the Chapter 11 Cases (the "Parties-in-Interest") for review in the computerized conflict database system maintained by Morris James.  The list of the Parties-in-Interest was obtained from the above-captioned Debtor.   Morris James maintains and systematically updates its conflict check system in the regular course of business of the Firm, and it is the regular practice of the Firm to make and maintain these records.  The conflict check system maintained by Morris James is designed to include every matter on which the Firm is now or has been engaged, the entity for which the Firm is now or has been engaged, and in each instance, the identity of related parties and adverse parties and the attorney in the Firm that is knowledgeable about the matter.  It is the policy of Morris James that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, as well as related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Morris James.

2

16264149/1

5.      The Parties-in-Interest which Morris James submitted to its conflict database include, but are not limited to, the following categories derived from various pleadings and docket entries as set forth on **Exhibit 1**, and as provided by the Debtor, affiliates & subsidiaries, officers and directors, professionals, shareholders, banks, secured claim holders, insurers, landlords, lenders, contract parties, significant customers and vendors, governmental and taxing authorities, utility providers, other interested parties, bankruptcy court judges and staff, Office of the U.S. Trustee, Region 3, parties entering a notice of appearance, as set forth therein.

6.      Upon a review of the report generated by our conflicts search, I do not represent and, to the best of my knowledge, none of the other attorneys of Morris James currently represent any of the searched entities except as set forth on the schedule annexed hereto as **Exhibit 2**.  The various matters set forth on **Exhibit 2** are unrelated to the Debtor or the Chapter 11 Case.

7.      I do not have and, to the best of my knowledge, none of the other attorneys of Morris James have, any connection with the Debtor, their major creditors, or any other significant Party-in-Interest which would disqualify Morris James from this representation.

8.      Based on the conflicts and connection search conducted and described herein, to the best of my knowledge, neither I, or Morris James, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtor or any other Parties-in-Interest herein, except as stated below and as set forth on **Exhibit 2**.

9.      I was a trial attorney at the Office of the United States Trustee for Region 3 until March 13, 2019.  During my tenure at the United States Trustee's Office, I did not work on this matter. In accordance with Bankruptcy Rule 2014, Morris James does not have any other connection with the Office of the United States Trustee for the District of Delaware, or any

3

16264149/1

persons employed by the United States Trustee, except as set forth on **Exhibit 2**.

10.    Jeffrey R. Waxman previously served as a law clerk for the Honorable Mary F. Walrath, United States Bankruptcy Judge.  Former Morris James partner Brett D. Fallon is married to the Honorable Sherry Fallon, United States Magistrate Judge.  The Honorable Kent A. Jordan of the Third Circuit Court of Appeals was formerly associated with Morris James as an attorney in private practice.  The Honorable Thomas M. Horan was formerly associated with Morris James as an attorney in private practice.  In accordance with Bankruptcy Rule 2014, Morris James does not have any other connection with the Bankruptcy Court Judges and Staff (including visiting Judges), District Judges (including visiting Judges), District Magistrate Judges (including visiting Judges), except as set forth on **Exhibit 2**.

11.    From time to time, Morris James may represent, or may have represented one or more of the Debtor's creditors or other parties in matters unrelated either to the Debtor's Chapter 11 Cases or to those entities' transactions or dealings with the Debtor.  The Firm, however, is not representing any of those entities in the Chapter 11 Cases in any claims that they may have collectively or individually against the Debtor.

12.    Neither I, Morris James, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, or any other Parties-in-Interest herein, or their respective attorneys and accountants, except as stated herein.

13.    Morris James is a "disinterested person" as that term is defined in section 101(14) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), as modified by section 1103(b) of the Bankruptcy Code, in that the Firm, its partners, counsel, and associates:

4

16264149/1

a.       are not creditors, equity security holders or insiders of the Debtor;

b.       are not and were not within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor; and

c.       do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as disclosed herein.

14.      As of the date hereof, the Firm has conducted a review of potential conflicts as to the entities identified at **Exhibit 1** hereto.  Morris James has followed its standard conflict procedures with respect to potential conflicts, and Morris James is aware of its continuing obligation to review and supplement its conflict review pursuant Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1.  Morris James and certain of its partners, counsel and associates may have in the past represented, and may currently represent and likely in the future will represent interested parties in connection with matters unrelated to the Chapter 11 Case.  A list of potential conflicts, including parties in which Morris James has any connection to, including those it represented and currently represents in unrelated matters is attached hereto as **Exhibit 2**.

15.      Morris James will not represent any of the entities identified on **Exhibit 1** in their individual capacities in the Chapter 11 Case.  As appropriate, other counsel will serve as Debtor's counsel for such matters, or the Debtor will seek approval of retention of additional conflicts counsel.

16.      The Firm intends to apply for compensation for professional services rendered in connection with the Chapter 11 Case subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.  Although Morris James may utilize

16264149/1

the services of additional attorneys, the principal attorneys and paralegals likely to represent the Debtor in this case are as follows:

| Individual | Position | Hourly Rate |
|---|---|---|
| Jeffrey R. Waxman | Partner | $850.00 |
| Brya M. Keilson | Partner | $750.00 |
| Christopher M. Donnelly | Law Clerk | $375.00 |
| Stephanie Lisko | Paralegal | $350.00 |
| Douglas Depta | Paralegal | $350.00 |

Other attorneys and paralegals may from time to time assist the Debtor in connection with the matters herein described and are subject to periodic adjustment to reflect economic or other conditions.

17.     The hourly rates set forth above are the Firm's standard hourly rates for work of this nature and are subject to modification annually effective as of January 1st.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.   The expenses charged include, among other things, telephone and telecopy toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs.  Any such expenses will be recorded in accordance with Morris James' customary practices and will be incurred at the same rate as customarily charged in similar engagements or as otherwise limited by the local rules of the Court.

6

16264149/1

18. Subject to Court approval, the professional services that Morris James will render to the Debtor include, but shall not be limited to, the following:

a. provide legal advice and assistance to the Debtor in its consultations with the Debtor relative to the Debtor's administration of its reorganization;

b. review and analyze all applications, motions, orders, statements of operations and schedules filed with the Court, and, after consultation with the Debtor, or advisors, take appropriate action;

c. prepare necessary applications, motions, complaints, answers, orders, reports and other legal papers on behalf of the Debtor;

d. represent the Debtor at hearings held before the Court and communicate with the Debtor, or advisors, regarding the issues raised, as well as the decisions of the Court; and

e. perform all other legal services for the Debtor which may be reasonably required in this proceeding.

19. In addition to the services listed above, Morris James, in accordance with Delaware counsel's obligations, will prepare and review all pleadings, motions, responses, objections, and other documents prepared on behalf of the Debtor. Morris James will assure that any pleadings comply with the Local Rules. Morris James will advise the Debtor on matters of Delaware practice and procedure and Delaware law. Morris James has substantial experience in Delaware courts and dealing with issues in the Court. A Morris James attorney will also personally attend all proceedings before the Court. Morris James will also, upon identification of such matters, handle any matters where lead counsel has determined that it has a conflict to ensure compliance with the United States Trustee Guidelines.

20. To the extent that Morris James is assigned by the Debtor, to perform new matters as requested by the Debtor that may be necessary and proper in these proceedings and that are materially different from the above described services and the services described in the

7

16264149/1

Application or this Declaration, Morris James will file a supplemental declaration in accordance with Bankruptcy Rule 2014, as required by Part F.1.c of the United States Trustee Guidelines.

21.     No promises have been received by the Firm nor by any partners, counsel, or associate thereof as to compensation in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with the Chapter 11 Case, except among the partners, counsel, and associates of the Firm.

22.     To the extent that the Firm discovers any connection with any interested party or enters into any new relationship with any interested party, the Firm will promptly supplement its disclosure to the Court.

The facts set forth in the Application and herein are true and correct to the best of my knowledge, information, and belief.

Dated: August 16, 2023                    **MORRIS JAMES LLP**
       Wilmington, Delaware

                                          */s/ Brya Keilson*
                                          Brya Keilson (DE Bar No. 4643)

8

16264149/1

**Exhibit 1 to Keilson Declaration**

**Parties in Interest List**

**Debtor:**
Alecto Healthcare Services LLC a Delaware limited liability company

**Creditors/Vendors**:
American Express
Anthem Blue Cross
AON Risk Consultants
AT&T
Bank Direct Capital Finance
Bcal 101 North Brand Property LLC
California Franchise Tax Board
Cardinal Health 110, LLC c/o Porter Wright Morris & Arthur LLC
Cardinal Health 200, LLC c/o Porter Wright Morris & Arthur LLC
City National Bank
Coalition Insurance Solutions
Employment Development Dept
Evangeline Douglas
First Insurance Funding
GRM Information Management Services of San Francisco LLC
Internal Revenue Service
Konica Minolta Premier Finance
Los Angeles County Treasurer and Tax Collector
Maureen Davidson-Welling //Stember Cohn & Davidson-Welling
Michael Sarrao
MPT of Fairmont-Alecto Hospital LLC c/o Medical Properties Trust, Inc.
MPT of Los Angeles LP; MPT of Olympia LLC c/o Medical Properties Trust, Inc. MPT of Sherman-Alecto Hospital LLC c/o Medical Properties Trust, Inc.
MPT of Wheeling-Alecto Hospital LLC; MPT of Martins Ferry-Alecto Hospital LLC c/o Medical Properties Trust, Inc.
National Union Fire Insurance Co
New Horizon Communications
Olshan Frome Wolosky LLP
Pacific Global Investment Management Group
Plaintiffs in Reed v. Alecto [Keith Reed, Elizabeth Schenkel, Emily Wines, Mark Garan and August Ullum and Represented Class]
c/o Laura Davidson & Bren Pompomio
Mountain State Justice, Inc.
Principal Financial
Security & Exchange Commission
Sherman/Grayson Health System LLC
LHP Hospital Group, Inc.
Stetson Insurance Funding LLC

16264149/1

2

Symphony Risk Solutions LLC
United States of America
Vantapro Specialty Insurance Co

**Debtor's Equity Holders**
The Reddy Investment Trust
The Krissman Family Trust
The Sarrao Family Trust
The Jeyakumar Inter-Vivos Trust
The Hayes Irrevocable Trust
Comstock Investment Trust
Steven Kay
Matthew Williams
Aman Dhuper

**Subchapter V Trustee**
Jami Nimeroff

**Delaware Bankruptcy Judges:**
Chief Judge Laurie Selber Silverstein
Judge John T. Dorsey
Judge Craig T. Goldblatt
Judge Thomas M. Horan
Judge Karen B. Owens
Judge Brendan L. Shannon
Judge J. Kate Stickles
Judge Mary F. Walrath
Judge Ashley M. Chan

**Office of the United States Trustee,**
**Region 3, Wilmington, DE Office, Key Personnel**
Joseph McMahon
Lauren Attix
Linda Casey
Joseph Cudia
Holly Dice
Shakima L. Dortch
Timothy J. Fox, Jr.
Diane Giordano
Christine Green
Benjamin Hackman
Nyanquoi Jones
Jane Leamy
Hannah M. McCollum
James R. O'Malley
Linda Richenderfer

16264149/1

3

Juliet Sarkessian
Richard Schepacarter
Edith A. Serrano
Rosa Sierra-Fox
Dion Wynn

16264149/1

**Exhibit 2 to Keilson Declaration**

| CLIENT | RELATIONSHIP TO DEBTOR | MATTER |
|---|---|---|
| Fox, Jr., Timothy J. | U.S. Trustee Personnel, Judges, & Court Contacts (& Key Staff Members) | The Firm previously represented an individual named Timothy Fox in a non-bankruptcy matter unrelated to these Chapter 11 Cases. |

**(MORRIS JAMES' CONFLICT RESOLUTION PROCEDURE
IS ONGOING, AND MORRIS JAMES WILL UNDERTAKE
TO SUPPLEMENT THIS DECLARATION AS NECESSARY)**

16264149/1