# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALECTO HEALTHCARE SERVICES LLC,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS)<br><br>**Related Docket No. 100** |

### DEBTOR'S OBJECTION TO MOTION OF THE REED ACTION JUDGMENT CREDITORS FOR ENTRY OF AN ORDER APPOINTING AN OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 1102(a)(3)

Alecto Healthcare Services LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby objects to the Motion of the Reed Action Judgment Creditors (collectively, the "Movants" or the "Reed Parties") for Entry of an Order Appointing an Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. § 1102(a)(3) [Docket No. 100] ("Motion to Appoint"),[2] and in support of this Objection, the Debtor respectfully states as follows:

## INTRODUCTION

1. When the Movants filed the Motion in the first instance, there arguably was a colorable claim to be made that a factual basis existed for asserting that the Debtor's interests was insufficiently represented vis a vis the Sherman/Grayson debtor. Specifically, in the Motion, the Movants expressed concerns about potential conflicts due to claims against an affiliate or the causes of action against affiliates and insiders that the Debtor <u>may</u> have. Any such concerns, however, have been addressed in full by the retention of an independent director and new counsel for the Debtor. Both the independent director and counsel are disinterested and are fully authorized to represent the Debtor's interest, including investigating any potential causes of action

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

[2] The Debtor also objects to the joinder of Snyder Brothers, Inc. to the Motion [Docket No. 111].

against the Debtor's affiliates and insiders. Accordingly, to the extent that there was a basis for the relief sought by the Movants, such bases have been resolved.

2. Specifically, the statutory requirement for appointment of a committee in a subchapter V case laid out in 11 U.S.C. § 1102(a)(3) requires that "cause" exist. Beyond the dearth of evidence, the Movants have not presented any sound legal arguments why the extraordinary relief sought should be granted in opposition to the clear Congressional mandate set forth in the Bankruptcy Code.

3. Accordingly, the Motion should be denied.

## BACKGROUND

4. On June 16, 2023 ("Petition Date"), the Debtor filed voluntary petition for relief under chapter 11, Subchapter V of the Bankruptcy Code, thereby commencing the above captioned chapter 11 case (the "Case"). The Debtor continues to operate its business and manage its properties as debtor-in-possession.

5. A Subchapter V trustee has been appointed pursuant to 11 U.S.C. § 1183.

6. The Debtor has an indirect ownership interest in Sherman/Grayson Hospital, LLC, a Delaware limited liability company ("Sherman/Grayson"). On June 23, 2023, Sherman/Grayson filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, thereby commencing Case No. 23-10810 (JKS) (the "Sherman Bankruptcy").

7. The Debtor is an unsecured creditor of Sherman/Grayson in the amount of $60,186,975.93 based upon advances made by the Debtor to Sherman/Grayson and certain expenses paid by the Debtor on behalf of Sherman/Grayson (the "Alecto Claim").

2

8.      Certain disputes have arisen between the Debtor and the Official Committee of Unsecured Creditors appointed in the Sherman Bankruptcy (the "Sherman Committee") regarding the proper treatment of the Alecto Claim in the Sherman Bankruptcy and a potential settlement with the Sherman Committee with respect to the Alecto Claim.

9.      On July 12, 2023, the Debtor filed applications to retain Shulman Bastian Friedman & Bui LLP and the Rosner Law Group as counsel for the Debtor [Docket No. 66 and 67, respectively] (the "Alecto Retention Applications").[3] On August 7, 2023, the Office of the United States Trustee filed an objection to the Alecto Retention Applications asserting, among other things that the Alecto Retention Applications should be denied because each of the firms "represent interests adverse to the Alecto Debtor's bankruptcy estate and, by extension, each has a disqualifying conflict of interest." [Docket No. 89].

10.     On August 7, 2023, the Debtors' Board of Managers considered the appointment of an independent director for the purpose of addressing potential conflicts between the Debtor and Sherman/Grayson, and approved a resolution to retain Steven Balasiano ("Mr. Balasiano") as an independent director and provided authority to Mr. Balasiano "in his sole and absolute discretion to (a) evaluate the Alecto Claim including the proper treatment of the Alecto Claim, (b) to make decisions regarding the Alecto Claim including, without limitation, whether the Alecto Claim should be subordinated or waived, (c) to enter into a settlement agreement with the Committee which provides for an agreed upon treatment of the Alecto Claim; and (d) resolve any other Issues that may arise during the course of the Alecto Bankruptcy."

---

[3] On July 20, 2023, Sherman/Grayson filed applications to retain Shulman Bastian Friedman & Bui LLP and the Rosner Law Group as counsel [Docket Nos 75 and 76, respectively].

16269535/1

11. Mr. Balasiano is an experienced bankruptcy professional, including a total of approximately eight (8) years as a bankruptcy attorney at Kelley Drye & Warren and Stroock, Stroock & Lavan. Mr. Balasiano has also served as a fiduciary in number bankruptcy cases, including but not limited to serving as a trustee or plan administrator in Furniture Factory Outlet, Modell's Sporting Goods, The Collected Group, True Religion, SFP Franchise Corp. (Papyrus Stores), Stage Stores, and Rockport Shoe Company. Additionally, Mr. Balasiano has served as an executive at multiple corporations, including Comtex US, a Hirdaramani company, Ventura Enterprise/Star Garments, and The Children's Place Retail Stores, Inc. A copy of Mr. Balasiano's curriculum vitae is attached hereto as Exhibit "A." Accordingly, Mr. Balasianio is well-qualified to serve as an independent director for the Debtor.

12. On August 8, 2023, Debtor filed an application to employ Mr. Balasiano as independent director [Docket No. 93] (the "Balasiano Application"). As set forth in the Balasiano Application and the Declaration of Michael Sarrao attached as an exhibit in support thereof, the services Mr. Balasiano will render to the Debtor include the following:

> (a) the authority in his sole and absolute discretion to evaluate the Alecto Claim including the proper treatment of the Alecto Claim;
> (b) make decisions regarding the Alecto Claim including, without limitation, whether the Alecto Claim should be subordinated or waived;
> (c) enter into a settlement agreement with the Committee which provides for an agreed upon treatment of the Alecto Claim; and
> (d) resolve any other Issues[4] that may arise during the course of [the Alecto bankruptcy case].

13. On August 15, 2023, the Reed Parties filed a limited objection to the Balasiano Application [Docket No. 106] in which, among other things, they raised the issue of whether Mr. Balasiano is "disinterested" as that term is defined in the Bankruptcy Code. On August 15, 2023,

---

[4] The Balasiano Application defines "Issues" as (i) the Alecto Claim; (2) any settlement of the Alecto Claim; and (3) any other conflict that may arise as and between the Debtor and Sherman/Grayson.

4

after conferring with counsel for the Reed Parties, the Debtor filed a supplemental declaration of Mr. Balasiano in support of the Balasiano Application to address the issue of Mr. Balasiano's disinterestedness [Docket No. 112]. On August 16, 2023, the Court entered an Order approving Mr. Balasiano's retention as independent director for the Debtor. Additionally, on August 19, 2023, the Board of Managers authorized Mr. Balasiano to investigate potential claims against the Company's affiliates and insiders, and to bring any such actions as he believes in his sole discretion are valid. A copy of the Board of Managers' written consents dated August 7 and August 19, 2023, are attached hereto as Exhibit "B."

14. Further, on August 11, 2023, the Debtor retained Morris James LLP ("Morris James") as counsel for the Debtor, and on August 14, 2023, the Debtor filed a Notice of Substitution of Counsel [Docket No. 103]. On August 16, 2023, the Debtor filed an application to Morris James as counsel, nunc pro tunc to August 11, 2023. [Docket No. 115] (the "Morris James Application"). As set forth in the Morris James Application, Morris James is experienced in representing debtors, and it is disinterested.

15. Accordingly, the Debtor has an independent director who is specifically charged with sole and absolute discretion to address all conflict issues that may arise as between the Debtor and Sherman/Grayson and to investigate potential claims against the Company's affiliates and insiders, and to bring any such actions as he believes in his sole discretion are valid. Further, the Debtor has counsel who has no conflict.

16. In the week since the retention of Mr. Balasiano and Morris James, the Debtor has already begun investigating allocation issues with respect to certain transfers related to insurance made by the Debtor for the benefit of Sherman/Grayson, and it has preserved the Debtor's rights

5

with respect to any waiver of the estate's right to receive a distribution from the Sherman/Grayson estate on account of Alecto's claim against Sherman/Grayson.

## ARGUMENT

17. 11 U.S.C. § 1102(a)(3) provides as follows:

> [u]nless the court for cause orders otherwise, a committee of creditors may not be appointed in…a case under subchapter V."

11 U.S.C. § 1102(a)(3). Appointment of a committee in a subchapter V bankruptcy case is an extraordinary remedy for which the Movants have a heavy burden. Movants cannot sustain their burden, and the Motion should be denied.

18. The "cause" requirement for appointment of a committee in a subchapter V demonstrates Congress intended a committee only be appointed in rare situations, as opposed to those commonly associated with appointment of a committee in a traditional chapter 11 case. Put plainly, "cause" cannot mean the same reasons a committee would be appointed in a non-subchapter V case.

19. There is ample reason why the appointment of a committee in a subchapter v case is so rare. Subchapter v was intended by Congress to be a quick, efficient and (at least relatively) inexpensive method by which a small company can reorganize its debts and liabilities. Meanwhile, while Congress took away the broad oversight role of the creditors' committee in subchapter v cases, he endowed the estate with a separate fiduciary with an oversight role: a subchapter v trustee. Meanwhile, the governmental watchdog of the bankruptcy process – the United States Trustee – remains in place in subchapter v cases.

20. Simply stated, other than those cases in which there is a truly extraordinary fact of circumstances, resulting in the Court's finding of "cause," such relief requested must be denied.

A. **The Factual Basis for the Relief Sought Is Now Moot.**

21. First and foremost, the Debtor has retained Mr. Balasiano as independent director and vested him with the authority to:

(i) evaluate the Alecto Claim including the proper treatment of the Alecto Claim;
(ii) make decisions regarding the Alecto Claim including, without limitation, whether the Alecto Claim should be subordinated or waived;
(iii) enter into a settlement agreement with the Committee which provides for an agreed upon treatment of the Alecto Claim;
(iv) resolve any other Issues[5] that may arise during the course of the Alecto bankruptcy case; and
(v) investigate potential claims against the Company's affiliates and insiders, and to bring any such actions as he believes in his sole discretion are valid.

22. Mr. Balasiano is reliable and well qualified to provide the services set forth above. He has broad experience and knowledge in these types of matters. He is an experienced attorney and advisor with ample education, training, and experience to make independent decisions on behalf of Debtor and its management.

23. Further, the Debtor has retained separate counsel who is an experienced and well-qualified law firm experienced representing debtors, including subchapter V debtors. Morris James has no conflicts regarding the Debtor and has only been involved in the case for a little over a week, and any alleged conflicted actions that may have taken place prior to their retention should not be imputed upon Debtor's new counsel. Morris James intends to conduct its duties properly and efficiently and to work with the subchapter V trustee and others to reach an amenable conclusion to this matter.

---

[5] The Balasiano Application defines "Issues" as (i) the Alecto Claim; (2) any settlement of the Alecto Claim; and (3) any other conflict that may arise as and between the Debtor and Sherman/Grayson.

24. Accordingly, there is more than effective oversight in this case by the subchapter V trustee, and a committee will not provide any additional oversight or help to improve the position of the Movants. The Motion to Appoint must be denied.

**B. The Court Should Not Appoint a Committee Because Movants Fail to Show Cause Why a Committee Should be Appointed.**

25. Movants fail to cite to an analogous case, let alone a published opinion, where a subchapter V committee was appointed over an objection of the debtor. In the Motion, the Movants cite to only three cases (only one of which is published), and all three are wholly distinguishable.

26. The first case upon which the Movants rely is In re Wildwood Villages, LLC, Case No. 3:20-bk-02569-RCT, 2021 WL 1784408 at *4 (Bankr. M.D. Fla. May 4, 2021) for the general proposition that "While true that creditor committees are disfavored in Subchapter V cases, the statute permits a bankruptcy court to use its discretion and appoint a creditors committee in an appropriate case." As a general matter, the proposition cited is correct, but the facts and circumstances of Wildwood are not even remotely applicable to the facts *sub judice*, and the Movants have not alleged any facts that evidence that this is an "appropriate case" for appointment of a committee in light of the appointment of an experienced independent director and new counsel, both of which are disinterested.

27. The issue Wildwood was not even about the appointment of an official committee in a subchapter V case; rather the Court was addressing the allowance of a potential class claim in a subchapter V. 2021 WL 1784408 at *4. In Wildwood, the court explained why the debtor's argument that a class proof of claim was prohibited in a subchapter V case failed because "[s]imilar to the allowance of a class claim, the appointment of a committee in a Subchapter V case is within the discretion of the court." Id. The court was simply highlighting it has the discretion to allow

class claims in subchapter V case just as it has it to allow a committee.[6] The Wildwood decision has nothing to do with a committee at all and, notably, a committee was not appointed in Wildwood. Accordingly, it provides no support for the Motion.

28. Next, the Movants cite In re Bonert, 619 B.R. 248, 253-254 (Bankr. C.D. Cal. 2020) for the proposition that "a creditors' committee is warranted in a Subchapter V case if a committee "will improve recoveries to creditors, will assist in the prompt resolution of this case, and is necessary to provide effective oversight of the Debtors." Like Wildwood, Bonert is inapplicable to the facts before this Court.

29. Bonert was filed as a traditional chapter 11 case, and a committee was appointed in due course while the case was pending. The court later decided that the case could be redesignated as a subchapter V and state it *might* allow the committee to remain in place. See Bonert, 619 B.R. at 254. The Bonert court stated it would "provide the Committee an opportunity to show cause why it should be permitted to continue in existence after the Debtors' Subchapter V election takes effect." Id. at 253.[7] Bonert did not decide whether the committee would remain in place in the subchapter V case, as such, the decision is inapposite to this case and provides no support for the Motion to Appoint.

30. Rather, the court's statement from Bonert is taken out of context by the Movants, and in any event, Bonert is not controlling. Chiefly, as discussed below, the Bonert court did not make any ruling or findings as to whether a committee would stay in place when the case was redesignated under subchapter V.

---

[6] The court goes on to deny motion to allow a class claim. Wildwood, 2021 1784408 at *8.

[7] Interestingly, the Bonert Court subsequently disbanded the committee. See Order dated 7.10.2020 [Dk. No. 287], a copy of which is attached hereto as Exhibit "C."

31. Finally, the Movants rely upon In re Sharity Ministries, Inc., Case No. 21-11001 (JTD) (Bankr. D. Del. Aug. 9, 2021), a case that is completely factually distinguishable from the facts at issue here. Specifically, the Movants highlight Judge Dorsey comments that "it is important that those members have a voice in how they are going to be treated without individual members having to incur the costs of doing so." Id. at p. 60.[8]

32. It is incontrovertible that the facts in Sharity were outrageous, including gross mismanagement and incompetence by the debtor's management. In Sharity, Judge Dorsey specifically found that there were "significant issues involving how the company was managed prepetition and [] open questions about how the case has progressed to date" just one month into the case. See id., pp. 61-62. Those issues are not present here.

33. Moreover, the Sharity Court discussed the debtors discovering an additional $50 million in non-contingent claims after the filing and expressed concern about those creditors having a voice in the case. Id., pp. 36-37. Finally, although Judge Dorsey ultimately appointed a subchapter V committee, it was done *sua sponte*, in connection with a motion to remove the debtor-in-possession, without any objection from the debtors to the appointment of the committee. Accordingly, Sharity provides no support for the Motion insofar as it was not published, does not discuss any findings related to what is required for "cause" under 11 U.S.C. § 1102(a)(3), and is ultimately factually distinguishable.

34. Ultimately, the Movants fail to cite a single case where "cause" has been shown for the appointment of a subchapter V committee over the objection of the Debtor. By contrast to each of these cases, the Debtor has taken significant steps to address any concerns posited by the Movants such as obtaining new, non-conflicted, counsel and an experienced independent director,

---

[8] A copy of the transcript is attached hereto as Exhibit D.

both of whom can address the issues raised by the Movants. Further, to the extent that the Movants believe that there remains an issue, there remains the subchapter V trustee to serve as an independent and disinterested third party pursuant to Section 1183 of the Bankruptcy Code and who can address any issues with respect to the Debtor's actions or inactions in this case.

35. But even beyond that, there is good reason to deny the relief sought by the Movants. Appointment of a creditors committee would cause the Debtor and its estate to incur significant costs due to the retention of professionals, thereby significantly reducing any distribution to be received by creditors on account of their claims. Further, appointment of a committee would slow down the bankruptcy process in this subchapter v case as the committee's professionals would need to become familiar with the underlying facts and circumstances of the case.

36. Taken together, this is not a case for which cause exists for the appointment of a committee, and the Movants cannot sustain their heavy burden for such relief.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests this Court (i) deny the Motion to Appoint in its entirety; and (ii) grant such other and further relief as may be just and proper.

Dated: August 22, 2023      **MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

*Proposed Counsel to the Debtor and Debtor in Possession*