## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC, | Case No. 23-10787 (JKS) |
| | Re: D.I. 100 & 111 |
| Debtor. | **Hearing Date: August 28, 2023 at 10:00 a.m.** |

## STATEMENT OF THE UNITED STATES TRUSTEE TO MOTION OF THE REED ACTION JUDGMENT CREDITORS FOR ENTRY OF AN ORDER APPOINTING AN OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 1102(a)(3)

Andrew R. Vara, United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), through his undersigned counsel, states the following in response to the *Motion of The Reed Action Judgment Creditors for Entry of an Order Appointing an Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. § 1102(A)(3)* (the "Motion," D.I. 100)[1]:

### PRELIMINARY STATEMENT

1. The appointment of a creditor committee in a subchapter V case is disfavored and requires a showing of "cause." The Motion and Joinder allege cause exist because management and counsel are "hopelessly conflicted," and "there does not appear to be any management personnel or any professionals who are fulfilling their fiduciary obligations to Alecto's creditors." Since the Motion and Joinder were filed, the Debtor has retained an independent director and new counsel. As such, given that steps have been taken to address the conflicts

---

[1] On August 15, 2023, Snyder Brothers, Inc., filed a joinder in the Motion, at D.I. 111 (the "Joinder").

possessed by management and counsel, at present it will be difficult to overcome the statutory presumption against committee appointment.

## JURISDICTION & STANDING

2. Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve the Motion.

3. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. The U.S. Trustee has standing to be heard on the Motion pursuant to 11 U.S.C. § 307.

## BACKGROUND

5. On June 16, 2023 (the "Petition Date"), Alecto Healthcare Services LLC (the "Debtor" or the "Alecto Debtor") filed a voluntary petition for relief under Chapter 11 and elected to proceed under Subchapter V of the Bankruptcy Code.

6. On June 20, 2023, Jami B. Nimeroff was appointed as the Subchapter V Trustee. No other trustee or examiner has been appointed in this case. No creditors' committee has been appointed in this case.

7. On June 23, 2023, Sherman/Grayson Hospital, LLC ("Sherman" or the "Sherman Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Alecto Healthcare Services Sherman LLC ("Sherman Parent") is the managing member of Sherman.

The Alecto Debtor owns an 80% membership interest in Sherman Parent. The bankruptcy cases of Alecto and Sherman are not being jointly administered.

8. As of the Petition Date and continuing past the date that the Motion was filed, the same law firms represented both the Sherman Debtor and the Alecto Debtor.

9. The Sherman Debtor and the Alecto Debtor also share the same management. Laxman Reddy is the President and CEO of both Sherman and Alecto, and Michael Sarrao is the Executive VP and Secretary of both Sherman and Alecto.[2]

10. The Alecto Debtor has now retained an Independent Director, Mr. Steven Balasiano.  D.I. 118.  The Alecto Debtor has also replaced its counsel with Morris James, LLP.  D.I. 115.  The Morris James retention application remains pending.

## STATEMENT

11. Unlike in a standard chapter 11 case, if a debtor has elected to proceed under subchapter V of the Bankruptcy Code, a committee of unsecured creditors is not appointed at the beginning of a case.  Rather, a committee may only be appointed upon the finding of "cause." 11 U.S.C. § 1181(b) ("Unless the court for cause order otherwise, paragraphs (1), (2), and (4) of section 1102(a) and sections 1102(b), 1103, and 1125 of this title do not apply in a case under this subchapter.").

12. The Bankruptcy Code does not define "cause" to appoint a committee of unsecured creditors in a subchapter V case, and there appear to be no published opinions directly addressing this issue.[3]

---

[2] *See* Statement of Financial Affairs at D.I. 49 and Statement of Financial Affairs filed in the Sherman Debtor's case, Case No. 23-10810, at D.I. 87.

[3] Two of the cases cited by the Movant discussed appointing a committee in a subchapter V case in *dicta*.  In *In re Wildwood Villages, LLC*, Case No. 3:20-bk-02569-RCT, 2021 WL 1784408 at *4, Colton, J. (Bankr. M.D. Fla. May 4, 2021), the issue before the court was whether to permit a class proof

13.     The Movant alleges that the Debtor's management is "hopelessly conflicted" because they "serve as management for entities on both sides of the fraudulent transfers, and because individually they have benefitted from the continuing losses incurred by the Alecto enterprise." Mot. ¶ 18.  Likewise, they allege that Debtor's counsel is conflicted because "they have been advising the Debtor regarding bankruptcy matters for almost a year, during which massive intercompany transfers continued to occur, to the detriment of Alecto's creditors." *Id.*

14.     Given that this Court recently authorized appointment of an independent director and the Alecto Debtor has retained new counsel, the Alecto Debtor is positioned to investigate potential claims and causes of action against insiders and affiliates and, if warranted, to prosecute same.  Therefore, at present it will be difficult to overcome the statutory presumption against committee appointment.

---

of claim in a subchapter v case. The debtor argued that doing so would circumvent Congress' intent that there should not be a creditors committee in subchapter V cases. The Court merely recognized that committees may be appointed in appropriate subchapter V cases.

In *In re Bonert*, 619 B.R. 248 (Bankr. C.D. Cal. 2020), the issue before the court was the debtors' post-petition amendment of their petition to elect treatment under subchapter V. The discussion regarding the appointment of a committee in a subchapter V case related to the appointed/existing chapter 11 committee's contention that it would be prejudiced by the re-designation. The court concluded that no prejudice existed because the committee would be permitted an opportunity to show cause as to why it should be permitted to continue in existence after the subchapter V election became effective.

In the final case cited by the Movant, *In re Sharity Ministries, Inc.,* Case No. 21-11001 (JTD) (Bankr. D. Del. Aug. 9, 2021), an unpublished decision, this Court, addressing a motion to remove the debtor from possession for cause filed by the U.S. Trustee, *sua sponte* elected to appoint a committee.

**CONCLUSION**

15. The U.S. Trustee reserves any and all rights, remedies and obligations to complement, supplement, augment, alter and/or modify this statement, file an appropriate motion or conduct any and all discovery as may be deemed necessary or as may be required, and to assert such other grounds as may become apparent upon further factual discovery.

Dated: August 22, 2023
       Wilmington, DE

Respectfully submitted,

**ANDREW R. VARA
UNITED STATES TRUSTEE,
REGIONS 3 & 9**

By: */s/ Linda J. Casey*
    Linda J. Casey
    Trial Attorney
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491 (Phone)
    (302) 573-6497 (Fax)
    Linda.Casey@usdoj.gov