**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC, a Delaware limited liability company,[1] | Case No. 23-10787 (JKS) |
| | Re: D.I. 67, 68 & 133 |
| Debtor. | |

**SECOND SUPPLEMENTAL DECLARATION OF MICHAEL SARRAO IN SUPPORT OF: (I) APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SHULMAN BASTIAN FRIEDMAN & BUI LLP AS BANKRUPTCY COUNSEL TO THE DEBTOR NUNC PRO TUNC TO THE PETITION DATE THROUGH AUGUST 14, 2023, AND (II) APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF THE ROSNER LAW GROUP LLC AS DELAWARE BANKRUPTCY COUNSEL TO THE DEBTOR NUNC PRO TUNC TO THE PETITION DATE THROUGH AUGUST 14, 2023.**

I, Michael Sarrao, declare and state as follows:

1. I am the Executive Vice President, General Counsel, and Secretary for Alecto Healthcare Services LLC, a Delaware limited liability company ("Alecto") that has filed a voluntary petition under Chapter 11, Subchapter V of title 11 of the United States Code, commencing this Chapter 11 case.

2. I am also the Executive Vice President and Secretary for Sherman/Grayson Hospital, LLC, a Delaware limited liability company ("Sherman/Grayson") that has filed a voluntary petition under Chapter 11 of title 11 of the United States Code, commencing Case No. 23-10810 (JKS).

3. The facts set forth in this Declaration are based upon my personal knowledge, my

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N. Brand Boulevard, Suite 1780, Glendale, CA 91203.

16276028/1

review of the relevant documents, information provided to me or verified by counsel, and my personal opinion based upon my experience, knowledge, and information provided to me. I am authorized to submit this Declaration on behalf of Alecto, and if called upon to testify, I would testify competently to the facts set forth in this Declaration.

4. I submit this Declaration in support of: (I) *Application for Entry of an Order Authorizing the Retention and Employment of Shulman Bastian Friedman & Bui LLP as Bankruptcy Counsel to the Debtor Nunc Pro Tunc to the Petition Date* [D.I. 67], and (II) *Application for Entry of an Order Authorizing the Retention and Employment of The Rosner Law Group LLC as Delaware Bankruptcy Counsel to the Debtor Nunc Pro Tunc to the Petition Date* [D.I. 68] (collectively, the "Applications").

5. On August 23, 2023, I submitted my First Supplemental Declaration in support of the Applications [D.I. 133] (the "First Supplemental Declaration").[2] In paragraph 37 of the First Supplemental Declaration, I disclosed the following transfers made from Alecto to Sherman/Grayson within ninety (90) days of the Alecto Petition Date: (1) 3/30/2023: $650,000.00; (2) 4/18/2023: $100,000; (3) 4/27/2023: $190,000.00; (4) 5/25/2023: $75,000.00; (5) 6/8/2023: $411,426.45; and (6) 6/14/2023: $79,000.00.

6. On August 24, 2023, the *Reply of the Reed Action Judgment Creditors in Support of Their Motion for Entry of an Order Appointing an Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. § 1102(a)(3)* [D.I. 134] was filed (the "Reed Reply").

7. In footnote 1 of the Reed Reply, the Reed Action creditors state that the First Supplemental Declaration "omits an additional transfer in the amount of $450,000 made on March

---

[2] All capitalized terms not otherwise defined herein shall have the meaning set forth in the First Supplemental Declaration.

16276028/1

30, 2023, as disclosed in Attachment 3 to the SOFA" (the "Alleged Transfer").

8.      The Alleged Transfer represents a transfer that was actually made from Alecto to Sherman/Grayson on March 1, 2023. The Alleged Transfer inadvertently appears on the SOFA as a transfer on March 30, 2023 because that was the date the Alleged Transfer was booked as an intercompany advance in Alecto's accounting records even though the transfer was actually made on March 1, 2023.  For the avoidance of doubt, the $20,797,030.11 of transfers made by Alecto to Sherman/Grayson within one year of the Alecto Petition Date is inclusive of the Alleged Transfer. Alecto will file an amended SOFA to correct this.

9.      Upon further review of Alecto's SOFA, I became aware that the SOFA does not include the transfers made from Alecto to Sherman/Grayson on June 8, 2023 and June 14, 2023. At the time Alecto prepared the SOFA, Alecto relied on financial reports available through June 5, 2023. The amended SOFA will include such transfers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States, that the foregoing statements are true and correct.

Dated: August 24, 2023

/s/
Michael Sarrao