**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ALECTO HEALTHCARE SERVICES LLC,[1]<br><br>    Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS)<br><br>**Obj. Deadline: September 11, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: October 5, 2023 at 1:00 p.m. (ET)** |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF GOULD CONSULTING SERVICES AS FORENSIC INVESTIGATION CONSULTANT TO THE DEBTOR
_NUNC PRO TUNC_ TO AUGUST 25, 2023**

The above-captioned debtor and debtor-in-possession (the "Debtor") files this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a), 327(a) and 328(a) of title 11 of the United States (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Gould Consulting Services ("GCS") as forensic investigation consultant to Debtor, _nunc pro tunc_ to August 25, 2023, in accordance with the terms of the engagement letter by and among Debtor and GCS, dated August 25, 2023 (the "Engagement Letter"), a copy of which is attached here to as **Exhibit B**. In support of the Application, the Debtor submits the Declaration of Leanne Gould ("Gould Declaration"), a copy of which is attached hereto as **Exhibit C**. In further support of this Application, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

**JURISDICTION**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* entered into by the United States District Court for the District of Delaware on February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory basis for the relief requested herein are §§ 105(a) and 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

**BACKGROUND**

4. On June 16, 2023, (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, Subchapter V, of title 11 of the Bankruptcy Code, commencing this Chapter 11 case (the "Chapter 11 Case").

5. The Debtor has continued in the possession of their property and have continued to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On June 20, 2023, Jami Nimeroff was appointed as Subchapter V Trustee.

7. No creditors' committee has been appointed in this case. Other than the appointment of the Subchapter V Trustee, no trustee or examiner has been appointed in this case.

8. The Debtor has an indirect ownership interest in Sherman/Grayson Hospital, LLC, a Delaware limited liability company ("Sherman/Grayson"). Sherman/Grayson filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Court on June 23, 2023, in the United States Bankruptcy Court for the District of Delaware commencing Case No. 23-10810 (JKS) (the "Sherman Bankruptcy").

9. The Debtor is an unsecured creditor in the Sherman Bankruptcy in the amount of $60,186,975.93 related to certain intercompany advances made by the Debtor to Sherman/Grayson and certain expenses paid by the Debtor on behalf of Sherman/Grayson (the "Alecto Claim").

10. Certain disputes have arisen between the Debtor and the Official Committee of Unsecured Creditors in the Sherman Bankruptcy (the "Committee") regarding the proper treatment of the Alecto Claim in the Sherman Bankruptcy and a potential settlement with the Committee with respect to the Alecto Claim.

11. Certain creditors have expressed doubts as to the impartiality and ability of Debtor to remain disinterested in this matter.

12. On August 16, 2023, the Court approved the retention and employment of Steven Balasiano as independent director/manager to directly address the concerns expressed by certain creditors.

**RELIEF REQUESTED**

13. By this Application, the Debtor seeks to employ and retain GCS as forensic accountant to the Debtor *nunc pro tunc* to August 25, 2023, to perform accounting services that will be necessary and appropriate during this Chapter 11 Case, and granting certain related relief.

14. The Debtor seeks to retain GCS as forensic accountant because of GCS's experience and knowledge in the field of forensic accounting related to business reorganizations

under Chapter 11 of the Bankruptcy Code, and because GCS has experience and knowledge presenting before this Court.

15. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to GCS on an hourly basis, plus reimbursement of actual, necessary expenses and other charged incurred by GCS. The principal professionals presently expected to work for the Debtor are as follows:

| **Individual** | **Position** | **Hourly Rate** |
|---|---|---|
| Leanne Gould | Forensic Accountant | $550 |
| Karen Perry | Financial Analyst | $350 |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

16. These rates are set at a level designed to fairly compensate GCS for the work of its professionals and to cover fixed and routine overhead expenses. GCS will also charge for normal and customary expenses incurred in connection with this Chapter 11 Case. The expenses charged may include, among other things, telephone and telecopy charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by GCS to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Any such expenses will be recorded in accordance with the GCS's customary practices and will be incurred at the same rates as customarily charged in similar engagements, or as otherwise limited by the Local Rules or any order of the Court.

**A.    Services to be Provided.**

17.    Subject to Court approval, the professional services that GCS will render to the Debtor include, but shall not be limited to, the following:

- examine the Debtor's financial records and related documents and data[2] for four years prior to its bankruptcy filing, to analyze transactions with insiders, related, and/or affiliated companies and identify potential causes of action, if any;

- examine the Debtor's accounting records and bank statements and those of related entities Sherman/Grayson Hospital, LLC, Alecto Healthcare Services Hayward LCC, Alecto Healthcare Services Sherman LLC, Alecto Healthcare Services Los Angeles LLC, Alecto Healthcare Services Ohio Valley, LLC, Alecto Healthcare Services Real Estate Holding LLC, and Alecto Healthcare Services Fairmont LLC, in order to determine if there are any potential claims against any of the affiliates and/or current or former officers and directors;

- provide all findings in a written report prior to September 11, 2023;

- report directly to Morris James LLP with all reports, communications, and work product;

- perform all services in accordance with the Standards for Forensic Services established by the American Institute of Certified Public Accountants.

18.    Such forensic investigation consulting services are necessary to the Debtor's restructuring efforts and in the ongoing management of the Debtor's businesses while subject to chapter 11 of the Bankruptcy Code.

**B.    GCS's Qualifications.**

19.    The Debtor believes that GCS is well qualified to provide the services set forth herein.

20.    GCS is a well-recognized consulting firm with substantial experience in providing restructuring and turnaround services as well as forensic accounting and investigative services.

---

[2] This may include cash management, shared services or other agreements and arrangements between the Debtor and Insiders and/or related parties.

GCS has an excellent reputation for its work in complex commercial and bankruptcy disputes, particularly in chapter 11 cases in the United States. GCS works closely with market participants and clients in business related matters, and they have a full suite of forensic accounting and related experience including investigations, litigation support, forensic accounting, business valuation, financial data analysis, financial advisory, and expert witness services.

21. Individuals working on this Chapter 11 Case on behalf of GCS are highly sought for their expertise and skill sets associated with forensic accounting, financial services disputes, and forensic investigation experience. Leanne Gould is the founding member of GCS and an expert, with over twenty years' experience, in forensic accounting. Ms. Gould has provided primarily corporate bankruptcy consulting and litigation services for debtors, creditors, and Trustees including case management, operational wind-down, and analysis of financial condition and projections. Specifically, she has provided analysis of solvency and reasonably equivalent value received in exchange for a business or minority business interests in avoidance actions brought under §§ 544, 547, and 548 of the Bankruptcy Code. Ms. Gould has also performed asset and transaction tracing and other forensic accounting services in cases involving claims of fraud, conversion, and embezzlement including transactions in multi-tiered entities and through shell corporations, as well as analysis of transactional data in medical billing, contract disputes, and class actions. Karen Perry is a financial analyst who has assisted Ms. Gould with the above-mentioned services since April 2021.

22. In light of the allegations made against managers and insiders in this Chapter 11 Case, the Debtor requires a qualified and experienced forensic investigation consultant with the resources, capabilities, and experience of GCS to assist them in taking steps that are crucial to the success of the Chapter 11 Case.

23. GCS has assisted, advised, and provided services to debtors, creditors, and Trustees and other entities in chapter 11 cases of similar size and complexity to this Chapter 11 Case. GCS has provided services in similar cases, including being the financial advisor to the official committee of tort claimants in the jointly administered cases Imerys Talc America, Inc., et al. (19-10289) (LSS), consultant to the liquidating trustee of the IFS Liquidation Trust in the matter IFS Securities, Inc. v. INTL FCStone Financial Inc. (FINRA Dispute Resolution Arbitration (20-00751)), financial advisor to a chapter 11 debtor-in-possession in an adversary proceeding against a managing agent of debtor for alleged misuse of funds and excess payments, financial advisor to a chapter 13 trustee in an adversary proceeding under § 544 of the Bankruptcy Code, forensic accountant in Roswell Jeep Eagle, Corp. d/b/a The Pre-Owned Store v. KAT Exploration, Inc. (AAA Arb. No. 01-16-0001-0686), financial advisor to the chapter 7 trustee In Re: Russell H. Malone, III (14-33034-KLP), financial advisor to the chapter 7 trustee In Re: Camilo Aristizabal (13-26057-LMI), and a financial neutral for various parties in valuation and commercial disputes.

24. The Debtor has selected GCS as their forensic investigation consultant because GCS's experience and reputation. GCS has experience and expertise that will assist it in providing effective and efficient services in this Chapter 11 Case. GCS performs critical services that complement, and are not duplicative of, the services provided by other professionals in this Chapter 11 Case. The Debtor submit that the retention of GCS on the terms and conditions set forth herein are necessary and appropriate and are in the best interest of the Debtor and its estate.

25. If the Application is approved, GCS personnel, all with substantial expertise in the areas discussed above, will provide necessary services to the Debtor. Such personnel will work closely with the Debtor's management and other professionals for the time allotted in the

7

Engagement Letter. By virtue of the expertise of its personnel, GCS is well qualified to provide services to and represent the Debtor's interests in this Chapter 11 Case.

**C.   Disinterestedness**

26.   To the best of the Debtors' knowledge and except to the extent disclosed herein: (a) GCS is a "disinterested person" (within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code and supplemented by section 1107(b) of the Bankruptcy Code) and does not hold or represent an interest materially adverse to the Debtors' estates; (b) GCS has no connection to the Debtors, their creditors, or other parties-in-interest in this Chapter 11 Case, or the attorneys or accountants of the foregoing, or the U.S. Trustee, or any person employed in the Office of the U.S. Trustee; and (c) does not hold any interest adverse to the Debtors' estates

**D.   Legal Basis for Relief Requested**

27.   The fee and expense structure is appropriate and reasonable and should be approved under Section 327 of the Bankruptcy Code.

28.   The Debtor believes that the retention and employment of GCS as the Debtor's forensic investigation consultant is appropriate because GCS is a qualified investigation consultant. If the Debtors had to engage a new forensic investigation consultant now, the Debtor's restructuring efforts would be slowed as any such new consultant would have to be provided with the necessary background to provide adequate services. Moreover, comparable advisors would likely require similar compensation.

29.   The Debtor believe that the fee and expense structure is comparable to those generally charged by professionals of similar stature to GCS for comparable engagements, both in and out of bankruptcy proceedings. The Engagement Letter was negotiated at arm's-length and in

good faith. GCS and the Debtor believe that the fee and expense structure is both reasonable and market based.

30. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties under this title.

> 11 U.S.C. § 327(a).

31. Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

> Fed. R. Bankr. P. 2014.

32. The Debtor respectfully submits that section 327 of the Bankruptcy Code permits it to hire a professional firm like GCS to undertake consulting role in this Chapter 11 Case. Furthermore, the requirements set forth by Bankruptcy Rule 2014 are satisfied by this Application. The retention of GCS as forensic investigation consultant in this Chapter 11 Case *nunc pro tunc* to August 25, 2023, is in the best interest of the Debtor, its estate, and all parties-in-interest.

## **NOTICE**

33. The Debtor has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Subchapter V Trustee, and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, considering the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

34. The Debtor has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, the Debtor respectfully requests entry of an order, substantially in the form attached here as **Exhibit A**, authorizing the Debtor to employ and retain GCS as an forensic investigation consultant on the terms and conditions set forth herein, and granting such other and further relief as it just and proper.

Dated: August 27, 2023                                       **Alecto Healthcare Services LLC**

                                                             By: */s/ Steven Balasiano*
                                                             Steven Balasiano
                                                             Independent Director