# Exhibit C
# Blackline of Proposed Shulman Retention Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALECTO HEALTHCARE SERVICES LLC,<br>a Delaware limited liability company,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787-JKS<br><br><br>Re: D.I. 67 |

**ORDER GRANTING APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
SHULMAN BASTIAN FRIEDMAN & BUI LLP AS BANKRUPTCY COUNSEL
TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the Application of Alecto Healthcare Services LLC, the debtor and debtor in possession ("Debtor") for entry of an Order authorizing the employment and retention of Shulman Bastian Friedman & Bui LLP ("SBFB") as the Debtor's bankruptcy counsel *nunc pro tunc* to the Petition Date ("Application")[2]; all as more fully described in the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and a hearing ~~, if any,~~ having been held to consider the relief requested in the Application ("Hearing"); and due and proper notice of the ~~Hearing, if any, having~~ Hearing having been provided; and upon the record of the Hearing ~~, if any,~~ and all of the proceedings had before the Court; and upon the ~~Shulman Declaration;~~ Declarations of Michael Sarrao in Support of the Application [D.I. 133 &

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N. Brand Boulevard, Suite 1780, Glendale, CA 91203.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

136]; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, its estate, and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtor is authorized, pursuant to section 327 of the Bankruptcy Code, to employ and retain SBFB as its bankruptcy counsel on the terms and conditions set forth in the Application and the Shulman Declaration, *nunc pro tunc* to the Petition Date through and including August ~~14~~2, 2023~~.~~.

3. ~~SBFB shall be entitled to an allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case for matters for which there are no conflicts with its representation of Debtor Sherman/Grayson Hospital LLC (Case No. 23-10810) upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and such other orders as this Court may direct.~~

~~4.~~3.    ~~SBFB shall apply for~~ SBFB shall apply for, and upon approval be entitled to an allowance of, compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case by filing interim and final applications for matters for which there are no conflicts with its representation of Debtor Sherman/Grayson Hospital LLC (Case No. 23-10810) ("Sherman/Grayson") in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and such other procedures as may be

fixed by order of the Court, subject to (i) reservation of all the rights of United States Trustee or other interested parties to file objections to the compensation requests including, without limitation, objections as to disputes over whether the fees were for non-conflicted matters, and whether the conflict resulted in excess fees by the Debtor's new counsel related learning the facts and issues in the Debtor's case, and (ii) reservation of all rights of SBFB to defend its compensation request.

4. SBFB shall not intentionally seek, and the Court shall not approve, fees relating to: (i) any conflict issues; (ii) defending the Application; and (iii) the reimbursement of the Debtor's insurance expenses by Sherman/Grayson.

5. SBFB shall file a declaration with its fee applications attesting that SBFB reviewed the entries and attempted to remove all fees for services relating to the issues set forth in paragraph 4 of this Order.

5. 6. SBFB shall be permitted to apply any remaining portion of the Retainer against its allowed fees and allowed expenses incurred following the Petition Date.

6. 7. SBFB shall make all reasonable efforts to avoid duplication of services provided by The Rosner Law Group LLC in the Debtor's chapter 11 case.

7. 8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. 9. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. 10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.