**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC.,[1] | Case No. 23-10787 (JKS) |
| Debtor. | **Obj. Deadline: September 29, 2023 at 4:00 PM (ET)**<br>**Hearing Date: Oct. 5, 2023 at 1:00 PM (ET)** |

**MOTION OF THE DEBTOR FOR AN ORDER (I) SCHEDULING A HEARING
ON PLAN CONFIRMATION AND DEADLINES RELATED THERETO;
AND (II) APPROVING THE SOLICITATION, NOTICE AND TABULATION
PROCEDURES AND THE FORMS RELATED THERETO**

Alecto Healthcare Services, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), by and through its undersigned counsel, hereby moves the Court (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Solicitation Procedures Order"):

(i) scheduling a hearing (the "Confirmation Hearing") to consider confirmation of the Small Business Debtor's Plan of Reorganization (the "Plan");[2]

(ii) approving the solicitation, notice and tabulation procedures related to solicitation of the Plan and the forms related thereto; and

(iii) granting related relief.

In support of the Motion, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Consideration of this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein include sections 105, 502, 1122, 1123(a), 1124, 1126, 1128, 1181, and 1190 of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3016, 3017(d), 3017.2, 3018(c), 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 3017-2, 3017-3, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

### A.      General Background

3.      The Debtor was founded in 2012 to serve as a holding company for healthcare-related entities.

4.      In the ordinary course of business, the Debtor's employees provide management services through the Debtor's subsidiaries and are engaged in the winddown of hospitals formerly operated by the Debtor's subsidiaries.  The winddown of such hospitals consists of responding to requests for patient records and services provided, completing various regulatory requirements, and assisting in the defense of certain litigation matters.

**B.      The Debtor's Bankruptcy Filing and Pleadings**

5.      On June 16, 2023 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as a debtor defined in Bankruptcy Code section 1182(1) commencing this case (the "Chapter 11 Case"), and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended.    Substantially contemporaneous with the filing of the Chapter 11 petition, the Debtor filed the Declaration of Michael Sarrao in support of the Debtor's Chapter 11 Petition and first day pleadings [Docket No. 3 (the "Sarrao Declaration").[3]

6.      The Debtor is continuing in possession of its property, and operating and managing its business, as a debtor in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

7.      On June 20, 2023, Jami Nimeroff was appointed as the Subchapter V trustee.

8.      Other than the Subchapter V trustee, no trustee, examiner, or committee has been appointed in this chapter 11 case.

**C.      Bar Date and the Debtor's Schedules and Statements of Financial Affairs**

9.      On June 30, 2023, the Debtor filed its schedules and statement of financial affairs in the Chapter 11 Case [Docket Nos. 48 & 49].

10.      By operation of General Order of the Delaware Bankruptcy Court dated September 14, 2020, the deadline for all parties other than governmental entities to the file a proof of claims was August 15, 2023, and the deadline for governmental entities to the file a proof of claims was set for December 13, 2013.

---

[3] The Sarrao Declaration is incorporated as if fully set forth herein, and the Debtor advises all creditors and parties-in-interest to review the Sarrao Declaration and all other pleadings filed in the bankruptcy case.  Copies of all pleadings filed in the case are available on the bankruptcy court's website (www.ecf.deb.uscourts.gov) for a fee.

16300133/15

11.     As of September 14, 2023, creditors had filed or scheduled proofs of claim aggregating over $11,000,000 including $539,538.42 of secured claims, $166,856.05 of priority unsecured claims, and $10,498,325.81 of general unsecured claims.

**D.      The Plan**

12.     On September 14, 2023, the Debtor filed the Plan. Pursuant to section 1123(a)(1) of the Bankruptcy Code, the Plan designates categories of Claims that are entitled to receive Distributions under the Plan though not classified.   These categories of Claims are: (i) Administrative Expense Claims (including Fee Claims), and (ii) Priority Tax Claims (collectively, the "Unclassified Claims").

13.     In addition to the Unclassified Claims, the Plan designates three (3) classes of claims and one (1) class of equity interests in the Debtor (collectively, the "Classes"). These take into account the differing nature and priority of the various claims and equity interests under the Bankruptcy Code.  Under the Plan, claims are treated generally in accordance with the priorities established under the Bankruptcy Code.  Claims that have priority status under the Bankruptcy Code or that are secured by valid liens on collateral are to be paid in full or otherwise treated as provided in the Plan.  The Plan further contemplates that holders of allowed administrative expense claims will receive cash in the full amount of such allowed administrative expense claims on (i) the Effective Date, or (ii) on a subsequent distribution date following the date upon which such administrative expense claim becomes an allowed administrative expense claim.

14.     In accordance with section 1122 of the Bankruptcy Code, the Plan classifies holders of claims and equity interests into the following Classes for all purposes, including with respect to voting:

4

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| Class 1 | Priority Non-Tax Claims | Unimpaired | Not Entitled to Vote; Deemed to Accept |
| Class 2A | Secured Claims | Unimpaired | Not Entitled to Vote; Deemed to Accept |
| Class 2B | Secured Claims | Unimpaired | Not Entitled to Vote; Deemed to Accept |
| Class 2C | Secured Claims | Unimpaired | Not Entitled to Vote; Deemed to Accept |
| Class 2D | Secured Claims | Unimpaired | Not Entitled to Vote; Deemed to Accept |
| Class 2E | Secured Claims | Unimpaired | Not Entitled to Vote; Deemed to Accept |
| Class 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4 | Equity Interest Holders | Unimpaired | Not Entitled to Vote; Deemed to Accept |

15.     As set forth above, only the holders of claims in Class 3 (the "Voting Class") are Impaired and entitled to vote to accept or reject the Plan. Holders of claims in Classes 1, 2 and 4 (collectively, the "Unimpaired Classes") are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code and, thus, are not entitled to vote to accept or reject the Plan.

16.     Finally, as more fully set forth therein, the Plan provides in conspicuous language for the release and exculpation of the Debtor and other parties (the "Release"). Both the Plan and the notice that will be sent to creditors and parties in interest strongly recommend that all persons read the Plan in detail.

**RELIEF REQUESTED**

17.     By this Motion, the Debtor respectfully requests entry of the Solicitation Procedures Order, substantially in the form attached hereto as **Exhibit A**, (i) approving the form of the materials that the Debtor will send to parties in interest entitled to vote to accept or reject the Plan (collectively, the "Solicitation Package"), (ii) establishing a Voting Record Date and approving

procedures for distribution of the Solicitation Package, (iii) approving the form and manner of the notice of the Confirmation Hearing, (iv) approving the form of Ballot, approving the form of the notice of non-voting status to be provided to the Unimpaired Classes, and approving procedures for distribution of the consideration contemplated under the Plan, (v) establishing a voting deadline for receipt of the Ballots, (vi) approving the procedures for tabulating acceptances and rejections of the Plan; (vii) scheduling the Confirmation Hearing and establishing the deadline for filing objections to confirmation of the Plan; and (viii) granting related relief.  A summary of the key dates the Debtor seeks to establish by Solicitations Procedures Order are as follows (the "Confirmation Schedule"):[4]

| Proposed Timetable | |
|---|---|
| Plan Filing | September 14, 2023 |
| Hearing on this Motion | October 5, 2023 at 1:00 p.m. ET |
| Voting Record Date | October 5, 2023 |
| Solicitation and Plan Service Date | To be commenced within 3 business days after entry of Solicitation Procedures Order |
| Deadline to File Plan Supplement (if any) | October 30, 2023 |
| Confirmation Objection Deadline | November 6, 2023 |
| Voting Deadline | November 6, 2023 at 4:00 p.m. ET |
| Deadline to File Voting Tabulations Affidavit | November 8, 2023 |
| Deadline to File Confirmation Brief and Declaration(s) in Support of Confirmation | November 10, 2023 |
| Deadline to File Proposed Confirmation Order | November 13, 2023 at noon ET |
| Confirmation Hearing | November 15, 2023 at 11:00 a.m. ET |

## BASIS FOR RELIEF REQUESTED

18.     The Debtor has elected to proceed pursuant to Subchapter V as a small business debtor.  Accordingly, the Bankruptcy Code does not require the preparation or filing of a disclosure statement unless ordered by the Court for cause.  See 11 U.S.C. § 1181 ("Unless the court for cause orders otherwise . . . section 1125 of this title do[es] not apply in a case under this subchapter.").

---

[4] All dates to be set by the Court at the hearing on this Motion.

Here, no party has sought and the Court has not ordered the filing of a disclosure statement.  Instead, the Plan will contain sufficient information for all creditors, interest holders, and parties in interest to analyze the treatment of their claims and interests and determine whether to vote for or against the Plan.

19.    Bankruptcy Rule 3017.2 provides that in Subchapter V cases where a disclosure statement is not required to be filed the Court shall:

> (a)    fix a time within which the holders of claims and interests may accept or reject the plan;
>
> (b)    fix a date on which an equity security holder or creditor whose claim is based on a security must be the holder of record of the security in order to be eligible to accept or reject the plan;
>
> (c)    fix a date for the hearing on confirmation; and
>
> (d)    fix a date for transmission of the plan, notice of the time within which the holders of claims and interest may accept or reject the plan, and notice of the day for confirmation.

*See* Bankruptcy Rule 3017.2.

## A.    The Court Should Approve Certain Confirmation Related Deadlines.

20.    The Debtor proposes to commence service of the notice of the Confirmation Hearing no later than three (3) business days after entry of the Solicitation Procedures Order (the "Solicitation Commencement Date").  This will provide creditors and other parties in interest with approximately thirty (30) days' notice prior to the Plan Objection Deadline and approximately forty (40) days prior to the proposed date of the Confirmation Hearing.  This is consistent with Bankruptcy Rule 2002(b) which provides that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 28 days' notice by mail of the time fixed . . . for filing objections and the hearing to consider confirmation of a chapter 9 or chapter 11 plan."  Fed. R. Bankr. P. 2002(b).  The Debtor respectfully submits that

(a) the proposed form of Confirmation Hearing Notice (as defined below), (b) the notice period provided after service of the Confirmation Hearing Notice, and (c) the service of the notice for the Confirmation Hearing Notice, which will be served on all known creditor and equity security holders (but not any of the Debtor's customers that did not file Proofs of Claim) and all parties that have requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002, provide creditors with sufficient notice of the Confirmation Hearing, given the facts and circumstances of the Chapter 11 Case.

**B.      The Court Should Approve Procedures for Solicitation of the Plan.**

(i) <u>Approval of Solicitation Package</u>

21.      Bankruptcy Rule 3017(d) sets forth the materials that must be provided to creditors and equity security holders for the purposes of soliciting their votes and providing adequate notice of a hearing to confirm a plan of reorganization.

22.      In accordance with the requirements of Bankruptcy Rule 3017(d), the Debtor proposes to distribute, or cause to be distributed, by first-class mail to each Holder of a Claim in the Voting Class a Solicitation Package containing the following:

a.      the Plan and all other exhibits annexed thereto;

b.      the Solicitation Procedures Order, excluding the exhibits annexed thereto;

c.      a notice of the Confirmation Hearing, substantially in the form attached as **Exhibit 1** to the Solicitation Procedures Order (the "<u>Confirmation Hearing Notice</u>");

d.      a Ballot for each Holder of a Claim in the Voting Class, substantially in the form attached as **Exhibit 2** to the Solicitation Procedures Order, to accept or reject the Plan along with a pre-addressed return envelope; and

e.      such other materials as the Court may direct or approve, including any supplemental

8

solicitation materials the Debtor may file with the Court.

23.     Further, consistent with sections 1126(f) and (g) of the Bankruptcy Code, the Debtor proposes to distribute, or cause to be distributed, by first-class mail to all Holders of Claims in the Unimpaired Classes, as well as the Holders of Unclassified Claims, a package (the "Non-Voting Package"), which shall consist of: (a) the Confirmation Hearing Notice, and (b) a notice of nonvoting status, substantially in the form attached as **Exhibit 3** to the Solicitation Procedures Order (the "Notice of Unimpaired Non-Voting Status"). For the avoidance of doubt, the Debtor is not soliciting acceptances or rejections to the Plan from Holders of Claims or Equity Interests in the Unimpaired Classes since such Creditors and Interest Holders are not entitled to vote on the Plan, and are deemed to have accepted the Plan.

24.     Moreover, to the extent that the Office of the United States Trustee, governmental units having an interest in the Chapter 11 Case or those parties requesting notice pursuant to Bankruptcy Rule 2002 have not otherwise received a Solicitation Package prior to the Solicitation Commencement Date, the Debtor proposes to distribute, or cause to be distributed, by first-class mail to such parties the following information (collectively, the "Information Package"): (a) the Plan, together with all exhibits annexed thereto, (b) the Solicitation Procedures Order, excluding the exhibits annexed thereto, and (c) the Confirmation Hearing Notice.

(ii)     Establishing a Voting Record Date and Approval of Procedures for Distribution of Solicitation Packages

25.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes to accept or reject a plan of reorganization, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a

hearing." Fed. R Bankr. P. 3017(d).  The Debtor proposes that the Court establish the date of the hearing on this Motion as the record date (the "Voting Record Date") for purposes of determining:

(i) the Holders of Claims and Equity Interests in (a) the Voting Class, who will receive Solicitation Packages and are entitled to vote to accept or reject the Plan, and (b) the Unimpaired Classes, who will receive a Non-Voting Package and are not entitled to vote to accept or reject the Plan, and

(ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote to accept or reject the Plan as the Holder of a Claim. With respect to any transferred Claim, however, the Debtor proposes that the transferee be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if the parties have completed all actions necessary to affect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) by the Voting Record Date set forth above. The Debtor also proposes that the amount of each Holder's Claim be determined for solicitation and voting purposes as of the Voting Record Date.

26.    The Debtor expects that it will complete, or cause to be completed, the distribution of the appropriate Solicitation Package, Non-Voting Package, and Opt-Out Notice to all Holders of Claims or Equity Interests and the Participating States, as applicable, on or about three (3) business days after the Court enters the Solicitation Procedures Order.

27.    The Debtor submits that it is not required to mail Solicitation Packages or other solicitation materials to Holders of Claims that have already been paid in full during the Chapter 11 Case or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.  Out of an abundance of caution, however, the Debtor will send the Non-Voting Package to such parties.

28.     The Debtor believes that under the procedures set forth above, all parties entitled to vote to accept or reject the Plan will receive the Solicitation Package, which will include, among other things, a complete copy of the Plan.  As such, the Debtor submits that good cause exists for implementing the aforementioned procedures.

(iii)     Approval of Form and Manner of Confirmation Hearing Notice

29.     Bankruptcy Rules 2002(b) and 2002(d) require not less than twenty-eight (28) days' notice to all holders of claims and equity interests of the time fixed for filing objections to confirmation of a plan of reorganization and the hearing to consider the confirmation of a plan of reorganization. As described above, all Holders of Claims or Equity Interests will be sent a copy of the Confirmation Hearing Notice in connection with the mailing of the Solicitation Package, the Non-Voting Package, and the Information Package.  The Confirmation Hearing Notice will advise any party wishing to obtain a copy of the Plan to contact undersigned counsel.  In addition, copies of the Plan will be available to be viewed at the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website or on the website established by Stretto, Inc. ("Voting Agent").

(iv)     Approval of Forms of Ballots and Procedures for Distribution to Holders

30.     Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot to all "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Debtor proposes to distribute a Ballot to each Holder of a Claim in the Voting Class. The Ballots are based on Official Form B314 and comply with Bankruptcy Rule 3018(c), but have been modified, as discussed below, to address the particular aspects of this Chapter 11 Case and to include certain additional information that the Debtor believes is relevant and appropriate for the holders of Claims entitled to vote.  The form of the proposed Ballot that the Debtor intends to

11

distribute to Holders of Claims in the Voting Class is attached to the Solicitation Procedures Order as Exhibit 2. The Ballot will be sent to Holders of Claims in the Voting Class who are entitled to vote on the Plan. As noted above, each Ballot sent to a Holder of a Claim in the Voting Class will be individualized to such Holder and will state with specificity the proposed distribution to such Holder under the Plan.

(v)      <u>Establishment of the Voting Deadline</u>

31. Bankruptcy Rule 3017.2 provides that the Court shall fix a time within which the Holders of Claims may vote to accept or reject the Plan. See Fed. R. Bankr. P. 3017.2. The Debtor will use reasonable efforts to distribute, or cause to be distributed, the Solicitation Packages by first-class mail no later than the Solicitation Commencement Date. Based on this schedule, the Debtor respectfully requests that the Court establish **November 6, 2023 at 4:00 p.m.** (prevailing Eastern Time) (the "<u>Voting Deadline</u>") as the deadline by which all Ballots must be properly executed, completed, delivered to and actually received by the Voting Agent in order to be counted for voting purposes with respect to the Plan. Ballots must be timely returned to the Voting Agent by first class mail postage, personal delivery, or overnight courier, or submitted through the Voting Agent's electronic portal, as discussed herein. No Ballots will be accepted by e-mail, facsimile, or any other electronic format, except as otherwise provided herein.

32. The Debtor intends these dates to provide creditors and other parties in interest with at least thirty (30) days' notice prior to the Voting Deadline and prior to the proposed date of the Confirmation Hearing. The Debtor believes that a solicitation period of this length is sufficient to allow each Holder of a Claim in the Voting Class to make an informed decision to accept or reject the Plan.

(vi)     Approval of Procedures for Tabulating Acceptances and Rejections of the
Plan

33.     The Debtor proposes that each Holder of a Claim in the Voting Class shall be entitled
to vote the amount of its Claim as of the Voting Record Date.  For purposes of voting on the Plan,
with respect to all Holders of Claims against the Debtor, the Debtor proposes that the amount of a
Claim used to tabulate acceptance or rejection of the Plan should be as follows:

a.  The amount of the Claim listed in the Debtor's schedules of assets and liabilities;
unless (i) such Claim is scheduled but listed (x) as contingent, unliquidated, undetermined, or
disputed or (y) in the amount of $0.00, (ii) a Proof of Claim has been timely filed (or otherwise
deemed timely filed by the Court under applicable law), (iii) such Claim has been satisfied by
the Debtor, (iv) a Proof of Claim has been asserted in the amount of $0, or (iv) such Claim has
been resolved pursuant to a stipulation or order entered by the Court.

b.  The undisputed, non-contingent and liquidated amount specified in a Proof of Claim
timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court
under applicable law) to the extent such Proof of Claim has not been amended or superseded
by another Proof of Claim filed on or before the Voting Record Date and is not the subject of
an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by
the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

c.  If a Proof of Claim timely filed with the Court or the Voting Agent (or otherwise
deemed timely filed by the Court under applicable law) has been amended by a later Proof of
Claim filed on or before the Voting Record Date, the later filed amending claim shall be entitled
to vote in a manner consistent with these tabulation rules, and the earlier filed Proof of Claim
shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such

13

amended claim.

d.  If a Proof of Claim has been timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

e.  If a claim is proposed to be treated as Allowed under the Plan, such claim is allowed for voting purposes in the deemed Allowed amount set forth in the Plan.

f.  If a claim is temporarily allowed by the Court for voting purposes pursuant to Bankruptcy Rule 3018, such claim is allowed for voting purposes in the amount permitted by the Court's order.

g.  Except as otherwise provided in subsection (c) hereof, a Ballot cast by an alleged Creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown, or uncertain amount that is not the subject of a claim objection filed on or before the Voting Deadline shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate Claim amount requirement of section 1126(c) of the Bankruptcy Code has been met.

h.  Except as otherwise provided in subsection (c) hereof, if a Creditor casts a Ballot and has timely filed a Proof of Claim (or has otherwise had a Proof of Claim deemed timely filed by the Court under applicable law), but the Creditor's Claim is the subject of a claim objection filed by the Voting Deadline, the Debtor requests, in accordance with Bankruptcy Rule 3018(a), that the Creditor's Ballot not be counted.

34.    The Debtor further requests that the following voting procedures and standard assumptions be used in tabulating the Ballots:

a.  Creditors with multiple Claims within the Voting Class must vote all such Claims in the Voting Class to either accept or reject the Plan, and may not split their vote(s). Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Class will not be counted.

b.  In the event a Claim is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Voting Record Date.

c.  The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot or the Ballot is accepted through the Voting Agent's online Ballot submission portal on the Voting Agent's website.

d.  If a Holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline shall supersede and revoke any earlier received Ballot, and only the last Ballot received before the Voting Deadline shall be counted.

e.  If a Holder of a Claim casts multiple Ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

f.  If a Holder of a Claim submits a duplicate paper Ballot and an electronic Ballot (as provided for using the E-Ballot platform on the Voting Agent's website), only the electronic Ballot will be counted.

g.  Unless otherwise provided, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection only by filing a

noticed motion as provided for in Rule 3018(a).

h.   Subject to any contrary order of the Court, the Debtor reserves the right to reject any and all Ballots that are not in proper form.

i.   Subject to any contrary order of the Court, the Debtor reserves the right to waive any defects, irregularities or conditions of delivery as to any particular Ballot, including failure to timely file such Ballot.

j.   Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Court) determines, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

k.   Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any such party incur any liability for failure to provide such notification. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted (except as set forth in subsection (j) above).

l.   The following Ballots shall not be counted in determining acceptance or rejection of the Plan:

> (i)      any Ballot that is otherwise properly completed, executed and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan;

> (ii)     any Ballot received after the Voting Deadline, except in the Debtor's discretion, or by order of this Court;

> (iii)    any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

> (iv)     any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor;

16

(v)     any Ballot that partially accepts, or partially rejects, the Plan;

(vi)    any Ballot cast by a Person or Entity that does not hold a Claim in the Voting Class;

(vii)   any unsigned Ballot or Ballot without an original signature, except for ballots cast using the Voting Agent's electronic portal and except in the Debtor's discretion; and

(viii)  any Ballot transmitted to the Voting Agent by facsimile, e-mail, or other electronic means, except for ballots cast using the Voting Agent's election portal or otherwise permitted.

35.     In addition, the Debtor requests that, to the extent a Holder of a Claim in the Voting Class has filed (i) duplicate Proofs of Claim with respect to a single Claim against the Debtor, or (ii) Proofs of Claim amending previous Proofs of Claim with respect to the Debtor, such Holder of a Claim shall be entitled to receive only one Solicitation Package and one Ballot for voting such Claim, whether or not the Debtor has objected to such Claim(s).

36.     Notwithstanding the foregoing, the following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

a.      any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan;

b.      any Ballot received after the Voting Deadline, except in the Debtor's discretion or by order of this Court;

c.      any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d.      any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor;

e.    any Ballot that partially accepts, or partially rejects, the Plan;

f.    any Ballot cast by a Person or Entity that does not hold a Claim in the Voting Class;

g.    any unsigned Ballot or Ballot without an original signature, except in the Debtor's discretion; and

h.    any Ballot transmitted to the Voting Agent by facsimile, e-mail, or other electronic means, unless otherwise permitted.

37.    Any Class of Claims that does not have a Holder of an Allowed Claim or a Claim that has been temporarily allowed by the Court as of the date of the Confirmation Hearing will be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to Bankruptcy Code section 1129(a)(8) of the Bankruptcy Code. Parties should not return any stock certificates, debt instruments, or other evidence of their Claim(s) with their Ballot(s).

38.    The Debtor requests that the Court fix **November 8, 2023** as the deadline for the Debtor to file its affidavit verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan, including which parties, if any, opted out of the Release and including whether any Ballots were not accepted, or were rejected, and the reason for such.

39.    The Debtor submits that the proposed tabulation rules and other related vote tabulation procedures set forth above will establish a fair and equitable voting process and, therefore, should be approved.

**C.    The Confirmation Hearing Notice Should Be Approved.**

40.    The Debtor is requesting that the Court set the Confirmation Hearing to consider confirmation of the Plan for **November 15, 2023 at 11:00 a.m. (ET).**

16300133/15

41.      This will provide the Debtor with sufficient time to solicit votes on the Plan and to provide adequate notice of the Confirmation Hearing to all parties in interest.  The Debtor also requests that the Court order that the Confirmation Hearing may be continued from time to time without further notice to parties in interest.

42.      The Debtor proposes to provide all known creditors and interest holders (for the avoidance of doubt, this does not include customers of the Debtor that did not file Proofs of Claim), parties filing a notice of appearance in the Chapter 11 Case, and the Participating States (the "Notice Parties") with a copy of the Confirmation Hearing Notice as part of the Solicitation Package, Non-Voting Package, or Information Package, as applicable, and as set forth above.

43.      Bankruptcy Rule 3020(b) provides that objections to confirmation of a proposed plan of reorganization must be filed with the bankruptcy court and served on the debtor, the trustee, any committee appointed under the Bankruptcy Code, and on any other entity designated by the bankruptcy court, within a time specified by the bankruptcy court. In addition, pursuant to Local Rule 9006-1(c), the deadline for objections shall be no later than seven (7) days before the hearing date. *See* Del. Bankr. L.R. 9006-1.

44.      Accordingly, the Debtor propose that the Court fix **November 6, 2023 at 4:00 p.m.** (prevailing Eastern Time) (the "Plan Objection Deadline") as the deadline for filing and serving written objections (a "Plan Objection") to confirmation of the Plan (including any supporting memoranda).  The Debtor believes that the Plan Objection Deadline will permit Holders of Claims and Equity Interests and other parties in interest sufficient time to review the Plan, and file any Plan Objections, if necessary.  As such, the Debtor will provide known Creditors and Equity Interest Holders with at least twenty-eight (28) days' notice of the Plan Objection Deadline, satisfying Bankruptcy Rule 2002(b).

16300133/15

45.     The Debtor also requests that the Court direct that Plan Objections, if any, shall (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Equity Interest of such party; (iii) state with particularity the legal and factual basis and nature of any Plan Objection; and (iv) be filed with the Court, together with proof of service, and served via electronic mail so that they are received on or before the Plan Objection Deadline on counsel to the Debtor, counsel to the Committee, the United States Trustee and the Subchapter V Trustee.

46.     The Debtor further proposes that it, or any other party supporting Confirmation of the Plan, be afforded an opportunity to file a confirmation brief and/or response to any Plan Objections and any declaration in support of confirmation no later than **November 10, 2023.**

47.     The Debtor further proposes that the Court set a deadline of **November 13, 2023 at noon (ET)** to file proposed findings of fact and conclusions of law with a form of order confirming the Plan, and may file any memorandum of law in support of confirmation of the Plan.

48.     The Debtor respectfully submits that the foregoing schedule is in the best interests of Holders of Claims and Equity Interests and other parties in interest as it provides sufficient notice of the Debtor's anticipated timeline for emerging from the Chapter 11 Case and comports with the requirements of the Bankruptcy Rules and the Local Rules and request that the Court approve such service and notice as adequate.

**D.     Additional Process and Procedure**

(i) <u>Non-Substantive Changes</u>

49.     The Debtor requests authorization to make non-substantive changes to the Plan, the Ballots, the Notices and any related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make nonmaterial conforming changes among the Plan, and any other materials in the Solicitation

Packages, the Non-Voting Packages, and/or the Information Packages prior to the distribution of such materials.

        (ii)     <u>Copies and Review of Documents</u>

Copies of the Plan and all pleadings and orders of the Court are publicly available for a fee via PACER at: <u>http://www.deb.uscourts.gov</u>. Such documents and pleadings may also be obtained from the undersigned counsel for the Debtor.

<u>**NOTICE**</u>

50.    Notice of this Motion shall be provided on the date hereof via U.S. first class mail to: (i) the U.S. Trustee; (ii) the Subchapter V Trustee; (iii) the Internal Revenue Service; (iv) Securities and Exchange Commission; (v) the United States Attorney's Office for the District of Delaware; (vi) the holders of the twenty (20) largest unsecured claims against the Debtor; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b). In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the

Court enter the Solicitation Procedures Order and grant such other and further relief as this Court

deems just and proper.

DATED: September 14, 2023          **MORRIS JAMES LLP**

*/s/ Brya M. Keilson*
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: jwaxman@morrisjames.com
Email: bkeilson@morrisjames.com

*Counsel for the Debtor and Debtor in
Possession*