**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC.,[1] | Case No. 23-10787 (JKS) |
| Debtor. | **Obj. Deadline: October 6, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: October 19, 2023 at 4:00 p.m. (ET)** |

### DEBTOR'S APPLICATION FOR RETENTION AND APPOINTMENT OF STRETTO, INC.AS BALLOTING AGENT EFFECTIVE AS OF SEPTEMBER 14, 2023

The above-captioned Debtor and Debtor in possession (the "Debtor") states as follows in support of this application:[2]

### Relief Requested

1.     The Debtor seek entry of an order, substantially in the form attached hereto as **Exhibit A** (respectively, the "Order"), appointing Stretto, Inc. ("Stretto") as balloting agent ("Balloting Agent") in the Debtor's chapter 11 case (the "Chapter 11 Case") effective as of September 14, 2023, in accordance with the terms and conditions set forth in that certain Engagement Agreement between the Debtor and Stretto effective as of September 14, 2023 (the "Engagement Agreement"), a copy of which is attached hereto as **Exhibit C**. In support of this application, the Debtor submits the declaration of Sheryl Betance (the "Betance Declaration"), attached hereto as **Exhibit B**.

---

[1] The last four digits of the Debtor's federal tax identification number are 7197. The Debtor's address is 1990 S. Bundy Drive, Suite 600, Los Angeles CA 90025.

[2] A detailed description of the Debtor and its business, and the facts and circumstances supporting the Debtor's chapter 11 case, are set forth in greater detail in the *Declaration of Michael Sarrao, Executive Vice President, General Counsel, and Secretary of Alecto Health Services LLC, in Support of First Day Motions* (the "First Day Declaration") filed contemporaneously with the Debtor's voluntary petitions for relief filed under chapter 11 of the Bankruptcy Code on June 16, 2023 (the "Petition Date"). Capitalized terms used but not otherwise defined in this Application shall have the meanings given to them in the First Day Declaration.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtor confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Bankruptcy Court in connection with this application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 2014(a) and 2016, and Local Rule 2014-1.

5.      On June 16, 2023 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition for relief under chapter 11 the Bankruptcy Code, and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended.

6.      On September 14, 2023, the Debtor filed the *Small Business Debtor's Plan of Reorganization Proposed by the Debtor* [Docket No. 154] (the "Plan"), and a *Motion for an Order (I) Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto; and (II Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto*

[Docket No. 155] (the "Solicitation Motion").  As set forth in the Solicitation Motion, the Debtor anticipated retaining a balloting agent in connection with the solicitation of the Plan, tabulation of ballots, preparation and filing of a voting declaration, and testimony at the confirmation hearing.

7.     Prior to the Petition Date, the Debtor was engaged in litigation with certain claimants (the "Reed Creditors").  Since the Petition Date, the Debtor, on the one hand, and the Reed Creditors and one other creditor, on the other hand, have been engaged in litigation with respect to the appointment of a creditors' committee.  Even after the Court issued its decision with respect to the underlying motion, the Reed Creditors insisted upon receiving the at least some of the Debtor's work product, which the Debtor would not agree to provide.  The Debtor anticipate that the confirmation of the Plan will be similarly litigious.  The Debtor believes that, under the circumstances, the retention of Stretto as Balloting Agent is a sound an exercise of its business judgment.

8.     Although the Chapter 11 Case is a proceeding in subchapter v, and has a small creditor body, there is a need for the Balloting Agent in this case. First and foremost, there will need to be voting on the Plan, the preparation of a voting declaration, and someone available to testify at the confirmation hearing.  From an economic perspective, hiring Stretto as Balloting Agent is likely less expensive than having Morris James perform the same tasks.

9.      Second, given the level of acrimony in this case, hiring Stretto is prudent. Were Morris James to serve as Balloting Agent an attorney it would have to prepare and submit a voting declaration and be available for testimony.  The Debtor does not believe that it is prudent to put its counsel in a situation where it is both an advocate for confirmation of the Plan and a witness.

10.    Based upon the foregoing, the Debtor believes that the retention of the Stretto as Balloting Agent is in the best interest of the Debtor, its estate and its creditors.

16315085/1

**Stretto's Qualifications**

11.     Stretto is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Stretto's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.  Stretto has substantial experience in matters of this size and complexity, and has acted as the official balloting agent and/or administrative advisor in many large bankruptcy cases pending in this District, including: *In re Internap Holding LLC*, Case No. 23-10529 (CTG) (Bankr. D. Del. May 26, 2023); *In re AmeriMark Interactive, LLC*, Case No. 23-10438 (TMH) (Bankr. D. Del. May 8, 2023); *In re Allegiance Coal USA Ltd.*, Case No. 23-10234 (CTG) (Bankr. D. Del. Apr 10, 2023); *In re Ryze Renewables II, LLC*, Case No. 23-10289 (BLS) (Bankr. D. Del. Apr. 11, 2023); *In re AD1 Urban Palm Bay, LLC*, Case No. 23-10074 (KBO) (Bankr. D. Del. Mar. 27, 2023); *In re Quanergy Systems, Inc.*, Case No. 22-11305 (CTG) (Bankr. D. Del. Jan. 11, 2023); *In re Sears Authorized Hometown Stores, LLC*, Case No. 22-11303 (BLS) (Bankr. D. Del. Jan. 5, 2023); *In re Fast Radius, Inc.*, Case No. 22-11051 (JKS) (Bankr. D. Del. Dec. 7, 2022); *In re Clarus Therapeutics Holdings, Inc.*, Case No. 22-10845 (MFW) (Bankr. D. Del. Nov. 29, 2022); and *In re Phoenix Services Topco, LLC*, Case No. 22-10906 (MFW) (Bankr. D. Del. Oct. 25, 2022).

**Services to be Provided**

12.     Pursuant to the Engagement Agreement, the Debtor seek to retain Stretto to provide, among other things, the following bankruptcy solicitation and administration services, if and to the extent requested:

(a)     Assist with, among other things, solicitation, balloting, and tabulation of votes; prepare any related reports, as required in support of confirmation of a chapter 11 plan;

(b)     Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)     Provide a confidential data room; and

(d)     Provide such other solicitation, balloting and other administrative services described in the Engagement Agreement, as may be requested from time to time by the Debtor, the Bankruptcy Court or the Office of the Clerk of the Bankruptcy Court.

13.     Stretto's appointment as Balloting Agent will provide the Debtor with experienced professionals and services that are essential to a successful reorganization. Stretto will coordinate with the Debtor's other retained professionals in this case to avoid any unnecessary duplication of services. Accordingly, the relief requested in this application is in the best interests of the Debtor's estate and all parties in interest.

## **Professional Compensation**

14.     The fees Stretto will charge in connection with providing services to the Debtor are set forth in the Engagement Agreement. The Debtor submits that Stretto's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtor conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Stretto as Balloting Agent. The Debtor believes Stretto's rates are more than reasonable given the quality of Stretto's services and its professionals' bankruptcy expertise. Additionally, Stretto will seek reimbursement from the Debtor for reasonable expenses in accordance with the terms of the Engagement Agreement.

15.     The Debtor has not provided Stretto with any deposit or retainer.

16.     Stretto intends to apply to the Bankruptcy Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it

provides as Balloting Agent pursuant to the Engagement Agreement. Stretto will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in this chapter 11 case regarding professional compensation and reimbursement of expenses.

17.     Additionally, under the terms of the Engagement Agreement, the Debtor have agreed to indemnify, defend and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Stretto's gross negligence, willful misconduct, or as otherwise provided in the Engagement Agreement. The Debtor believes that such an indemnification obligation is customary, reasonable and necessary to retain the services of a Balloting Agent in this chapter 11 case.

### Disinterestedness

18.     Stretto has conducted a conflicts analysis to determine whether it has any relationships with the creditors and parties in interest provided by the Debtor, and, to the best of the Debtor's knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtor's estate in connection with any matter on which it would be employed.

19.     Stretto believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Stretto will supplement its disclosure to the Bankruptcy Court if any facts or circumstances are discovered that would require such additional disclosure.

16315085/1

**Basis for Relief**

20.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Bankruptcy Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

21.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

22.     As noted above, there will need to be a voting declaration prepared and filed in support of confirmation, and someone available to testify at the confirmation hearing.  From an economic perspective, hiring Stretto as Balloting Agent is likely less expensive than having Morris James perform the same tasks.   More than that, if Morris James were to serve as Balloting Agent an attorney it would have to prepare and submit a voting declaration and be available for testimony.  Hiring Stretto avoids the situation where counsel would need to serve as both an advocate for confirmation of the Plan and a witness.

23.     Accordingly, the Debtor respectfully requests the Bankruptcy Court enter an order appointing Stretto as the Balloting Agent in this chapter 11 case pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## Notice

24.     The Debtor will provide notice of this application to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) The subchapter v Trustee; and (i) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

25.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Bankruptcy Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Bankruptcy Court deems appropriate under the circumstances.

DATED: September 22, 2023             **MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: jwaxman@morrisjames.com
Email: bkeilson@morrisjames.com

*Counsel for the Debtor and Debtor in Possession*