**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ALECTO HEALTHCARE SERVICES LLC.,<br><br>Debtor.[1] | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS)<br><br>**Objection Deadline: October 20, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: November 7, 2023 at 11:00 a.m. (ET)** |

**DEBTOR'S MOTION REQUESTING APPROVAL TO WIND UP CERTAIN**
**NON-OPERATING ENTITIES PURSUANT TO 11 U.S.C. §§ 105 & 363(b)(1)**

Alecto Healthcare Services LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, seeking relief under sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the Debtor to wind up certain non-operating subsidiary entities, and (ii) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this chapter 11 case and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to the entry of a final judgment or order with respect to the Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      The statutory basis for the relief requested in this Motion are sections 105 and 363 of the Bankruptcy Code and Rule 6004 of the Bankruptcy Rules.

**BACKGROUND**

5.      On June 16, 2023 ("Petition Date"), the Debtor filed voluntary petition for relief under chapter 11, Subchapter V of the Bankruptcy Code, thereby commencing the above captioned chapter 11 case (the "Case"). The Debtor continues to operate its business and manage its properties as debtor-in-possession.

6.      On the Petition Date, the Debtor had two operating subsidiaries: (i) Sherman/Grayson, which filed its own voluntary Chapter 11 bankruptcy during which its assets were sold and the Debtor may realize some value on account of its claim, and (ii) Alecto Healthcare Services Hayward LLC.  The Debtor also was the direct or indirect parent of a number of other entities.  Attached hereto as **Exhibit B** is an organizational chart of the Debtor and its affiliates.

7.      On June 20, 2023, Jami Nimeroff was appointed as the Subchapter v Trustee in the Chapter 11 Case.

8.      Since the Petition Date, the Debtor has continued to maintain several non-operational entities, including the following entities, each of which are non-operational and have never had any operations, assets, or liabilities:

   a. Alecto East Ohio Physicians, Inc., an Ohio corporation, formed on or about March 3, 2017.

    b. Alecto Healthcare Real Estate Holdings LLC, a Delaware limited liability company, formed on or about June 30, 2014.

    c. United Medical Management, LLC, a California limited liability company, formed on or about April 23, 2014.

(collectively, the "<u>Alecto Non-Operational Entities</u>")

9. The maintenance of the Alecto Non-Operational Entities is causing the Debtor to continue incurring annual incorporation and registered agent fees.

## RELIEF REQUESTED

10. By this Motion, the Debtor seeks entry of an order pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 6004, (i) authorizing the Debtor to wind up certain non-operating subsidiary entities, and (ii) granting related relief.

## BASIS FOR RELEIF

**I. The Wind Up of the Alecto Entities is an Exercise of the Debtor's Sound Business Judgment**

11. As a prefatory matter, the Debtor does not believe that Court approval for the Debtor's to wind up the Alecto Non-Operational Entities, and the dissolution of the corporate entities is within the ordinary course of business and therefore Bankruptcy Court approval is not required. Given the litigiousness of certain creditors in this case, the Debtor believes that seeking entry of an order by this Court is more prudent than the Debtor taking actions without judicial approval after notice and an opportunity for hearing.

12. Section 363(c) of the Bankruptcy Code provides in relevant part as follows:

**(c)(1)** If the business of the debtor is authorized to be operated under section 721, 1108, 1183, 1184, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

Further, Section 105(a) of the Bankruptcy Code provides

> (a)The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

13. Section 363 of the Bankruptcy Code does not mention business judgment in relation to the use of property of the estate, but courts have recognized it as a requirement in a § 363 motion. *See In re Dura Auto. Sys., Inc.*, 2007 WL 7728109, at *92 (Bankr. D. Del. Aug. 15, 2007) ("Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor."); *see also In re Filene's Basement, LLC*, 2014 WL 1713416, at *12 (Bankr. D. Del. Apr. 29, 2014) ("Transactions under § 363 must be based upon the sound business judgment of the debtor or trustee.").

14. Typically, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). When courts find a valid business justification exists to explain an action, a strong presumption follows that the decision was decided in good faith and is in the best interest of the estate, and the burden of rebutting that presumption falls on parties opposing the decision. *See In re MF Glob. Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012); *see also Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985) ("[I]n making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company."). Where a debtor's action is found to satisfy the business judgment rule, the

4

transaction at issue should be approved pursuant to section 363(b)(1). *In re Dura Auto. Sys., Inc.*, 2007 WL 7728109, at *92 (Bankr. D. Del. Aug. 15, 2007).

15. In this case, the matter before the Court should present a clear example of the Debtor's sound business judgment. The Debtor is seeking to wind up several non-operational entities that: (i) produce nothing; (ii) provide no value to the estate; and (iii) are actively draining valuable resources from the estate in the form of operating costs. The idea is to reduce the costs on the estate as continued operation of these entities provide no value. The Alecto Non-Operational Entities have had no activity for over a year. It is the antithesis of sound business judgment to continue paying the costs associated with non-operational entities when going through reorganization where the whole goal is to maximize the value to the estate. Continued payment of these costs associated with the Alecto Non-Operational Entities would result in less value available to the Debtor's creditors.

16. Based upon the foregoing, the wind up and dissolution of the Debtor's non-operational entities is a sound exercise of the Debtor's sound business judgment, and the Court should grant the Motion.

[*remainder of page left intentionally blank*]

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests this Court (i) grant the Motion to Wind Up in its entirety; and (ii) grant such other and further relief as may be just and proper.

Dated: October 6, 2023                    **MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

*Counsel to the Debtor and Debtor in Possession*