**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Alecto Healthcare Services LLC, [1] | ) | Case No. 23-10787 (JKS) |
| | ) | |
| Debtors | ) | **Related Docket No. 155** |

**OBJECTION OF THE REED ACTION JUDGMENT CREDITORS
TO MOTION OF THE DEBTOR FOR AN ORDER (I) SCHEDULING A
HEARING ON PLAN CONFIRMATION AND DEADLINES RELATED
THERETO; AND (II) APPROVING THE SOLICITATION, NOTICE
AND TABULATION PROCEDURES AND THE FORMS RELATED THERETO**

The Reed Action Judgment Creditors, by and through undersigned counsel, hereby object to the *Motion of the Debtor for an Order (i) Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto; and (ii) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto* [Docket No. 155] (the "Solicitation Motion"). In support of their Objection, the Reed Action Judgment Creditors respectfully state as follows:

**BACKGROUND**

1. The Reed Action Judgment Creditors hold a liquidated, non-contingent and undisputed claim against the Debtor in the amount of $3,274,861.58, which is the largest liquidated and undisputed claim listed on the Debtor's schedules, other than intercompany claims.

2. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 16, 2023, and elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended. On September 14, 2023, the Debtor filed its *Small Business Debtor's Plan of Reorganization Proposed by the Debtor* [Docket No. 154]. The Debtor filed the Solicitation Motion the same day.

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

3. According to the Debtor's Schedules of Assets and Liabilities [Docket No. 48], the Debtor has nonpriority unsecured claims in the amount of approximately $16 million, including the claims of governmental entities but not including the claims of affiliated entities. The Plan provides the following treatment for Class 3 Allowed General Unsecured Claims:

> After payment in full of all Secured Claims, all Allowed Administrative Claims, and all Allowed Priority Claims in full, Allowed General Unsecured Claims will be paid the Debtor's projected disposable income on a pro rata basis. Pro rata Distributions will be made to Holders of Allowed General Unsecured Claims on an annual basis with the first Distribution to be made twelve months after the Effective Date.

Plan § IV.2.c (p. 25).

4. The Debtors propose to fund the Plan

> with available Cash on hand on the Effective Date and the Debtor's projected disposable income generated by the ongoing operations of the Debtor. For a period of three (3) years, the Debtor will contribute (i) its entire projected disposable income, in an aggregate amount of no less than $635,549, (ii) any residual value received by the Debtor on account of the Debtor's direct and indirect subsidiaries including the claim filed in the bankruptcy case of Sherman/Grayson Hospital, LLC, and (iii) the proceeds of any Cause of Action, including any settlement proceeds received on account of such claims.

Plan, Article II (p. 6). The Debtor expects to have cash on hand of approximately $50,000 as of the effective date of the Plan. Plan § IV.5.a. The Reed Action Judgment Creditors understand that $635,549 projected disposable income is the aggregate amount for the three-year distribution period. This amount is net of the costs to fund its operations, including the payment of (i) $750,000 per year to Laxman Reddy, the Debtor's President and CEO, (ii) $300,000 to Matt Williams, the Debtor's CFO, and (iii) the cost of medical, dental and vision insurance for Michael Sarrao, the Debtor's EVP and General Counsel. Plan § IV.7.

5. The Debtor projects that administrative claims will total $452,000 as of the effective date of the Plan. Plan, § IV.1.a. The Debtors will also have to pay post-effective date legal fees (*id.*).

6. As set forth in Section III.9 of the Plan (p. 16), the Debtor, subject to Court approval, retained the forensic accounting firm of Gould Consulting Services ("Gould") on or about August 25, 2023, and requested that Gould "conduct a forensic analysis of cash transactions into and out of the Debtor's bank accounts to identify (i) cash payments and loans to, or for the benefit of, officers, director, shareholders, and related-parties ("Insiders"), and (ii) potentially voidable transfers to Insiders, if any." *Id.* The Plan further provides that, "[a]t the conclusion of its investigation and analysis, [Gould] will prepare a letter report of its findings on completion of work to the Independent Director for his consideration as to the merit and value of such claims, if any, including such other factors as the costs of litigation and collectability on account of such claims." *Id.*, p. 17. Gould anticipates that its letter report will be completed by September 30, 2023. *Id*.

7. Although the Debtor's application to retain Gould states that Gould will "report directly to Morris James LLP with all reports, communications, and work product,"[2] the plan states that "[o]nce the Independent Director has finalized his conclusions, the Debtor will supplement the Plan to include a synopsis of the merits and anticipated value of such potential estate claims." *Id.* The Plan further provides that "to the extent that the Independent Director determines that there are any valid Causes of Action, the Debtor may create a liquidating trust with an independent third party to pursue such claims…." Plan § V.2. Accordingly, it appears that the Plan contemplates that the Debtor's Insiders, not the Independent Director, will ultimately make the decision whether to pursue claims against Insiders. This provision of the Plan is inconsistent with the Debtor's Board Resolution dated August 19, 2023, which includes the following resolution: "to the extent

---

[2] *Debtor's Application for Entry of an Order Authorizing and Approving the Employment of Gould Consulting Services as Forensic Investigation Consultant to the Debtor Nunc Pro Tunc to August 25, 2023* [Docket No. 138], ¶ 17.

not already provided, Mr. Balasiano's appointment as an independent director of the Company shall include authority to investigate potential claims against the Company's affiliates and insiders, and to bring any such actions as he believes in his sole discretion are valid." Resolution attached to *Debtor's Objection to the Reed Action Judgment Creditors Motion to Appoint a Creditors Committee*, at D.I. 127-2, and attached hereto as Exhibit A.

## **OBJECTION**

8. The case docket reflects that the Debtor has requested that the Court schedule an omnibus hearing on November 29, 2023. The Reed Action Judgment Creditors anticipate that at the hearing on the Solicitation Motion, the Debtor will request a hearing on confirmation of the Plan on that date, with an objection deadline no later than one week prior to the hearing. The Reed Action Judgment Creditors object to this schedule because the Plan is not ready for solicitation.

9. The Debtor's causes of action against Insiders could well be the most significant assets available for distribution to Class 3 Allowed Unsecured Creditors. This is especially true given the meager distribution that holders of Class 3 will receive without the Insider causes of action. But the Plan in its current form does not provide enough information for holders of Class 3 Claims to determine whether to vote to accept the Plan, because it is devoid of any meaningful information regarding the potential value of these causes of action.

10. While the Plan does provide that the Debtor will supplement the Plan to include a synopsis of the merits and anticipated value of these causes of action (Plan § III.9), that has not yet occurred, and it is far from certain when that will occur. In the Plan, the Debtor anticipated that Gould would submit the letter report to the Independent Director by September 30, 2023. *Id*. After Gould submits its letter report, the Independent Director must review the report and make his conclusions regarding the potential causes of action prior to the Debtor's supplement to the

Plan can be completed. *Id.* Moreover, after the Debtor's supplement the Plan to include its synopsis of these causes of action, the Reed Action Judgement Creditors may need to conduct discovery regarding the Independent Director's conclusions and the synopsis of the merits and anticipated value of the potential Insider causes of action.

11. Given the importance of Insider causes of action to Class 5 Creditors, it was inappropriate for the Debtor to file the Solicitation Motion before filing an amended Plan that includes a synopsis of the merits and anticipated value of these causes of action. It does not appear that there is any urgent need for Plan confirmation in November and, while the Bankruptcy Code's Subchapter V provisions set a deadline to file a plan, they do not set a deadline for confirmation of that plan.

12. The Debtor's anticipated confirmation schedule will require expedited discovery on the potential Insider causes of action central to this case. With the hearing on the Solicitation Motion scheduled for hearing on October 19, 2023, the Reed Judgment Creditors would have no more than 34 days from October 19 to both (1) prepare and take discovery related to the existence, value and treatment of potential causes of action, and (2) prepare and file any confirmation objection by objection deadline.[3] This is an extremely difficult lift given the fact-intensive nature of the those potential causes of action. There is no case exigency mandating that this discovery be conducted on such an expedited basis. The Debtor has sold all of its hospital operations, and its primary activity is providing the executive employees to the St. Rose hospital under a management contract, an obligation it expects to fulfill for at least several more years.

---

[3] While the Court indicated at the hearing on August 28, 2023, that the Debtor should be sharing certain information with creditors, the Reed Action Judgment Creditors have not yet received any information from the Debtor relating to potential fraudulent transfer claims.

13. The Debtor's Solicitation Motion should be denied, and the Debtor should be required to re-file a solicitation procedures motion within the time required by the Local Rules after it has filed its Amended Plan. This will provide parties-in-interest time to formulate their positions on solicitation timing and present those views to the Court at the hearing in an informed way.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Reed Action Judgment Creditors respectfully request that this Honorable Court enter an order denying the Solicitation Motion except to the extent it is re-filed consistent with this Objection and grant such other and further relief as is just and proper.

Date:  October 9, 2023
       Wilmington, DE

**SULLIVAN · HAZELTINE · ALLINSON LLC**

 /s/ William D. Sullivan
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
          whazeltine@sha-llc.com

-and-

Colten L. Fleu, Esq.
Mountain State Justice, Inc.
1217 Quarrier St.
Charleston, WV 25301
Tel: (304) 326-0188
Email:  colten@msjlaw.org

-and-

John Stember, Esq.
Maureen Davidson-Welling, Esq.
Stember Cohn & Davidson-Welling, LLC
The Harley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219
Tel: 412-338-1445
Email:  jstember@stembercohn.com
        mdavidsonwelling@stembercohn.com

*Attorneys for the Reed Action Judgment Creditors*