**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ALECTO HEALTHCARE SERVICES LLC,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS)<br><br>**Re: Docket Nos. 155** |

**STATEMENT BY THE DEBTOR WITH RESPECT TO CLARIFICATION**
**WITH RESPECT TO THE SOLICITATION AND VOTING OF CREDITORS**

The above-captioned debtor (the "Debtor"), by and through its underlying counsel, submits this statement with respect to an issue in connection with the *Debtors' Motion for an Order (I) Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto; and (II) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto* [Docket No. 155] (the "Solicitation Motion"), and in support thereof, the Debtor respectfully submits as follows:

**BACKGROUND**

1.  Prior to June 16, 2023 (the "Petition Date"), the Debtor was a defendant in a class action civil action (the "Reed Action") commenced by Keith Reed and other parties on behalf of themselves and on behalf of others similarly situated (the "Reed Creditors") in the United States District Court for the Northern District of West Virginia (the "WVA District Court"). November 23, 2022, the Reed Creditors and the defendants in the action, including the Debtor, filed a joint status report with the WVA District Court (the "Status Report"). A copy of the Status Report is attached as **Exhibit A** hereto. As set forth therein, the Status Report expressly sets forth the names of all of the Reed Creditors and the amounts of their respective claims. On November 28, 2022,

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

16362629/1

the WVA District Court granted a judgment to the Reed Creditors in the Reed Action. The judgment in the Reed Action is now final.

2. Since the Petition Date, a single proof of claim was filed by the counsel on behalf of the "Reed Action Judgment Creditors." [Proof of Claim No. 19]. Upon information and belief, none of the other Reed Creditors filed a proof of claim.

3. On September 14, 2023, the Debtor filed a Small Business Subchapter V Plan [Docket No. 154] (as subsequently revised, the "Plan") and substantially contemporaneously therewith, the Debtor filed the Solicitation Motion. On October 9, 2023, the Debtor filed a revised form of the Plan [Docket No. 170].

## ISSUE FOR CONSIDERATION

4. Although multiple parties filed objections to the Solicitation Motion, the Debtor files this Statement to address an issue that was **not** addressed by either the Solicitation Motion or any objection thereto; specifically, whether each of the Reed Action Judgment Creditors is entitled to notice of the Plan and whether they are entitled to vote. Although not necessary for an immediate determination as the notice and voting rights, there is also an ancillary issue of whether the Reed Action Judgment Creditors need to file a Rule 2019 Statement now that judgment has been entered in the Reed Action, accordingly, it is unclear whether Bankruptcy Rule 2019(b)(2)(C) remains applicable.

5. To be clear: the Debtor is not advocating for a position as to the individual notice and voting rights of the Reed Action Judgment Creditors. Rather, the Debtor is aware of the well-worn maxim that "the relief that you receive is only as good as the notice you provide." Accordingly, the Debtor wants to make sure that, prior to solicitation of the Plan, that solicitation

and voting of the Plan the Court makes a determination one way or the other than notice and voting are appropriate under the facts of this case.

6. The Debtor is a small company, with limited finances, so it is acutely aware of the costs of soliciting more than 400 individual creditors, many of which have claims in a relatively small amount. Further, the underlying facility was closed in or about October 2019, so it is likely that at least some of the Reed Creditors have moved since their employment by the Debtor's affiliate, so is virtually certain that the Debtor would not have the correct address for at least some of the individual Reed Creditors.

7. That having been said, the Debtor is concerned about providing appropriate notice and not improperly disenfranchising known creditors. The worst-case scenario is that the Debtor relies upon the class representation and the proof of claim filed by counsel and does not serve a copy of the Plan upon individual Reed Creditors without first having the Court make a determination as to noticing and voting, and subsequently, one or more of the Reed Creditors assert that the terms of the Plan are not binding upon them because they did not receive notice and the right to vote. In order to avoid that hypothetical scenario, at the hearing to consider the Solicitation Motion, the Debtor will seek a determination by the Court as to appropriate noticing and voting for individual Reed Creditors

8. The Debtor has raised the foregoing issues with counsel for the Reed Creditors, the Subchapter v Trustee, and the United States Trustee, and nothing herein is intended to adversely affect their rights, and the rights of any party with respect to the foregoing are reserved. Rather, the Debtor submits this statement so that the Court is aware of, and can consider, the foregoing

issues prior to the hearing to consider the Solicitation Motion.

Dated: October 17, 2023 **MORRIS JAMES LLP**

/s/ *Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Brya M. Keilson (DE Bar No. 4643)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel: (302) 888-6800
Fax: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: bkeilson@morrisjames.com

*Counsel to the Debtor and Debtor in Possession*