## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC,[1] | Case No. 23-10787 (JKS) |
| Debtor. | **Obj. Deadline: October 31, 2023 at 4:00 p.m. (ET)** <br> **Hearing Date: November 7, 2023 at 11:00 a.m. (ET)** |

**MOTION PURSUANT TO SECTIONS 105(a), 327, 328 AND 330 OF THE BANKRUPTCY CODE FOR AUTHORIZATION OF THE RETENTION, EMPLOYMENT AND COMPENSATION OF PROFESSIONALS UTILIZED BY THE DEBTOR IN THE ORDINARY COURSE OF BUSINESS, *NUNC PRO TUNC* TO THE PETITION DATE**

Alecto Healthcare Services, LLC, (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Case"), hereby moves the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to 11 U.S.C. §§ 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") establishing procedures for the interim compensation and reimbursement of expenses of professionals during this Case. In support of the Motion, the Debtor respectfully represents:

### JURISDICTION, VENUE AND PREDICATES FOR RELIEF

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

2. The statutory predicates for the relief requested herein are sections 105(a), 327, 328 and 330 of the Bankruptcy Code.

## BACKGROUND

3. On June 16, 2023 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under Subchapter V of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtor continues to operate its business and manage its properties as a debtor in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in this Case.

4. On June 20, 2023, Jami Nimeroff was appointed as Subchapter V Trustee. An Official Committee of Contingent Litigation Customers has been appointed. Other than the Subchapter V Trustee, no trustee or examiner has been appointed.

5. Additional information regarding the Debtor, including its business operations, corporate and capital structure, and the events leading to the Petition Date is set forth in the *Declaration of Michael Sarrao in Support of First Day Motions* (the "First Day Declaration") [Docket No. 3].

## RELIEF REQUESTED

6. The Debtor employs certain professionals (the "Ordinary Course Professionals") to render services relating to issues that arise in the ordinary course of the Debtor's business. Prior to the Petition Date, the Ordinary Course Professionals represented or advised the Debtor in various capacities.

7. At this time, the Ordinary Course Professionals sought to be employed by the Debtor is Olshan Frome Wolosky LLP ("Olshan"). Without the assistance of Olshan (and any other ordinary course professional that may be later determined), the Debtor would have difficulty

operating its business, especially navigating the numerous corporate and litigation issues that arise in the ordinary course of the Debtor's business. These functions are vital for a company such as the Debtor. The Ordinary Course Professionals are not likely to continue their work for the Debtor without the relief requested in this Motion.

8. For the purpose of administrative efficiency, the Debtor seeks to retain and compensate the Ordinary Course Professionals, *nunc pro tunc* to the Petition Date, without having to file additional retention or fee applications for the Ordinary Course Professionals pursuant to sections 327, 328, 329 and 330 of the Bankruptcy Code. It would be unduly burdensome on the Court for the Ordinary Course Professionals to apply multiple times for compensation and reimbursement of expenses. Moreover, the Ordinary Course Professionals are unfamiliar with the fee application process employed in a bankruptcy case and might be less inclined to work with the Debtor if they are forced to adhere to such requirements in order to be compensated for services rendered.

9. Specifically, the Debtor proposes that the Debtor be permitted to retain and pay Ordinary Course Professionals (and any other ordinary course professional that may be later determined) in the ordinary course of business pursuant to the following procedures (the "OCP Procedures"):

> a. The Debtor shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and disbursements requested by each Ordinary Course Professional retained by the Debtor pursuant to the OCP Procedures upon submission to the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided, however, that fees paid to Ordinary Course Professionals, excluding costs and disbursements, may not exceed $30,000 per month per each Ordinary Course Professional, calculated as an average over a rolling three-month period while this chapter 11 Case is pending ("OCP Cap").

b. Any payments to an Ordinary Course Professional in excess of the OCP Cap shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Fee Guidelines, and any applicable orders of the Court.

c. Each Ordinary Course Professional that is an attorney shall file and serve a declaration of disinterestedness substantially in the form annexed hereto as Exhibit C-1 (the "Attorney OCP Declaration") and each Ordinary Course Professional that is a non-attorney shall file and serve a declaration of disinterestedness substantially in the form annexed hereto as Exhibit C-2 (the "Professional OCP Declaration" together with the Attorney Declaration, a "Declaration of Disinterestedness"). Each Ordinary Course Professional shall file and serve, at least 14 calendar days prior to submitting an invoice to the Debtor, a Declaration of Disinterestedness upon: (i) the Debtor: Alecto Healthcare Services, LLC, 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203 (Attn: Mike Sarrao); (ii) counsel to the Debtor: Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 Attn: Jeffrey Waxman at jwaxman@morrisjames.com and Brya Keilson at bkeilson@morrisjames.com; (iii) Subchapter V Trustee, Jami Nimeroff at JNimeroff@bmnlawyers.com; and (iv) the U.S. Trustee, J. Caleb Boggs Federal Building, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey at Linda.Casey@usdoj.gov (collectively, the "Notice Parties").

d. The Notice Parties shall have 10 days after the date of filing of each Ordinary Course Professional's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such Ordinary Course Professional. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be resolved within 10 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 10 days from that date or on a date otherwise agreeable to the parties. The Debtor shall not be authorized to retain and pay such Ordinary Course Professional until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

e. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtor shall be authorized to retain such Ordinary Course Professional as of the date such Ordinary Course Professional commenced providing services to the Debtor and pay such Ordinary Course Professional as set forth below.

  f. Within thirty (30) calendar days after the end of, and with respect to, each full three (3) month period after the Petition Date (including any initial partial month in the first period), the Debtor shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during such period.  Each Ordinary Course Professional's statement shall include the following information: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional.

  g. The Debtor reserves the right to retain additional Ordinary Course Professionals from time to time during this chapter 11 Case by (i) including such Ordinary Course Professionals on an amended or supplemental OCP List that is filed with the Court and served on the Notice Parties and (ii) having such additional Ordinary Course Professionals comply with the OCP Procedures.

## **BASIS FOR THE RELIEF REQUESTED**

10. The Debtor is authorized to retain the Ordinary Course Professionals under section 327(a) of the Bankruptcy Code as to accountants and all other professionals, and section 327(e) of the Bankruptcy Code as to counsel who has previously represented the Debtor.  This Court is authorized to grant the relief requested herein pursuant to section 105(a) of the Bankruptcy Code.

11. Because the Ordinary Course Professionals will not be involved in the administration of this chapter 11 Case, the Debtor does not believe that the Ordinary Course Professionals are "professionals," within the meaning of section 327 of the Bankruptcy Code, whose retention must be approved by the Court.  See, e.g., In re First Merchants Acceptance Corp., 1997 Bankr. LEXIS 2245, 8-9 (Bankr. D. Del. 1997); In re American Tissue, Inc., 331 B.R. 169, 173-74 (Bankr. D. Del. 2005); In re Johns-Manville Corp., 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989).

12. Relief similar to this Motion has been granted in other Chapter 11 cases in this District. See, e.g., In re Exide Technologies, No. 13-11482 (Bankr. D. Del. July 11, 2013); In re AAIPharma Inc. et al., No. 05-11341 (Bankr. D. Del. June 3, 2005), In re Sugarfina Inc., et al., No. 19-11973 (Bankr. D. Del. October 4, 2019).

13. The Debtor seeks the relief requested in this Motion to avoid any controversy as to the Debtor's employment and payment of the Ordinary Course Professionals during the pendency of this Case.

14. Although the Ordinary Course Professionals may hold prepetition claims against the Debtor, the Debtor does not foresee that such claims will hinder the Ordinary Course Professionals from rendering services during the pendency of this Case. The Debtor also does not believe that such claims create a position materially adverse to the Debtor with respect to the matters for which the Ordinary Course Professionals are being retained. The Debtor does not believe that any Ordinary Course Professional has a conflict of interest in this matter.

15. The Debtor submits that the retention of the Ordinary Course Professionals and the payment of interim compensation on the basis set forth herein is in the best interest of the Debtor's estate. While the Ordinary Course Professionals wish to provide services to the Debtor on an ongoing basis, they might be unwilling to do so if they are only able to be paid through a cumbersome, formal application process. Moreover, if the expertise and background knowledge of the Ordinary Course Professionals with respect to the Debtor's trademarks, regulatory issues, and accounting prior to the Petition Date are lost, the estate would incur additional and unnecessary expenses because the Debtor will be forced to retain other professionals without such background and expertise. It is therefore in the best interest of the Debtor's estate to avoid any disruption in the professional services required in the day-to-day operation of the Debtor's business.

**NOTICE**

16.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Subchapter V Trustee; and (c) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

**NO PRIOR REQUEST**

17.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court (a) enter the proposed Order substantially in the form annexed hereto granting the relief requested herein, and (b) grant to the Debtor such other and further relief as the Court may deem proper.

| | |
|---|---|
| DATED:  October 20, 2023<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Brya M. Keilson*<br>Jeffrey R. Waxman (DE Bar No. 4152)<br>Brya M. Keilson (DE Bar No. 4643)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail:  jwaxman@morrisjames.com<br>E-mail:  bkeilson@morrisjames.com<br><br>*Counsel to the Debtor and Debtor in Possession* |