## **EXHIBIT A**

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC,[1] | Case No. 23-10787 (JKS) |
| Debtor. | Re: Docket No. ___ |

## ORDER AUTHORIZING THE EMPLOYMENT AND PAYMENT OF PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Upon consideration of the *Motion Pursuant to Section 105(a), 327, 328 and 330 of the Bankruptcy Code for Authorization of the Retention, Employment and Compensation of Professionals Utilized by the Debtor in the Ordinary Course of Business nunc pro tunc to the Petition Date* (the "Motion")[2] filed by the above-captioned Debtor (the "Debtor"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, their estate, their creditors and all other parties in interest; and that the legal and factual bases set

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

[2] All capitalized terms used but not defined herein shall have the same meaning ascribed to them as in the Motion.

forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized to retain and pay the professionals identified on the OCP List annexed hereto as **Exhibit A** (each an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals") in the ordinary course of business pursuant to the following procedures (the "OCP Procedures"):

   a. The Debtor shall be authorized to pay, without formal application to the Court by any Ordinary Course Professional, 100% of the fees and disbursements requested by each Ordinary Course Professional retained by the Debtor pursuant to the OCP Procedures upon submission to the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; provided, however, that fees paid to Ordinary Course Professionals, excluding costs and disbursements, may not exceed $30,000 per month per each Ordinary Course Professional, calculated as an average over a rolling three-month period while this chapter 11 Case is pending ("OCP Cap").

   b. Any payments to an Ordinary Course Professional in excess of the OCP Cap shall be subject to prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Fee Guidelines, and any applicable orders of the Court.

   c. Each Ordinary Course Professional that is an attorney shall file and serve a declaration of disinterestedness substantially in the form annexed hereto as Exhibit C-1 (the "Attorney OCP Declaration") and each Ordinary Course Professional that is a non-attorney shall file and serve a declaration of disinterestedness substantially in the form annexed hereto as Exhibit C-2 (the "Professional OCP Declaration" together with the Attorney Declaration, a "Declaration of Disinterestedness"). Each Ordinary Course Professional shall file and serve, at least 14 calendar days prior to submitting an invoice to the Debtor, a Declaration of Disinterestedness upon: (i) the Debtor: Alecto Healthcare Services, LLC, 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203 (Attn: Mike Sarrao); (ii) counsel to the Debtor: Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 Attn: Jeffrey Waxman at jwaxman@morrisjames.com and Brya Keilson at bkeilson@morrisjames.com; (iii) Subchapter V Trustee, Jami Nimeroff at JNimeroff@bmnlawyers.com; and (iv) the U.S. Trustee, J. Caleb Boggs Federal

   Building, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey at Linda.Casey@usdoj.gov (collectively, the "Notice Parties").

  d. The Notice Parties shall have 10 days after the date of filing of each Ordinary Course Professional's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such Ordinary Course Professional. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective Ordinary Course Professional on or before the Objection Deadline. If any such objection cannot be resolved within 10 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 10 days from that date or on a date otherwise agreeable to the parties. The Debtor shall not be authorized to retain and pay such Ordinary Course Professional until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

  e. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Ordinary Course Professional, the Debtor shall be authorized to retain such Ordinary Course Professional as of the date such Ordinary Course Professional commenced providing services to the Debtor and pay such Ordinary Course Professional as set forth below.

  f. Within thirty (30) calendar days after the end of, and with respect to, each full three (3) month period after the Petition Date (including any initial partial month in the first period), the Debtor shall file with the Court and serve on the Notice Parties a statement with respect to each Ordinary Course Professional paid during such period. Each Ordinary Course Professional's statement shall include the following information: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional.

  g. The Debtor reserves the right to retain additional Ordinary Course Professionals from time to time during this chapter 11 Case by (i) including such Ordinary Course Professionals on an amended or supplemental OCP List that is filed with the Court and served on the Notice Parties and (ii) having such additional Ordinary Course Professionals comply with the OCP Procedures.

3.  The Debtor is authorized to supplement the OCP List as necessary to add or remove Ordinary Course Professionals, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added Ordinary Course Professionals. In such event, the Debtor shall file the amended or supplemental

3

OCP List with the Court and serve such list on the Notice Parties. Interested parties shall have fourteen (14) days to object to any amended or supplemental OCP List. Each additional Ordinary Course Professional listed in the OCP List shall serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are timely filed to any such additional Ordinary Course Professional's Declaration of Disinterestedness, then retention of such Ordinary Course Professionals shall be deemed approved by the Court pursuant to this Order without a hearing or further order.

4. This Order shall not apply to any professional retained by the Debtor pursuant to a separate order of the Court.

5. Any Ordinary Course Professional that is not an attorney shall waive any prepetition claims as a precondition to serving as an Ordinary Course Professional.

6. Notwithstanding anything else herein, nothing in this Order shall prevent the U.S. Trustee from seeking a determination from the Court (a) requiring an Ordinary Course Professional to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the Ordinary Course Professional Cap.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.