IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| Alecto Healthcare Services LLC, [1] | ) | Case No. 23-10787 (JKS) |
| | ) | |
| Debtor. | ) | **Obj. Deadline: November 16, 2023 at 4:00 p.m.** |
| | ) | **Hearing Date: TBD** |

**OBJECTION OF THE REED ACTION JUDGMENT CREDITORS TO DEBTOR'S DESIGNATION OF THIS CASE AS A SUBCHAPTER V CASE AND MOTION TO REVOKE DEBTOR'S DESIGNATION AS A SUBCHAPTER V DEBTOR**

The Reed Action Judgment Creditors, by and through undersigned counsel, pursuant to Rule 1020(b) of the Federal Rules of Bankruptcy Procedures, hereby (i) object to the Debtor's designation as a subchapter V debtor and (ii) move to revoke the Debtor's subchapter V designation upon a finding by this Court that the Debtor's statement designating itself as a subchapter V debtor was incorrect (the "Motion"). In support of their Motion, the Reed Action Judgment Creditors respectfully state as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Reed Action Judgment Creditors consent to the entry of final orders or judgments of the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested herein are 11 U.S.C. § 1182(1) and Rule 1020(b) of the Federal Rules of Bankruptcy Procedure.

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

## FACTUAL BACKGROUND

4.  The Reed Judgment Creditors obtained summary judgment against Alecto Healthcare Services, LLC ("Alecto" or the 'Debtor") and its subsidiary, Alecto Healthcare Services Wheeling, LLC, in September 2022. A Judgment Order was entered on November 28, 2022, awarding damages, including attorneys' fees and costs, in the amount of $3,169,745.72. The judgment was not appealed and is a final order. Alecto's Schedules of Assets and Liabilities (the "Schedules") [D.I. 48] list the Reed Action Judgment Creditors with a non-contingent, undisputed, and liquidated claim in the amount of the judgment. The scheduled claim did not include post-judgment interest accruing from November 29, 2022, through the Petition Date, and attorneys' fees. Accordingly, the Reed Action Judgment creditors filed their claim in the amount of $3,275,382.64.

5.  Alecto filed its petition for relief under chapter 11 of the Bankruptcy Code on June 16, 2023 ("Petition Date"). On Line 8 of the Petition, Alecto elected to proceed under subchapter V of chapter 11 and, in doing so, swore to its eligibility as a "debtor" under 11 U.S.C. § 1182(1).

6.  The Debtor is currently operating its business and managing its estate as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. On June 20, 2023, Jami B. Nimeroff was appointed as the subchapter V trustee in the Debtor's case.

7.  Alecto filed the Schedules on June 30, 2023. [D.I. 48]. The Schedules include 17 scheduled creditors, not including affiliates or insiders, holding non-contingent and liquidated claims totaling $3,445,535.47. *Id.*, pp. 24 – 35. Excluding the scheduled claim of the Reed Action Judgment Creditors, (which was superseded by claim no. 19-1 they filed), the total amount of the claims scheduled as non-contingent and liquidated which have not been superseded by a filed claim is $274,789.85.

8.      The *Notice of Filing of Chapter 11 Bankruptcy Case* [Docket No. 35] set August 15, 2023, as the deadline to file claims. Seven creditors (not including affiliates or insiders of Alecto) timely filed non-contingent, liquidated claims in the total amount of $7,615,746.29.

9.      In addition to the filed claim of the Reed Action Judgment Creditors, (i) Cardinal Health 110, LLC ("Cardinal 110"), whose claims was scheduled as an unliquidated claim, filed a non- contingent and liquidated claim in the amount of $419,842.62, (ii) Cardinal Health 200, LLC ("Cardinal 200"), whose claim was scheduled as an unliquidated claim in the amount of $81,318.11, filed a non-contingent and liquidated claim in the amount of $119,695.80, and (iii) LHP Hospital Group, Inc. ("LHP"), whose claim was scheduled as contingent and unliquidated, filed a non-contingent and liquidated claim in the amount of $3,739,653.77.  Three other creditors whose claims were not scheduled file non-contingent and liquidated claims in the total amount of $61,171.46.

10.     Based on the foregoing, the total of the scheduled and filed non-contingent and liquidated claims is $7,890,536.14.  This total does not include two non-contingent claims for unpaid employee benefit obligations, one filed by the PBGC[2] (which is an estimated claim) and one filed by Alecto Health Care Services Ohio Valley LLC, HP, which was filed by an investigator for the Employee Benefits Security Administration (ESBA), a division of the U.S. Department of Labor.[3]  If the liquidated amounts set forth on these filed claims is accurate, the Debtor's aggregate debts on the Petition Date exceed $9 million.  A list of the scheduled non-contingent and liquidated

---

[2] The PBGC filed Claim 11-1 in the amount of $1,065,847.  Paragraph 6 of the statement supporting the claim states that it is "an estimated claim for contributions that may be owed to the Pension Plan. PBGC estimates the claim to be $1,065,047.  The Pension Plan is the Alecto Healthcare Services Ohio Valley Pension Plan.

[3] The ESBA- filed Claim 18-1 in the liquidated amount of $245,307.  The claim is for unpaid health claims on an ERISA-covered plan.

claims which have not been superseded by a filed claim and the filed non-contingent and liquidated claims (excluding the PBGC and the ESBA-filed ERISA benefits claims) is attached as Exhibit A.

11. The Debtor's §341(a) meeting of creditors (the "341 Meeting") was initiated on July 25, 2023 and was continued. The 341 Meeting concluded on October 17, 2023.

## ARGUMENT

### A. Applicable Law.

12. As is relevant to this case, 11 U.S.C. § 1182(1)(A) defines a "debtor" as:

> . . . a person engaged in commercial or business activities . . . that has aggregate non-contingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor[.]

13. Rule 1020(a) of the Federal Rules of Bankruptcy procedures provides as follows:

> (a) SMALL BUSINESS DEBTOR DESIGNATION. In a voluntary chapter 11 case, the debtor shall state in the petition whether the debtor is a small business debtor and, if so, whether the debtor elects to have subchapter V of chapter 11 apply…. The status of the case as a small business case or a case under subchapter V of chapter 11 shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect.

Fed. R. Bankr. P 1020 (a). Bankruptcy Rule 1020(b) provides as follows:

> (b) OBJECTING TO DESIGNATION. The United States trustee or a party in interest may file an objection to the debtor's statement under subdivision (a) no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within 30 days after any amendment to the statement, whichever is later.

Fed. R. Bankr. P. 1020(b).

14. Congress enumerated specific eligibility requirements that Chapter 11 debtors must satisfy to proceed under Subchapter V, regardless of the potential effects of denying a Subchapter V election on the bankruptcy estate. *See In re Serendipity Labs, Inc.*, 620 BR 679, 683 (N.D. Ga. 1012). "The benefits of Subchapter V are available to debtors who qualify and are not available to

those who do not." *Id.* In order to proceed under Subchapter V, a debtor must meet the requirements of Bankruptcy Code Section 1182(1) and must elect to proceed under Subchapter V. *In re Blue*, 630 B.R. 179, 186 (Bankr. M.D.N.C. 2021). If a debtor's election is challenged, the debtor bears the burden of proof to establish its eligibility to proceed as a Subchapter V debtor. *See, e.g., id.* at 187; *In re Port Arthur Steam Energy, L.P.*, 629 B.R. 233, 235 (Bankr. S.D. Tex. 2021); *In re Fama*, 2023 WL 6131466 at *8, Strong, J. (Bankr. E.D.N.Y. September 15, 2023).

15. Courts are not limited to an analysis of the debtor's schedules in determining the amount of a debtor's non-contingent and liquidated debt for purposes of determining the debtor's eligibility for Subchapter V. *See In re Hall*, 650 BR 595, 600 (Bankr. M.D. Fla. 2023). "While the schedules offer some probative value, the Court will not restrict its inquiry solely to the schedules." *Id.* "Eligibility is determined by what the Debtors owe on the petition date, not by what the Debtors think they owe." *Id.; see also In re Steffans*, 343 BR 696, (Bankr. M.D. Fla. 2005) (holding that debtors were not eligible to be chapter 13 debtors based on the fact that the total amount of proofs of claim exceeded the statutory limit).

**B. The Non-Contingent and Liquidated Claims against Alecto Exceeded $7,500,000 as of the Petition Date.**

16. As an initial matter, the Reed Action Judgment Creditors timely filed this Motion. Pursuant to Bankruptcy Rule 1020(b), a party in interest may file an objection to a debtor's statement electing to proceed as a Subchapter V debtor no later than 30 days after the conclusion of the meeting of creditors. The 341 meeting of creditors concluded on October 17, 2023, and this Motion has been filed less than 30 days thereafter.

17. As noted above, Alecto scheduled 17 creditors (not including affiliates or insiders of Alecto) with non-contingent and liquidated claims. The amount of the scheduled non-contingent and liquidated claims which were not superseded by a filed claim is $274,789.85. A brief summary

of the seven non-insider creditors timely filed non-contingent, liquidated claims in the total amount of $7,615,746.29 is as follows:

a. **Reed Action Judgment Creditors**. Alecto scheduled the Reed Action Judgment Creditors with a non-contingent, liquidated claim in the amount of $3,169,745.72, which is the amount of the judgment entered by the United States District Court for the Northern District of West Virgina against Alecto on November 28, 2022. On August 15, 2023, the Reed Action Judgment Creditors filed claim no. 19-1 in the amount of $3,275,382.64, which equals the judgment amount plus (i) accrued interest from the date of judgment through the Petition Date in the amount of $82,673.93 and (ii) costs of collection from the date of judgment to the Petition Date in the amount of $22,963.00.[4]

b. **Cardinal 110**. Alecto scheduled Cardinal 110's claim as an unliquidated secured claim in the amount of $285,299.79. On July 27, 2023, Cardinal 110 filed claim no. 4-1 as a secured claim in the amount of $419,842.62. The claim is based on a judgment entered by the Court of Common Pleas for Franklin County, Ohio in favor of Cardinal 110 and against Alecto in the amount of $285,299.79 plus (i) service charges accruing at the rate of 1.5% per month from November 1, 2020 through the date of collection and (ii) fees and costs in bringing the action, including attorneys' fees.[5]

c. **Cardinal 200**. Alecto scheduled Cardinal 200's claim as an unliquidated and contingent claim in the amount of $81,318.11. On July 27, 2023, Cardinal 200 filed claim no. 5-1 in the amount of $119,695.80.[6] The claim is based on a judgment entered by the Court of Common Pleas for Franklin County, Ohio in favor of Cardinal 200 and against Alecto in the amount of $81,318.11 plus (i) service charges accruing at the rate of 1.5% per month from November 1, 2020 through the date of collection and (ii) fees and costs in bringing the action, including attorneys' fees.

d. **LHP**. Alecto scheduled LHP's claim as contingent, unliquidated and disputed. On August 14, 2023, LHP filed claim no. 15-1 in the amount of $3,739,653.77. In the Summary of Claim, LHP indicates that Alecto guaranteed certain obligations of its subsidiary, Alecto Sherman, arising out of the Purchase Agreement for the ownership interests in a medical facility, and that Alecto Sherman owed indemnification to LHP for lease obligations with respect to a medical office building. Pre-petition, Alecto and Alecto Sherman had been sued by LHP for breach of their obligations under five leases in the medical office building.[7]

e. **California Franchise Tax Board**. On August 1, 2023, the California Franchise Tax Board ("CFTB") filed claim no. 8-1 as a priority claim in the amount of $700.[8] Attached to the

---

[4] A copy of claim no. 19-1 is attached as Exhibit B.
[5] A copy of claim no. 4-1 is attached as Exhibit C.
[6] A copy of claim no. 5-1 is attached as Exhibit D.
[7] A copy of claim no. 15-1 is attached as Exhibit E.
[8] A copy of claim no. 8-1 is attached as Exhibit F.

claim is a statement providing that Alecto owes $700 to CFTB. Alecto did not schedule a claim for CFTB.

f. **De Lage Landen Financial Services**. On August 14, 2023, De Lage Landen Financial Services ("De Lage") filed claim no. 10-1 in the amount of $7,313.70.[9] Attached to the claim is a statement of account showing Alecto owes $7.313.70 to Delage. Alecto did not schedule a claim for De Lage.

g. **Micheal Best & Friedrich LLP**. On August 15, 2023, Michael Best & Friedrich LLP ("MBF") filed claim no. 20-1 in the amount of $53,157.76.[10] Attached to the claim is a list of open invoices to Alecto in the amount of $53,157.76. Alecto did not schedule a claim for MBF.

Each of these claims provides sufficient information to establish the validity of the claims.

18. Moreover, it is apparent that the Debtor's schedules are not reliable. For example, the Debtor scheduled Cardinal 110's claim as an unliquidated secured claim in the amount of $285,299.79, and Cardinal 200's claim as a contingent claim in the amount of $81,318.11. There is no basis for scheduling either claim as either unliquidated or contingent, since they are based on a judgment entered in those exact amounts (which judgment is attached to both proofs of claim). Clearly, the Debtor was aware of this judgment but nonetheless scheduled Cardinal 110's claim as unliquidated and Cardinal 200's claim as contingent and failed to include the pre-judgment interest reflected in the judgment.

19. More significantly, with respect to the LHP Hospital Group claim, Alecto scheduled it as contingent, unliquidated and disputed. The basis for the claim was stated as "potential claims related to Debtor's guarantee of certain indemnification obligations of a subsidiary and settlement agreement with creditor. At the continued 341 Meeting on October 17, 2023, Michael Sarrao testified that (i) he was familiar with the claim and the purchase agreement which gave rise to it, (ii) that the summary of claim provided by LHP in its filed claim was accurate,

---

[9] A copy of claim no. 10-1 is attached as Exhibit G.
[10] A copy of claim no. 20-1 is attached as Exhibit H.

(iii) that some of LHP's claims are actual and some have not yet come into fruition, (iv) that LHP's claim relates to five office-space leases in an office building owned by Altera Highland LLC, (v) that LHP has continued to pay the rent on those leases, and (vi) that LHP's claim against Alecto is for the period of time after there was a settlement between Alecto and LHP, up to the petition date.[11]

20. The complaint filed by LHP against Alecto and Alecto Sherman in the Delaware Superior Court confirms LHP's claims arise with respect to rent obligations under five leases at a medical office building for which Sherman Grayson has defaulted, and for which Alecto has provided LHP with a guaranty.[12] The docket for the case reflects that the case was settled in January 2022, approximately 17 months prior to the petition date. The Complaint identifies the five leases for space within the medical office located in Sherman, Texas, for which Alecto has obligations under the Alecto Parent Guaranty dated as of September 23, 2014, in favor of LHP, as: (1) the Existing Space Lease, (2) the Existing Physician Suite Lease, (3) the Shell Lease, (4) the Occupied Common Areas (OCC) Lease, and (5) the Ambulatory Surgery Center (ASC) Lease. Ex. J, ¶¶ 12, 18. The Complaint also asserts that Sherman Grayson has consented to the abandonment of the Leased Premises and has released possession of the Leased Premises to the landlord. Ex. J., ¶ 22. The Complaint further indicates that the unpaid rent obligations which Alecto guaranteed totaled $208,178.26 in November 2020 and December 2020. Ex J, ¶ 24. If those monthly obligations remained unchanged and went unpaid for the 17-month period between the resolution of that case in January 2022 and the Petition Date, the accrued obligations under the

---

[11] *See* Transcript of the 341 meeting of creditors held on October 17, 2023 at 15:4—19:5, attached as Exhibit I.

[12] A copy of the LHP complaint is attached as Exhibit J.

LHP guaranty would be $3,538,992, which is within $200,000 of the amount of LHP's filed claim. *See also,* LHP's January 12, 2021 demand letter, attached as Ex. K.

21.     Accordingly, documentation available from the Delaware Superior Court case docket supports the liquidated amount set forth in LHP's proof of claim. Based on the foregoing, the Court should not rely solely on the schedules in determining whether the Debtor is eligible to be a Subchapter V Debtor. Rather, the Court should consider both the non-superseded scheduled claims and the filed proofs of claim discussed above to determine the amount of the debts the Debtor actually owed as of the Petition Date. Those debts exceed the $7,500,000 limitation for eligibility as a subchapter V debtor.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Reed Action Judgment Creditors respectfully request that the Court enter an order, in the form substantially in the form attached as Exhibit L:

(i)     Finding that the Debtor is not eligible to be a Subchapter V debtor;

(ii)    Revoking the Debtor's subchapter V designation; and

(iii)   Granting such other relief as is just and proper.

Date:   November 2, 2023
        Wilmington, DE

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
       whazeltine@sha-llc.com

-and-

Colten L. Fleu, Esq.
Mountain State Justice, Inc.
1217 Quarrier St.
Charleston, WV 25301
Tel: (304) 326-0188
Email:  colten@msjlaw.org

-and-

John Stember, Esq.
Maureen Davidson-Welling, Esq.
Stember Cohn & Davidson-Welling, LLC
The Harley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA 15219
Tel: 412-338-1445
Email:  jstember@stembercohn.com
        mdavidsonwelling@stembercohn.com

*Attorneys for the Reed Action Judgment Creditors*