**<u>EXHIBIT C</u>**

Settlement Agreement

## CONFIDENTIAL SETTLEMENT AGREEMENT

This **CONFIDENTIAL SETTLEMENT AGREEMENT** ("Agreement"), dated as of February 16, 2022 (the "Effective Date"), is made and entered into by and between LHP Hospital Group, Inc. ("LHP") and Alecto Healthcare Services Sherman LLC and Alecto Healthcare Services LLC (collectively the "Alecto Defendants"). LHP, and the Alecto Defendants are together referred to herein as the "Parties," or each a "Party." Sherman/Grayson Hospital, LLC ("Sherman/Grayson") is a party to the Agreement where specified and for the purposes of Paragraphs 12-23.

## R E C I T A L S

WHEREAS, on January 20, 2021, LHP filed a Complaint against the Alecto Defendants in the Superior Court of the State of Delaware, captioned *LHP Hospital Group, Inc. v. Alecto Healthcare Services Sherman LLC and Alecto Healthcare Services LLC*, C.A. No. N21C-01-146 PRW (CCLD) (the "Delaware Action");

WHEREAS, in the Delaware Action LHP has asserted claims for breach of contract against the Alecto Defendants in relation to a Purchase Agreement and a related Alecto Parent Guarantee, both dated September 23, 2014 (the "Operative Agreements"), and the Alecto Defendants have asserted defenses to such claims;

WHEREAS, LHP seeks damages from the Alecto Defendants in the Delaware Action in the amount of $4,638,137.90, as of the effective date, plus attorneys' fees, expenses, and costs (the "Current Damages");

WHEREAS, on July 21, 2020, LHP filed a Petition against Sherman/Grayson in the 59th Judicial District Court, Grayson County, Texas, captioned *LHP Hospital Group, Inc. v. Sherman/Grayson Hospital, LLC*, No. CV-20-0944 (the "Texas Action").

WHEREAS, in the Texas Action, LHP seeks recovery of the Current Damages by way of a breach of contract claim against Sherman/Grayson, such claim being assigned to LHP by non-party Altera Highland, LLC ("Altera");

WHEREAS, in the Texas Action, LHP seeks recovery of a portion of the Current Damages from Sherman/Grayson;

WHEREAS, LHP seeks recovery of the Current Damages from the Alecto Defendants and Sherman/Grayson, jointly and severally;

WHEREAS, LHP expects to continue to accrue out-of-pocket expenses payable to Altera for which Alecto Healthcare Services Sherman LLC has an obligation to indemnify LHP under the Operative Agreements and Alecto Healthcare Services, LLC has guaranteed Alecto Healthcare Services Sherman LLC's indemnification obligations (the "Future Expenses");

WHEREAS, LHP may continue to accrue additional claims against Sherman/Grayson by way of assignment from Altera and otherwise, in an amount equal to the Future Expenses;

1

WHEREAS, to avoid the costs and uncertainties of litigation, the Parties have agreed to compromise and settle the claims and controversies that exist between them.

WHEREAS, the foregoing recitals are true and correct and are hereby incorporated into this Agreement by this reference.

**NOW THEREFORE,** in consideration of the mutual promises set forth herein and for other good and valuable consideration and intending to be legally bound, the Parties hereby covenant and agree as follows:

1.    Payment.  In full and final settlement of the Current Damages **only**, the Alecto Defendants shall cause to be paid to LHP, as set forth in this Paragraph 1, the total sum of six hundred twenty-five thousand dollars ($625,000.00) (the "Payment") within ten (10) days of the Effective Date, by wire to the following account:

> Account number:
> Routing Number ACH/EFT
> Routing Number DOM. WIRES 

2.    Dismissal of Delaware Action. Within five (5) business days of LHP receiving the Payment from the Alecto Defendants, the Parties shall file the Stipulation and [Proposed] Order of Dismissal as set forth in Exhibit A hereto.  The terms of the Stipulation and [Proposed] Order of Dismissal are incorporated herein by reference.

3.    LHP Release.  Upon receipt of the Payment by LHP, LHP, on behalf of itself, and its respective agents, partners, employees, directors, officers, managers, affiliates, predecessors, attorneys, successors, representatives, heirs and assigns, and all persons acting by, through, or under it, agrees not to pursue the Alecto Defendants, and their respective agents, partners, employees, directors, officers, managers, affiliates, predecessors, attorneys, successors, representatives, heirs and assigns, including but not limited to Sherman/Grayson and all persons acting by, through, or under each of them, from any and all known or unknown complaints, claims, demands, obligations, promises, agreements, controversies, warranties, damages, costs, sums of money, losses, debts, judgments, penalties, fees, expenses (including attorneys' fees and costs actually incurred) suits, rights, actions, or causes of action that LHP has, or may have had, against the Alecto Defendants arising out of or relating in any manner to, directly or indirectly, the Current Damages in the Delaware Action, or that LHP has, or may have had, against Sherman/Grayson arising out of or relating in any manner to, directly or indirectly, the Current Damages in the Texas Action.  Upon the ninety-first (91st) day following receipt of the Payment by LHP, if none of the Alecto Defendants or Sherman/Grayson have become debtors in bankruptcy, LHP, on behalf of itself, and its respective agents, partners, employees, directors, officers, managers, affiliates, predecessors, attorneys, successors, representatives, heirs and assigns, and all persons acting by, through, or under it, hereby releases and forever discharges, the Alecto Defendants, and their respective agents, partners, employees, directors, officers, managers, affiliates, predecessors, attorneys, successors, representatives, heirs and assigns, including but not limited to Sherman/Grayson and all persons acting by, through, or under each of them, from any and all known or unknown complaints, claims, demands, obligations, promises, agreements, controversies, warranties, damages, costs, sums of money, losses, debts, judgments, penalties, fees,

expenses (including attorneys' fees and costs actually incurred) suits, rights, actions, or causes of actions which LHP has, or may have had, against the Alecto Defendants and/or Sherman/Grayson arising out of or relating in any manner to, directly or indirectly, the Delaware Action, the Current Damages, and/or the Texas Action. The Future Expenses rightfully due and owing as addressed in Paragraphs 6 and 7 of this Agreement are specifically excluded from LHP's release.

4.      <u>Alecto Defendants Release</u>.  The Alecto Defendants, on behalf of themselves, and their respective agents, partners, employees, directors, officers, managers, affiliates, predecessors, attorneys, successors, representatives, heirs and assigns, and all persons acting by, through, or under them, hereby release and forever discharge, LHP, and its respective agents, partners, employees, directors, officers, managers, affiliates, predecessors, attorneys, successors, representatives, heirs and assigns, and all persons acting by, through, or under each of them, from any and all known or unknown complaints, claims, demands, obligations, promises, agreements, controversies, warranties, damages, costs, sums of money, losses, debts, judgments, penalties, fees, expenses (including attorneys' fees and costs actually incurred) suits, rights, actions, or causes of actions which they have, or may have had, against LHP arising out of or relating in any manner to, directly or indirectly, the Delaware Action or the Texas Action.

5.      <u>Dismissal of Texas Action</u>.  Within five (5) days of LHP's execution of this Agreement, LHP shall file an agreed motion and proposed order for dismissal with prejudice in the form of Exhibit B, in the Texas Action.

6.      <u>Future Expenses – Alecto Defendants</u>.  The Alecto Defendants acknowledge and agree that, absent a resolution with Altera, LHP may continue to accrue expenses in connection with the MOB (as defined below), including without limitation in connection with the Lease Agreements (as defined in the Complaint in the Delaware Action) and the Ground Lease Agreement entered effective as of August 21, 2012 between Sherman/Grayson and Altera ("Ground Lease").  Accordingly, the Alecto Defendants agree to the following procedure for payment of Future Expenses:

a.  LHP shall make written demand upon the Alecto Defendants for a specified amount in accordance with the forbearance schedule set forth in Paragraph 8;

b.  The Alecto Defendants shall make payment of the specific amount within fifteen (15) days of such demand;

c.  To the extent the Alecto Defendants dispute the amount specified in the demand and/or are unable to make such payment, LHP shall be entitled to the entry of a judgment by confession, pursuant to 10 Del. C. 2306, in the form of Exhibit C hereto; and

d.  The only matter that the Alecto Defendants may contest in connection with such proceeding is the computation and payment of the principal, interest, fees, and costs of the judgment; **all other defenses are hereby expressly waived and disclaimed by the Alecto Defendants, including but not limited to, prior material breach, failure to mitigate, unclean hands, off-set, and failure to state a claim.**

e.  In the event that the Alecto Defendants contest the amount owed or assert that

3

they cannot pay the amount owed, they shall produce to LHP a copy of the most recent audited financial statements for both entities, or in the event audited financial statements are not available, a copy of the unaudited financial statements for each entity.

LHP's obligation to pay Altera expenses only occurs after Sherman/Grayson fails to meet its obligations. Nothing herein shall be interpreted to affect Sherman/Grayson's continuing obligation, if any, to comply with its obligations to Altera under the leases with Altera, including the Ground Lease (the "Altera Leases"), Sherman/Grayson's obligations under the Altera Leases, and/or Altera's obligations, including its obligation to mitigate its damages, under the Altera Leases or applicable law, and/or any defenses the Alecto Defendants and/or Sherman/Grayson may assert in an action brought by Altera.

7.    <u>Future Expenses – Sherman/Grayson</u>. Sherman/Grayson acknowledges and agrees that, absent a resolution with Altera, Altera may continue to accrue claims against Sherman/Grayson for breach of the Altera Leases. Sherman/Grayson further acknowledges and agrees that Altera may assign some such claims to LHP. Accordingly, Sherman/Grayson agrees to the following procedure for payment of future expenses accrued by LHP (1) without an assignment of claims from Altera, if such expenses arise in connection with Sherman/Grayson's failure to comply with its obligations under the Ground Lease, including without limitation Article XVII and Exhibit C thereunder and (2) by way of assignment from Altera in connection with Sherman/Grayson's failure to comply with its obligations under the other Altera Leases:

      a. LHP shall make written demand upon Sherman/Grayson for a specified amount in accordance with the forbearance schedule set forth in Paragraph 8;

      b. Sherman/Grayson shall make payment of the specific amount within fifteen (15) days of such demand;

      c. To the extent Sherman/Grayson disputes the amount specified in the demand and/or is unable to make such payment, LHP shall be entitled to the entry of a judgment by confession, pursuant to 10 Del. C. 2306, in the Form of Exhibit C hereto; and

      d. The only matter that Sherman/Grayson may contest in connection with such proceeding is the computation and payment of the principal, interest, fees, and costs of the judgment. All other defenses are hereby expressly waived and disclaimed by Sherman/Grayson, including but not limited to, prior material breach, failure to mitigate, unclean hands, offset, and failure to state a claim; and

      e. In the event that Sherman/Grayson contests the amount owed or asserts that it cannot pay the amount owed, it shall produce to LHP a copy of its most recent audited financial statements, or in the event audited financial statements are not available, a copy of unaudited financial statements.

Nothing herein shall be interpreted to affect or waive any defenses Sherman/Grayson may assert against Altera in an action brought by Altera against Sherman/Grayson.

8.    <u>Forbearance on Demand for Future Expenses</u>. LHP agrees not to make demand for future expenses, whether against the Alecto Defendants or Sherman/Grayson (or if necessary,

commence a proceeding pursuant to Section 2306 for a judgment by confession) until the expiration of one (1) year from the Effective Date.  Thereafter, LHP may only seek payment of Future Expenses every six months from the date of the last payment or entry of a confessed judgment, whichever is applicable.

9.    <u>POWER TO CONFESS JUDGMENT</u>.  IN THE EVENT THAT THE FUTURE EXPENSES ARE NOT PAID IN FULL WITHIN 15 DAYS OF NOTICE FROM LHP TO THE ALECTO DEFENDANTS AND/OR SHERMAN/GRAYSON OF THE AMOUNT DUE AND SUBJECT TO THE PROVISIONS OF PARAGRAPHS 6-8 OF THIS AGREEMENT, THE ALECTO DEFENDANTS AND SHERMAN/GRAYSON HEREBY EMPOWER ANY ATTORNEY OF ANY COURT OF RECORD, TO APPEAR FOR THE ALECTO DEFENDANTS AND/OR SHERMAN/GRAYSON AND, WITH OR WITHOUT COMPLAINT FILED, CONFESS JUDGMENT, OR A SERIES OF JUDGMENTS, AGAINST THE ALECTO DEFENDANTS AND/OR SHERMAN/GRAYSON, JOINTLY OR SEVERALLY, IN FAVOR OF LHP FOR THE LIABILITY OF THE THEN DUE FUTURE EXPENSES, FURTHER EMPOWER ANY ATTORNEY OF ANY COURT OF RECORD TO FILE A JUDGMENT SUBSTANTIALLY IN THE FORM ATTACHED HERETO AS EXHIBIT C.  THE ALECTO DEFENDANTS AND SHERMAN/GRAYSON HEREBY FOREVER WAIVE AND RELEASE ALL ERRORS IN SAID PROCEEDINGS AND ALL RIGHTS OF APPEAL, STAY OR EXEMPTIONS LAWS.    NOTWITHSTANDING THE FOREGOING, THE ALECTO DEFENDANTS AND SHERMAN/GRAYSON SHALL RETAIN AND BE ENTITLED TO ANY RIGHTS AND REMEDIES AVAILABLE TO THEM UNDER ANY APPLICABLE RULES OF CIVIL PROCEDURE, INCLUDING BUT NOT LIMITED TO RULE 58.1 OF THE DELAWARE SUPERIOR COURT RULES OF CIVIL PROCEDURE.

THE ALECTO DEFENDANTS AND SHERMAN/GRAYSON ACKNOWLEDGE, UNDERSTAND, AND AGREE TO SUCH CONFESSION OF JUDGMENT IN THE EVENT THAT THE FUTURE EXPENSES ARE NOT PAID IN FULL WITHIN 15 DAYS OF NOTICE FROM LHP TO THE ALECTO DEFENDANTS AND/OR SHERMAN/GRAYSON OF THE AMOUNT DUE AND ACKNOWLEDGE, UNDERSTAND, AND VOLUNTARILY AGREE TO THIS PROVISION AND SUCH CONFESSION OF JUDGMENT OR JUDGMENTS.

NO SINGLE EXERCISE OF THE FOREGOING POWER TO CONFESS JUDGMENT, OR A SERIES OF JUDGMENTS, SHALL BE DEEMED TO EXHAUST THE POWER, WHETHER OR NOT ANY SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE INVALID, VOIDABLE, OR VOID, BUT THE POWER SHALL CONTINUE UNDIMINISHED AND IT MAY BE EXERCISED FROM TIME TO TIME AS OFTEN AS LHP SHALL ELECT SUBJECT TO PARAGRAPH 8 UNTIL SUCH TIME AS LHP SHALL HAVE RECEIVED PAYMENT IN FULL OF THE FUTURE EXPENSES.

10.    <u>Bankruptcy</u>.  In the event that, pursuant to bankruptcy proceedings involving the Alecto Defendants or any affiliate of the Alecto Defendants, including Sherman/Grayson as a debtor, LHP is required to repay or transfer all or any portion of the $625,000 payment to the Alecto Defendants or any affiliate of Alecto Defendants, including Sherman/Grayson, a trustee, receiver or other party under bankruptcy law, state or federal law, common law or equitable cause pursuant to final and non-appealable order from a court of competent jurisdiction, then this Settlement Agreement will automatically be deemed to be void, the Parties shall be deemed to

have reverted to their respective litigation status, and LHP shall be entitled to pursue all rights and claims raised in the Delaware Action against the Alecto Defendants and/or in the Texas Action against Sherman/Grayson.

In the event that the Alecto Defendants or Sherman/Grayson declare bankruptcy within six months of LHP signing this Agreement, the forbearance provision in Paragraph 8 is null and void.

11.    Cooperation.  The Parties agree to cooperate in good faith in an effort to mitigate Sherman/Grayson Hospital, LLC's liability, if any, under the Altera Leases and related to the Medical Office Building located in Sherman, Texas (the "MOB") and LHP's Future Expenses related to the MOB.  Without agreeing to take on affirmative mitigation duties that it does not currently owe, LHP specifically agrees to cooperate and not hinder the Alecto Defendants' and Sherman/Grayson's efforts to release the property, negotiate with Altera regarding amounts due under the Lease, and any other efforts to mitigate expenses related to the MOB.  LHP further agrees to monthly telephone conferences between representatives of LHP and the Alecto Defendants to discuss mitigation efforts and other related matters if the Alecto Defendants request such calls.

12.    Confidentiality; Nondisclosure.   In consideration of this Agreement and the payments to be made pursuant hereto, the Parties agree that the terms of this Agreement, the amount of the Payment to be made in connection herewith and the circumstances and events giving rise to the disputes arising with respect to the Delaware Action shall remain confidential as between the Parties.  Notwithstanding the foregoing, the Parties are permitted to disclose such information: (i) as required to comply with regulatory reporting requirements; (ii) to such Party's attorneys and tax advisors; (iii) in connection with litigation seeking to enforce this Agreement; and (iv) to comply with an order of a court of competent jurisdiction, a regulatory body, or as otherwise required by law.

13.    Sufficiency of Consideration.  The Parties acknowledge the receipt and sufficiency of consideration adequate to support this Agreement in general and, in particular, their respective releases of rights set forth in Paragraphs 3 and 4 herein.

14.    No Assignment of Claims Released.  The Parties represent that they have not assigned, given, or sold any portion of any claim represented to be released in this Agreement to anyone else.

15.    Severability.  Except as otherwise expressly set forth herein, the Parties agree that in the event that any provision of this Agreement should be held to be void, voidable, unlawful, or for any reason unenforceable, the remaining provisions or portions of this Agreement nonetheless shall remain in full force and effect.

16.    Headings. Headings and captions used in the Agreement are used solely for the convenience of the Parties and are not to be used in construing or interpreting the provisions of this Agreement.

17.    Governing Law and Forum Selection.  This Agreement shall be construed and interpreted in accordance with the laws of the State of Delaware (without giving effect to principles

of conflicts of laws) to the extent such laws are not otherwise superseded by the laws of the United States.

18.   Attorney's Fees and Costs.  The Parties shall bear their own attorneys' fees, costs, and expenses in connection with the Delaware Action and the Texas Action and any Paragraph 6 or 7 proceeding in the State of Delaware for Future Damages, except that in any legal action related to the enforcement of this Agreement, the prevailing party shall be entitled to be paid any and all costs including, without limitation, reasonable attorney's fees, whether suit be brought or not, and whether or not incurred in trial, bankruptcy or appellate proceedings, and including attorney's fees incurred in litigating the entitlement to and amount of attorney's fees to which the prevailing party is entitled.

19.   Entire Agreement.  This Agreement and the Exhibits attached hereto set forth the entire agreement between the Parties and fully supersede any and all prior agreements or understandings, written or oral, between the Parties.  This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.  A facsimile signature or signatures transmitted in PDF by electronic mail will be binding and enforceable to the same extent as an original signature.  Counterparts may be delivered via electronic mail (including PDF or electronic signature) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes and shall be sufficient to bind the party so executing the Agreement.

20.   Authority.  Each of the undersigned Parties certifies and warrants that such Party is fully authorized to enter into this Agreement.

21.   Future Notices.  Any and all future notices, demands or other communications, including notices pursuant to Rule 58.1, to LHP shall be effective if sent via certified mail, return receipt requested to:

c/o Ardent Health Services
1 Burton Hills Boulevard, Suite 250
Nashville, TN 37215
Attn: General Counsel

With a copy to:

RICHARDS RODRIGUEZ & SKEITH, LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
Attn: Benjamin H. Hathaway, Esq.

or to such other address(es) as LHP shall designate by notice given in accordance with this Agreement.

Any or all future notices, demands or other communications, including notices pursuant to Rule 58.1, to the Alecto Defendants and Sherman/Grayson shall be effective if sent via certified mail, return receipt requested to:

c/o Alecto Healthcare Services LLC
101 N. Brand Boulevard, Suite 1780
Glendale, CA 91203
Attn: General Counsel

HALLETT & PERRIN
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Attn: Michael Alfred, Esq.

or to such other address(es) as the Alecto Defendants and/or Sherman/Grayson shall designate by notice given in accordance with this Agreement.

      22.    <u>No Third-Party Beneficiaries</u>.  The Parties acknowledge that this Agreement is made solely for the benefit of the Parties, and nothing in this Agreement is intended nor will it be deemed, to confer rights or remedies upon any person or legal entity not a party to this Agreement, including but not limited to Altera.

      23.    <u>Modification and Waiver</u>.  No modification, amendment, waiver, termination or discharge of this Agreement, or any of the terms or provisions hereof, shall be binding upon any of the Parties unless confirmed by a written instrument signed by all Parties.  No waiver by any Party of any term or provision of this Agreement or of any default hereunder shall affect such Party's rights thereafter to enforce such term or provision or to exercise any right or remedy in the event of any other default, whether or not similar.

[SIGNATURE PAGE TO FOLLOW]

**IN WITNESS WHEREOF**, the Parties have signed and executed this Agreement as of the date set forth above as an expression of their intent to be bound by the foregoing terms of this Agreement.

Stephen C. Petrovich

**LHP HOSPITAL GROUP, INC.**

By: *[signature]*

Title: General Counsel

Date: 2/16/22

**ALECTO HEALTHCARE SERVICES SHERMAN LLC**

By: Michael J Sarrao

Title: Executive Vice President

Date: 2/16/22

**ALECTO HEALTHCARE SERVICES LLC**

By: Michael J Sarrao

Title: Executive Vice President

Date: 2/16/22

**SHERMAN/GRAYSON HOSPITAL, LLC**

By: Michael J Sarrao

Title: Executive Vice President

Date: 2/16/22

9

# EXHIBIT A

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LHP HOSPITAL GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. N21C-01-146 PRW (CCLD) |
| ALECTO HEALTHCARE | ) | |
| SERVICES LLC AND ALECTO | ) | |
| HEALTHCARE SERVICES | ) | |
| SHERMAN LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION AND [PROPOSED] ORDER OF DISMISSAL

Pursuant to Superior Court Rules of Civil Procedure 41(a)(2) and (c) and the parties' Settlement Agreement, entered into as of February [  ], 2022, it is hereby stipulated and agreed by and between Plaintiff LHP Hospital Group, Inc. ("LHP") Defendants Alecto Healthcare Services LLC and Alecto Healthcare Services Sherman LLC, ("Alecto") and through their undersigned counsel, and subject to the approval of the Court, as follows:

1. All claims, counterclaims and defenses are hereby dismissed; and

2. Each party shall bear its own costs, attorneys' fees and expenses.

3. This Stipulation and Order of Dismissal becomes *with prejudice* ninety days after the date it is "So Ordered" by the Court.

POTTER ANDERSON & CORROON LLP        COOCH AND TAYLOR, P.A.

By: */s/*_____        By: */s/*_____
    Peter J. Walsh, Jr. (#2437)            Carmella P. Keener (#2810)
    Clarissa R. Chenoweth-Shook (#5728)            The Nemours Building
    Hercules Plaza, 6th Floor            1007 North Orange Street, #1120
    1313 North Market Street            Wilmington, DE  19801
    Wilmington, DE  19801            (302) 984-3816
    pwalsh@potteranderson.com            ckeener@coochtaylor.com
    cchenoweth@potteranderson.com

    *Attorneys for Plaintiff*            *Attorney for Defendants*

Dated:

IT IS SO ORDERED this _____ day of _____, 2022.

                               _____
                               The Honorable Paul R. Wallace

# EXHIBIT B

CAUSE NO. CV-20-0944

| | | |
|---|---|---|
| LHP HOSPITAL GROUP, INC., | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF GRAYSON COUNTY, TEXAS |
| | § | |
| SHERMAN/GRAYSON HOSPITAL, LLC, | § | |
| *Defendant.* | § | 59TH JUDICIAL DISTRICT |

## AGREED MOTION TO DISMISS WITH PREJUDICE

COME NOW Plaintiff LHP Hospital Group, Inc. ("LHP") and Defendant Sherman/Grayson Hospital, LLC ("Sherman/Grayson") and move this Court for an Order dismissing this case.

The parties have resolved their disputes and this matter has been settled in its entirety. Accordingly, LHP and Sherman/Grayson ask this Court to dismiss with prejudice all claims between them in this case, with all costs and attorneys' fees taxed against the party who incurred them.

Plaintiff and its counsel represent that the parties have resolved the dispute under terms that are fair and reasonable.

WHEREFORE, PREMISES CONSIDERED, LHP and Sherman/Grayson request that this Court enter an Agreed Order dismissing with prejudice all claims between them in this case, with all costs and attorneys' fees taxed against the party who incurred them.

Respectfully submitted,

**RICHARDS RODRIGUEZ & SKEITH**

816 Congress Avenue, Suite 1200
Austin, Texas 78701
Telephone: 512-391-8256
Facsimile:  512-476-1513

By: _____

BENJAMIN H. HATHAWAY
State Bar No. 09224500
Email: BHathaway@rrsfirm.com


 -and-

**HALLETT & PERRIN, P.C.**

1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Telephone: 214-953-0053
Facsimile:  214-922-4142


By: _____

MICHAEL S. ALFRED
State Bar No. 24014416
CONDRED C. ROBERTS
State Bar No. 24091493
Email: malfred@hallettperrin.com
Email: croberts@hallettperrin.com

CAUSE NO. CV-20-0944

| | | |
|---|---|---|
| LHP HOSPITAL GROUP, INC., | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF GRAYSON COUNTY, TEXAS |
| | § | |
| SHERMAN/GRAYSON HOSPITAL, LLC, | § | |
| *Defendant.* | § | 59TH JUDICIAL DISTRICT |

---

**ORDER GRANTING
AGREED MOTION TO DISMISS WITH PREJUDICE**

---

The Court, having considered the parties' Agreed Motion to Dismiss with Prejudice,

hereby GRANTS the motion in its entirety.

IT IS THEREFORE ORDERED that all claims between the parties herein are hereby

dismissed with prejudice to the refiling of same, with each party bearing its respective court costs

and attorneys' fees.

IT IS SO ORDERED this _____.

_____
HONORABLE LARRY PHILLIPS

**AGREED AS TO FORM AND SUBSTANCE:**

| | |
|---|---|
| **RICHARDS RODRIGUEZ & SKEITH** | **HALLETT & PERRIN, P.C.** |
| 816 Congress Avenue, Suite 1200 | 1445 Ross Avenue, Suite 2400 |
| Austin, Texas 78701 | Dallas, Texas 75202 |
| Telephone: 512-391-8256 | Telephone: 214-953-0053 |
| Facsimile: 512-476-1513 | Facsimile: 214-922-4142 |
| | |
| By: _____ | By: _____ |
| BENJAMIN H. HATHAWAY | MICHAEL S. ALFRED |
| State Bar No. 09224500 | State Bar No. 24014416 |
| Email: BHathaway@rrsfirm.com | CONDRED C. ROBERTS |
| | State Bar No. 24091493 |
| | Email: malfred@hallettperrin.com |
| | Email: croberts@hallettperrin.com |

# EXHIBIT C

**AFFIDAIVT:**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| LHP HOSPITAL GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| ALECTO HEALTHCARE SERVICES | ) | **CONFESSION OF JUDGMENT** |
| LLC, ALECTO HEALTHCARE | ) | |
| SERVICES SHERMAN LLC, and | ) | |
| SHERMAN/GRAYSON HOSPITAL, | ) | |
| LLC | ) | |
| Defendants. | | |

NOW COME Defendants Alecto Healthcare Services LLC, Alecto Healthcare Services Sherman LLC, and Sherman/Grayson Hospital, LLC (collectively, "Defendants"), jointly and severally, who confess judgment in favor of Plaintiff LHP Hospital Group, Inc. ("LHP") pursuant to Superior Court Rule of Civil Procedure 58.1 and 10 Del. Code § 2306, being duly sworn, deposes and says:

1.     Defendants, jointly and severally, hereby authorize the immediate entry of judgment against Defendants in favor of LHP and issuance of execution thereon in the principal amount of $_____.

2.     This Confession of Judgment arises from the following facts:

1

(a)      On February ___, 2022, LHP and Defendants executed a Settlement Agreement (the "Agreement"), wherein LHP agreed to forbear exercising certain remedies and seeking Future Expenses as defined in the Agreement; and

(b)      This Confession of Judgment is for the purpose of securing LHP against the contingency that Defendants may fail to comply with all terms of the Agreement, and was a material inducement to LHP signing the Agreement.

3.      Defendants hereby confirm their promise to pay LHP pursuant to the terms and conditions of the Agreement. IF DEFENDANTS DEFAULT, DEFENDANTS AGREE THAT LHP MAY EXERCISE ITS RIGHTS UNDER THE AGREEMENT AND/OR PURSUANT TO THIS CONFESSION OF JUDGMENT.

4.      Defendants hereby waive their rights: (i) to a jury trial or any other trial; and (ii) to answer or defend themselves; and hereby (a) confess judgment in favor of LHP for the liability to pay the Confessed Judgment Amount, without the service of process upon Defendants; and (b) consent to an immediate entry of judgment and the issuance of an execution thereon.  Notwithstanding the foregoing, Defendants shall have the following rights:

a.      the right to receive a notice letter, pursuant to Delaware Superior Court Civil Rules 58.1(a)(4) and 58.1(d), which notice letter shall contain,

among other things, the amount of principal, interest, fees, and costs for which LHP intends to obtain court judgment; and

b.      the right, at the hearing provided to a debtor under Court Rule 58.1(g)(3), to challenge LHP's computation of the principal, interest, fees, and costs sought (but not the right to raise any other defenses not otherwise permitted by Court Rule 58.1).

5.      This Confession of Judgment shall be governed by, construed under, and enforced in accordance with the laws of the State of Delaware without giving effect to the principles of conflict of laws therein.  Defendants hereby irrevocably submit to the exclusive jurisdiction and venue of the state courts of Delaware.

6.      **CONFESSION OF JUDGMENT.** DEFENDANTS, JOINTLY AND SEVERALLY, HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE STATE OF DELAWARE, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR DEFENDANTS, WITH OR WITHOUT COMPLAINT FILED, AND TO CONFESS OR ENTER JUDGMENT AGAINST DEFENDANTS FOR THE FUTURE EXPENSES REQUESTED BY LHP, ON WHICH JUDGMENT OR JUDGMENTS ONE OR MORE EXECUTIONS MAY ISSUE PURSUANT TO APPLICABLE DELAWARE LAW AND COURT RULES; AND FOR SO DOING, THIS CONFESSION OF JUDGMENT, SHALL BE SUFFICIENT

WARRANT.   THE AUTHORITY GRANTED IN THIS CONFESSION OF JUDGMENT AGAINST DEFENDANTS SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF THE FUTURE AMOUNTS REQUESTED BY LHP.  WITH THE EXCEPTION OF THE RIGHTS GUARANTEED TO DEFENDANTS IN THIS CONFESSION OF JUDGMENT, DEFENDANTS HEREBY WAIVE, TO THE EXTENT PERMITTED BY APPLICABLE DELAWARE LAW, ANY OTHER RIGHT DEFENDANTS MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT. DEFENDANTS AGREE THAT ANY AND ALL JUDGMENTS ENTERED IN CONNECTION WITH THIS CONFESSION OF JUDGMENT SHALL BE, TO THE FULL EXTENT PERMITTED BY APPLICABLE LAW, FINAL AND BINDING.

7.    PRIOR TO SIGNING THIS CONFESSION OF JUDGMENT, THE UNDERSIGNED ON BEHALF OF DEFENDANTS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS CONFESSION OF JUDGMENT. DEFENDANTS' ENTRY INTO THIS CONFESSION OF JUDGMENT AND WAIVER OF THEIR RIGHTS HEREUNDER ARE VOLUNTARY, KNOWING AND INTELLIGENT.   DEFENDANTS HAVE BEEN REPRESENTED BY

COUNSEL REGARDING THIS CONFESSION OF JUDGMENT, AND HAVE CONSULTED WITH COUNSEL REGARDING THE ENTRY, ENFORCEABILITY, AND FORM OF THIS CONFESSION OF JUDGMENT.

8.    WITHOUT LIMITING THE FOREGOING, DEFENDANTS EXPRESSLY AUTHORIZE COUNSEL FOR LHP, OR ITS ASSIGNEE OR SUCCESSOR-IN-INTEREST, TO APPEAR IN THE SUPERIOR COURT OF THE STATE OF DELAWARE, INCLUDING BEFORE THE PROTHONOTARY IN ORDER TO ENTER THIS CONFESSION OF JUDGMENT AGAINST DEFENDANTS AND IN FAVOR OF LHP IN THE CONFESSED JUDGMENT AMOUNT.

9.    Defendants acknowledge that they have had the opportunity to consult with legal counsel regarding this Confession of Judgment.  Defendants certify that they consent to the entry of judgment by confession and the waivers given above are voluntary, intentional, and knowing consents and waivers given with full understanding and awareness of the legal consequences of such consents.

10.    This Confession of Judgment shall be binding upon Defendants and their successors, assigns, executors, and administrators and shall inure to the benefit of LHP and its successors, assigns, executors, and administrators.

[signature on next page]

This ___ day of _____ 202__.

_____

Alecto Healthcare Services, LLC

By: _____

Sworn to and subscribed before me
this the _____ day of _____, 202__.

Notary Public

My Commission Expires:_____

This ___ day of _____ 202__.

_____

Alecto Healthcare Services Sherman, LLC

By:_____

Sworn to and subscribed before me
this the _____ day of _____, 202__.

Notary Public

My Commission Expires:_____

This ___ day of _____ 202__.

_____

Sherman/Grayson Hospital, LLC

By: _____

Sworn to and subscribed before me
this the _____ day of _____, 202__.

Notary Public

My Commission Expires:_____

**ORDER:**

### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| LHP HOSPITAL GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| ALECTO HEALTHCARE SERVICES | ) | |
| LLC, ALECTO HEALTHCARE | ) | |
| SERVICES SHERMAN LLC, and | ) | |
| SHERMAN/GRAYSON HOSPITAL, | ) | |
| LLC | ) | |
| Defendants. | | |

## <u>ORDER AND JUDGMENT BY CONFESSION</u>

AND NOW this _____ day of _____, 20__;

JUDGMENT IS HEREBY ENTERED in favor of Plaintiff LHP Hospital Group, Inc. against Defendants Alecto Healthcare Services LLC, Alecto Healthcare Services Sherman LLC, and Sherman/Grayson Hospital, LLC (collectively, "Defendants"), jointly and severally, in the amount of $_____, plus interest from the entry of this judgment until payment in full of the same, plus Court costs.

_____

The Honorable _____