## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC, | Case No. 23-10787 (JKS) |
| Debtor.[1] | **Re: Docket No. 155, 267** |

### AMENDED ORDER (I) SCHEDULING A HEARING ON PLAN CONFIRMATION AND DEADLINES RELATED THERETO; AND (II) APPROVING THE NOTICE AND THE FORMS RELATED THERETO

Upon consideration of the motion (the "Motion") of Alecto Healthcare Services LLC, the debtor and debtor in possession herein (the "Debtor") for an Order (I) Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto; and (II) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; due, adequate and sufficient notice of the Motion having been given; and this Court having reviewed the Motion, having heard the arguments of the Subchapter V Trustee and the United States Trustee, and having heard the statements in support of the relief requested therein at a hearing before this Court; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AS FOLLOWS:

A.    The procedures set forth below for the solicitation of the Plan provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

B.     The contents of the Plan and the Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims and Interests in the Debtor.

C.     The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, satisfies the requirements of due process with respect to all Holders of Claims and Interests.

D.     Ballots need not be provided to Holders of Claims.

IT IS HEREBY FOUND AND DETERMINED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     The confirmation hearing notice, in substantially the form attached hereto as **Exhibit 1** ("Confirmation Hearing Notice"), is approved, and by no later than January 25, 2024, the Debtor shall serve the Confirmation Hearing Notice on: (i) all known creditors and equity security holders (but not on any of the Debtor's customers that did not file Proofs of Claim), (ii) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in the Chapter 11 Case, (iii) state and local taxing authorities for all jurisdictions in which the Debtor did business, (iv) the Internal Revenue Service, (v) the United States Attorney for the District of Delaware, (vi) holders of Claims or Interests, (vii) the United States Trustee, and (viii) all persons or entities listed on the Debtor's creditor mailing matrix (other than any of the Debtor's customers that did not file Proofs of Claim). (the "Notice Parties").

3.     The service of the Plan and the Confirmation Hearing Notice satisfies the requirements of due process with respect to all Holders of Claims and Interests, whether known or unknown.

4.      No later than three business days after entry of this Order, counsel for the Debtor shall begin service of a copy of the following documents upon all the Notice Parties:

     a.      the Plan and all other exhibits annexed thereto, other than Exhibit D, which shall be made available upon request of any party in interest; and

     b.      the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**;

(collectively, the "Plan Materials").

5.      Any supplement to the Plan shall be filed no later than **February 15, 2024**.

6.      Objections to confirmation of the Plan, if any, must:  (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, and (iii) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, no later than **February 22, 2024 at 4:00 p.m. (ET**), and (iv) a copy must be served upon: (1) counsel to the Debtor, Morris James LLC, Attn: Jeffrey Waxman and Brya Keilson, jwaxman@morrisjames.com and bkeilson@morrisjames.com; (2) the United States Trustee to Linda Casey at linda.casey@usdoj.gov and (3) the Subchapter V Trustee, Jami Nimeroff at jnimeroff@bmnlawyers.com.  Unless an objection is timely Filed and served, it may not be considered by the Bankruptcy Court at the Confirmation Hearing.

7.      No later than **February 29, 2024 at 10:00 a.m.,** the Debtor shall file a proposed confirmation order,

8.      No later than **February 29, 2024 at 10:00 a.m.,** the Debtor may file a response to any objections or opposition to confirmation of the Plan, and any briefs or other documents in support of confirmation.

9.      The Confirmation Hearing is hereby scheduled to start on **March 4, 2024, at 1:00 p.m.** and to the extent not concluded, may continue on **March 5, 2024 at 10:00.**  The Confirmation

Hearing may be further continued from time to time by the Debtor without further notice other than by (i) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing), or (ii) filing a notice with the Court.

10.    The Debtor is authorized to make non-substantive and ministerial changes to any notices, packages or documents approved hereunder, including the Confirmation Hearing Notice without further approval of the Court prior to their dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Plan and any other notices, packages or documents approved hereunder, including those in the Plan Materials, prior to their distribution.  If the Debtor makes any such changes, the Debtor shall file the revised documents with the Court prior to dissemination.

11.    The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

12.    The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

13.    This Order is effective immediately upon entry.

**Dated: January 25th, 2024**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE