IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ALECTO HEALTHCARE SERVICES LLC.,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS)<br><br>RE: D.I. Nos. 262, 284<br><br>Hearing Date: March 4, 2024 at 1:00 p.m. (ET)<br><br>Objection Deadline: February 22, 2024 at 4:00 p.m. (ET) |

**UNITED STATES TRUSTEE'S RESERVATION OF RIGHTS TO CONFIRMATION OF SMALL BUSINESS DEBTOR'S PLAN OF REORGANIZATION PROPOSED BY THE DEBTOR**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), through his counsel, files this reservation of rights ("Reservation") to confirmation of *Small Business Debtor's Plan of Reorganization Proposed by the Debtor* ("Plan") and in support of his Reservation, states:

**PRELIMINARY STATEMENT**

1. The U.S. Trustee files this Reservation to confirmation of the Plan to preserve his rights to object to any unresolved confirmation issues at the Confirmation Hearing as explained further below.

---

[1] The last four digits of Potrero Medical, Inc.'s tax identification number are 3191. The Debtor's service address is 26142 Eden Landing Road, Hayward, California 94545.

1

**JURISDICTION, VENUE, STANDING**

2.  This Court has jurisdiction over the above-captioned case pursuant to 28 U.S.C. § 1334. This Court is authorized to hear and determine confirmation of the Plan and this Reservation pursuant to 28 U.S.C. § 157(a, b), and the amended standing order of reference issued by the United States District Court for the District of Delaware dated February 29, 2012. Venue of the case is proper in this District pursuant to 28 U.S.C. § 1408(1).

3.  Pursuant to 28 U.S.C. § 586, the U. S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U. S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

4.  Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor plans and disclosure statements filed in chapter 11 cases and to comment on such plans and disclosure statements.

5.  Pursuant to 11 U.S.C. § 307, the U. S. Trustee has standing to be heard with regard to confirmation of the Plan and this Reservation.

**FACTS**

6.   On June 16, 2023, the above-captioned Debtor filed a voluntary petition under chapter 11 in this Court, and it elected to proceed under subchapter V of chapter 11.

7.   On June 20, 2023, the U.S. Trustee appointed Jami Nimeroff as the subchapter V trustee.

8.   On December 19, 2023, the Debtor filed the Plan. The Plan contains the following provisions.

| *Plan Citation* | *Relevant Language* |
|---|---|
| Article I.3. | **Allowed:** With respect to any Claim, except as otherwise provided herein: (a) a Claim that is evidenced by a Proof of Claim **timely Filed by the applicable Bar Date** . . . (b) a Claim that is listed in the Schedules as not contingent, not unliquidated, and not disputed, and for which no Proof of Claim has been **timely** filed; . . . . Any Claim that has been or is hereafter listed in the Schedules as contingent, unliquidated, or disputed, and for which no Proof of Claim or Equity Interest is or has been **timely** Filed, is not considered Allowed **and shall be expunged without further action by the Debtor and without further notice to any party or action, approval, or order of the Bankruptcy Court**. . . . [Emphasis Added] |
| Article IV.3.b. | [A]fter the Effective Date, the Reorganized Debtor shall have the sole authority to File and prosecute objections to Claims. |
| Article IV.3.f. | On or after the Effective Date, a Claim may not be Filed or amended without the prior authorization of the Bankruptcy Court or the Reorganized Debtor. Unless such prior authorization is granted, any such new or amended Claim Filed shall be deemed Disallowed in full and expunged without any further notice to, or action, order, or approval of, the Bankruptcy Court to the maximum extent provided by applicable law. |
| Article VI.c. | **c. Unclaimed Payments.** Any Holder of an Allowed Claim that does not assert a Claim pursuant to the Plan for an undeliverable or unclaimed distribution within 180 days after the first distribution is made to such Holder shall be deemed to have forfeited its claim for such undeliverable or unclaimed distribution and shall be forever barred and enjoined from asserting any such claim for the undeliverable or unclaimed distribution against the Debtor, the Estate, the Reorganized Debtor, or its properties or |

| | |
|---|---|
| | assets. |
| Article VII.2. | **2. Debtor Releases.**<br>Subject to the occurrence of the Effective Date, and in consideration of the services provided and a total of $25,000 to be remitted by certain of the Debtor's insiders, on the Effective Date, the Debtor and its Estate shall release, waive, and discharge unconditionally the Released Parties from any and all claims, causes of action, and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: in connection with or arising from the Debtor's Chapter 11 Case, the pursuit of confirmation of the Plan, the Consummation thereof, the administration thereof or the property to be distributed thereunder; provided, that the foregoing shall not operate as a waiver of or release from any causes of action resulting from the willful misconduct, actual fraud, or gross negligence |
| Article VII.4. | **4. Injunction.**<br>Except with respect to the obligations arising under the Plan or the Confirmation Order, and except as otherwise expressly provided in the Plan or the Confirmation Order, all Entities that held, hold, or may hold claims or interests that have been discharged, released or exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against the Released Parties on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind against the Released Parties or the property of the Released Parties on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Released Parties or against the property of the Released Parties on account of or in connection with or with respect to any such claims or interests unless the Released Parties has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a claim or interest or |

4

| | |
|---|---|
| | otherwise that the Released Parties asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan. |
| Article VIII.12. | **12. Post-Effective Date Service List** Pursuant to Bankruptcy Rule 2002 and any applicable Local Rule, notice of all post-Confirmation matters for which notice is required to be given shall be deemed sufficient if served upon counsel for the U.S. Trustee, counsel to the Debtors, counsel for the Liquidating Trustee, and all persons on the Bankruptcy Rule 2002 service list |

## **RESERVATION OF RIGHTS**

9. As stated above, the U.S. Trustee files this Reservation out of an abundance of caution to preserve his rights to object to any unresolved confirmation issues at the confirmation hearing. Among other issues, the U.S. Trustee has raised the following general issues with confirmation of the Plan:

- The U.S. Trustee reserves his right to be heard with respect to, among other issues, the Debtor's projections and disposable income analysis, the appropriate length of Plan payments, and the appropriateness of the Debtor's release contained in Article VII. of the Plan.

- The definition of "Allowed" automatically disallows late-filed claims, and Article IV.3.f. prohibits amendments to claims and automatically expunges late-filed claims and post-Effective Date amendments to claims. This violates 11 U.S.C. § 502 and eliminates the requirement to provide notice and an opportunity to object prior to disallowance of a claim.

- Article IV.3.b. vests the Reorganized Debtor with the sole authority to object to claims, contradicting 11 U.S.C. §502(a) (permitting any "party in interest" to object to claims).

- Article VI.c. should be amended to clarify that unclaimed distributions should be held until 180 days after the final distribution date, and creditors should have until such time to claim distributions.

- The Debtor cannot release claims that first arise after the confirmation hearing. Article VII.4. releases future claims.

- The injunction enjoins claims against the Released Parties by "all Entities that held, hold, or may hold claims or interests that have been discharged, released or exculpated pursuant to the Plan." The Debtor and its estate are the only releasing parties. The injunction provision thus creates the equivalent of non-consensual third-party releases.

- Article VIII.12. cannot eliminate service on any party affected by a particular matter.

10.     The Debtor has agreed to make certain modifications to address the concerns above, has agreed to continue discussions regarding other issues above, and has indicated that certain issues will be addressed with further evidence in support of confirmation of the Plan. As of this filing, discussions between the Debtor and the U.S. Trustee are on-going. The U.S. Trustee expects that most, if not all, of these issues, will be addressed prior to the hearing or by introduction of a factual record supporting the Plan. To the extent they are not or other confirmation issue arise between this filing and the confirmation hearing, the U.S. Trustee hereby reserves his right to raise those issues orally at the confirmation hearing.

11.  The U.S. Trustee leaves the Debtor to its burden of proof and reserves any and all rights, remedies and obligations to, inter alia, complement, supplement, augment, alter and/or modify this Reservation, file an appropriate motion or objection and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

| | |
|---|---|
| Dated: February 22, 2024.<br>Wilmington, Delaware | Respectfully submitted,<br><br>**ANDREW R. VARA**<br>**UNITED STATES TRUSTEE, REGION 3**<br><br>By: /s/ *Linda J. Casey*<br>    Linda J. Casey<br>    Trial Attorney<br>    United States Department of Justice<br>    Office of the United States Trustee<br>    J. Caleb Boggs Federal Building<br>    844 King Street, Suite 2207, Lockbox35<br>    Wilmington, Delaware 19801<br>    Phone: (302) 573-6492<br>    Fax:   (302) 573-6497<br>Email: linda.casey@usdoj.gov |

## CERTIFICATE OF SERVICE

I, Linda J. Casey, hereby attest that on February 22, 2024, I caused to be served a copy of this Objection by electronic service on the registered parties via the Court's CM/ECF system and upon the following parties via email:

| **Subchapter V Trustee** | **Debtor's Counsel** |
|---|---|
| Jami Nimeroff<br>Brown McGarry Nimeroff LLC<br>919 N. Market Street, Suite 420<br>Wilmington, DE 19801<br>(jnimeroff@bmnlawyers.com) | Jeffrey Waxman<br>Brya Keilson<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500,<br>Wilmington, DE 19801,<br>(jwaxman@morrisjames.com)<br>(bkeilson@morrisjames.com); |

/s/Linda J. Casey, Esq.
Linda J. Casey