# **EXHIBIT 4**

Blackline Liquidation Analysis

Alecto Healthcare
LIQUIDATION ANALYSIS
as of ~~December 19~~ March 3, 2023

| | ~~CHAPTER 11~~ | CHAPTER 11 | CHAPTER 7 |
|---|---|---|---|
| Cash and Accounts Receivable [1] | | $ ~~170,000~~ 168,000 | $ 168,000 |
| Year 1 disposable income [2] | $ ~~339,163.00~~ | $ 463,913.00 | $ - |
| Year 2 disposable income [2] | $ ~~533,763.00~~ | $ 748,514.00 | $ - |
| Year 3 disposable income [2] | $ ~~489,332.00~~ | $ 704,083.00 | $ - |
| Other assets [3] | | | |
| Distributions from subsidiaries [4] | $ ~~187,500.00~~ | $ ~~187,500.00~~ 137,500.00 | $ 137,500.00 |
| Furniture and Equipment [5] | $ - | $ - | $ 29,838.36 |
| Vehicles [6] | | | $ 21,000.00 |
| Causes of Action [7] | $~~25,000~~ | $ 25,000 | $ - |
| **Total Assets** | $ ~~1,574,758~~ | $ ~~408,338~~ 2,079,010 | $ 356,338 |
| | ~~$150,000.00~~ | | |
| Postconfirmation attorneys fees [8] | | $0.00 | |
| Chapter 7 Trustee Fee [9] | | | $16,000.00 |
| Chapter 7 Trustee Counsel [10] | | | $75,000.00 |
| **Total Fees** | $ ~~150,000~~ | $ - | $ 91,000 |
| | $ ~~1,424,758~~ | | |
| **Available for Payment of Claims** | | $ ~~317,338~~ 2,079,010 | $ 265,338 |

NOTES

(1) - The Debtor estimates that as of the Effective Date, the estate will have $~~170,000~~ 168,000 of cash and accounts receivable. Note that the amounts depends upon the timing of payments made/received, and is the estimate is premised upon an Effective Date of ~~December 7~~ March 6, ~~2023~~ 2024. Note that this amount is not available for distribution to creditors under the Chapter 11 Plan as these amounts are necessary for payment of incurred and ongoing expenses (and which would otherwise be administrative expenses) and

~~16309830/2~~

are already included in the calculus of disposable income in Year 1.

(2) - See Projected Income and Expenses attached as Exhibit C to Plan.  In the event of liquidation, the Debtor's estate would not receive any income received from the Debtor's subsdiary, Alecto Healthcare Services Hayward LLC, on account of services provided to St. Rose Hospital.

16309830/2

(3) - This is intended to include all other assets of the Debtor available for distribution to creditors.

(4) - This includes distributions expected to be received from the estate of Sherman/Grayson Hospital, LLC on account of the Debtor's claim, which may be the subject of a compromise. As more fully set forth in the Plan, the Debtor does not believe, based upon the assets and liabilities of other direct and indirect subsidiaries of the Debtor, that there will be any value to be received by the Debtor on account of its interests in those entities.

(5) - See Schedule A.39 and A.41.

(6) - See Schedule A.47.

(7) - See the report attached as Exhibit D to the Plan. As more fully set forth therein, as determined by the Independent Director, the insiders have no liability for avoidable transfers. Notwithstanding the foregoing, the insiders have agreed to provide the estate with $25,000 for the benefit of creditors in order to get releases from the estate. The insiders have not agreed to remit any payment to the estate in the event that the case converts to Chapter 7.

(8) - The Debtor anticipates that after confirmation, the estate will continue to incurr signfiicant fees in connection with the Reed Creditors' appeal(s). Further, there may be other matters left to address after confirmation, although the Debtor may object to certain claims, and other matters necessary to administer the estate prior to closing the bankruptcy case. The anticipated amount of the Reorganized Debtor's professional fees ($300,000) are already reflected in the Year 1 disposable income.

(9) - See 11 U.S.C. S 326.

(10) - The primarily differences between the professional fees of the reorganized debtors and those of a Chapter 7 trustee include the following: (i) the need for the Chapter 7 Trustee and its counsel to become familiar with the underlying facts of the case, (ii) the need to prepare for and attend a 341 meeting, (iii) the preparation and filing of retention application(s) for the Chapter 7 Trustee's professionals, and (iv) other costs which would not be necessary for a confirmed Chapter 11 case.

16309830/2