## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>Alecto Healthcare Services LLC,[1]<br><br>       Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS)<br><br>**Objection Deadline: March 25, 2024 at 4:00 p.m.**<br>**Hearing Date: April 17, 2024 at 10:00 a.m.** |

## MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 9019(b) AUTHORIZING AND APPROVING SETTLEMENT WITH SHERMAN/GRAYSON HOSPITAL, LLC

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, respectfully moves (the "Motion") this Court for an entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019(a) (the "Bankruptcy Rules"): (i) approving a Settlement Agreement (the "Settlement Agreement")[2] between the Debtor and Sherman/Grayson Hospital, LLC ("Sherman/Grayson", collectively with the Debtor, the "Parties"); (ii) authorizing the Debtor to enter into the Settlement Agreement; and (iii) granting such other and further relief as is just and proper. In support of thereof, the Debtor respectfully submits as follows:

### JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware ("Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

[2] Capitalized terms used but not defined herein shall have the meaning as defined in the Settlement Agreement.

2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Debtor

confirms its consent pursuant to Rule 9013-l(f) of the Local Rules of Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a

final order by the Court in connection with this Motion to the extent it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory predicates for the relief requested herein are (i) section 105(a) of the

Bankruptcy Code, (ii) Bankruptcy Rules 2002(a)(2) and 9019, and (iii) Local Rule 2002-1.

## BACKGROUND

4.       On June 16, 2023 (the "Petition Date") the Debtor commenced the above-captioned

bankruptcy case under subchapter v of Title 11.

5.        On June 20, 2023, Jami Nimeroff of Brown McGarry Nimeroff LLC was appointed

as the Subchapter V Trustee (the "Subchapter V Trustee").  No other trustee, examiner, or official

committee has been appointed in this case.

6.       The Debtor is operating its business as debtor in possession pursuant to sections

1107 and 1108 of the Bankruptcy Code.

7.       On December 8, 2023, the Debtor filed a proof of claim in the bankruptcy case of

Sherman/Grayson (Case No. 23-10810 (JKS)) in the amount of $ $60,186,975.93 (the "Alecto

Claim").

8.       Pursuant to a certain *Settlement Term Sheet*, dated August 15, 2023

[Sherman/Grayson Docket No. 136-1] by and among Sherman/Grayson, MPT of Sherman-Alecto,

LLC, AHS Sherman, LLC, and the Official Committee of Unsecured Creditors of

16589044/1

Sherman/Grayson (the "<u>Sherman Committee</u>"), MPT of Sherman-Alecto, LLC agreed to fund a settlement pool of $250,000 that would be distributed to general unsecured creditors of Sherman/Grayson (the "<u>GUC Fund</u>") in connection with the dismissal of Sherman/Grayson's bankruptcy case.

9.      The Sherman Committee, Sherman/Grayson, and the Debtor have been engaged in discussions to resolve the Alecto Claim that have led to a settlement.  Specifically, the relevant parties have reached a resolution and agree that the Alecto Claim will be allowed in an amount equal to 55% of the GUC Fund available to distribute to general unsecured creditors on account of the allowed general unsecured claims asserted against Sherman/Grayson, or $137,500 of the total $250,000 in the CUG Fund.

10.     The Debtor and Sherman/Grayson have agreed to terms regarding settlement of the Alecto Claim pursuant to the terms set forth in the Settlement Agreement, a copy of which is attached hereto as **<u>Exhibit B</u>**.

11.     The terms of the Settlement Agreement are subject to entry of a final order approving the settlement by the Court after notice and an opportunity for hearing.

<u>**RELIEF REQUESTED**</u>

12.     By this Motion, the Debtor seeks approval of the Settlement Agreement pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

<u>**BASIS FOR RELIEF REQUESTED**</u>

13.     This Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provision of this title."  11 U.S.C. § 105(a).

3

14.     Bankruptcy Rule 9019 grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[3]   Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'"  *Myers v. Martin (In re Martin)*, 91 F. 3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)).  In addition, courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  *See, e.g., In re Louise's, Inc*., 211 B.R. 798, 801 (D. Del. 1997).

15.     Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Enter. Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801).  To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement.  *Martin*, 91 F.3d at 393.  In striking this balance, the court should consider the following factors:

a.     The probability of success in the litigation;
b.     The complexity, expense and likely duration of the litigation;
c.     The possibilities of collecting on any judgment which might be obtained;
d.     All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and
e.     Whether the proposed compromise is fair and equitable to the Debtor, his creditors, and other parties in interest.

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968)*; see also Martin*, 91 F.3d at 393.  Basic to the process of evaluating a proposed settlements is "the need to compare the terms of the compromise with the likely rewards of

---

[3] Bankruptcy Rule 9019 provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." F. Bank. R. P. 9019.

16589044/1

litigation." *TMT Trailer Ferry*, 390 U.S. at 425.  The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved; rather, the Court's obligation is "to canvass the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'"  10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.) (*quoting In re Drexel Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991)); *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

16.     When considering the merits of the Settlement Agreement, the Parties considered the costs of litigating any and all potential causes of action, the likely outcome of such litigation, the benefits to the Debtor's estate relating to the allocation of distribution of funds from the GUC Fund, and a complete resolution amongst the Parties concerning any additional liability, as set forth in more detail in the Settlement Agreement.

17.     Additionally, the Debtor believes that any potential litigation related to resolving the Alecto Claim, while not overly complex, will result in delays and inconvenience. If the Debtor were to litigate the Alecto Claim, the Debtor would incur a significant amount of time and money, including engaging in discovery, attending hearings, going to trial and possibly responding to appeals, all of which would be timely and costly to creditors and the Debtor's estate.  In the end, the cost to litigate the any potential claims would likely outweigh any additional benefit that might be achieved. Moreover, the settlement avoids the risk and time of collecting on a potential judgment and ensures, according to estimations, an immediate benefit to the estate of a cash payment for approximately $137,500.

18.     Based upon the fact that the Debtor will receive a substantial amount of cash, and importantly, avoid the costs and uncertainty of litigating the any potential claims and causes of

action, the Debtor believes that the proposed Settlement Agreement provides a significant benefit to the Debtor and its estate, by providing for a benefit of approximately $137,500.

19.    For the foregoing reasons, the Debtor, in its business judgment, has determined that the proposed Settlement Agreement is in the best interests of the Debtor's estate.  Accordingly, the Debtor respectfully submits that the proposed Settlement Agreement meets the standards set forth in *TMT Trailer Ferry* and of Rule 9019.

## **NOTICE**

20.    Notice of this Motion has been given via electronic mail or United States mail to (i) the United States Trustee for the District of Delaware; (ii) Sherman/Grayson; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court enter an Order, a copy of which is attached hereto (i) authorizing the Debtor to enter into the Settlement Agreement; (ii) approving the Settlement Agreement; and (iii) granting such other and further relief as is just and proper.

Dated: March 4, 2024

**MORRIS JAMES LLP**

*/s/ Christopher M. Donnelly*
Jeffrey R. Waxman (DE Bar No. 4159)
Tara C. Pakrouh (DE Bar No. 6192)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: tpakrouh@morrisjames.com
E-mail: cdonnelly@morrisjames.com

*Counsel to the Debtor and Debtor in Possession*

16589044/1