**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | ) Chapter 11 (Subchapter V) |
| | ) |
| ALECTO HEALTHCARE SERVICES, LLC,[1] | ) Case No. 23-10787 (JKS) |
| | ) |
| Debtor. | ) **Obj. Deadline: July 9, 2024 at 4:00 p.m. (ET)** |
| | ) **Hearing Date: July 16, 2024 at 3:00 p.m. (ET)** |

**MOTION TO ALLOW MEDICAL PROTECTIVE COMPANY'S**
**PROOF OF CLAIM AS TIMELY FILED**

The Medical Protective Company, an Indiana corporation ("MedPro"), by the undersigned counsel, hereby requests the entry of an order pursuant to 11 U.S.C. § 501(a) and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") allowing the late-filed proof of claim by MedPro and deeming it as timely, due to the fact that MedPro did not receive notice of the above-captioned chapter 11 case (the "Chapter 11 Case"). In support of its motion, MedPro states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these cases and this motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District for the District of Delaware, dated February 29, 2012.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The statutory and legal foundations for the relief sought herein are U.S.C. § 501(a) and Bankruptcy Rules 3003(c) and 9006(b)(1).

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

4. The Claimant consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5. Alecto Healthcare Services, LLC (the "Debtor") filed a voluntary petition under subchapter V of chapter 11 of title 11 of the United States Code on June 16, 2023.

6. MedPro and the Debtor are parties to a Claim Services and Funding Agreement, dated January 31, 2018 (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as **Exhibit A**.

7. Pursuant to the Agreement, MedPro continues to manage three claims on the Debtor's behalf. The Agreement requires the Debtor to maintain funds in an escrow account to pay legal expenses within the Debtor's self-insured retention. The Debtor has not funded the escrow account, and MedPro has paid $63,456.34 to date in legal expenses that were within the Debtor's self-insured retention. MedPro further has legal expense invoices in the amount of $45,101.81 that it will pay in the ordinary course. As of the date of this motion, the Debtor owes MedPro $108,558.15. Additional amounts may become due by the Debtor to MedPro as MedPro continues to handle three open claims under the Agreement. The Agreement is an executory contract. However, MedPro was not listed as a creditor in the Chapter 11 Case and thus did not receive service of the bar date notice or any other notices in the Chapter 11 Case.

8. A copy of MedPro's proof of claim demonstrating the amount owed by the Debtor to MedPro (the "Proof Of Claim") is attached hereto as **Exhibit B**.

## REQUESTED RELIEF

9.      MedPro respectfully requests that the Court enter an order: (1) deeming the Proof Of Claim as timely filed; and (2) granting MedPro such other and further relief as the Court deems proper.

## BASIS FOR REQUESTED RELIEF

10.     Bankruptcy Rule 9006(b)(1) as applied to Bankruptcy Rule 3003(c)(3) permits a creditor to file a claim after the bar date if the creditor can demonstrate excusable neglect. *See Ellis v. Westinghouse Electric Co, LLC*, 11 F.4th 221, 232 (3d Cir. 2021); *see also* Fed. R. Bankr. P. 9006(b)(1).  MedPro can demonstrate excusable neglect due to the Debtor's failure to provide MedPro – a known creditor – notice of the Chapter 11 Case.

11.     Furthermore, the Proof Of Claim should be deemed timely filed under 11 U.S.C. § 105(a) because (i) MedPro did not receive notice of the Chapter 11 Case prior to the bar date, and (ii) doing so will not prejudice any creditors of the Debtor as no distribution of the Debtor's assets to members of Class V of the Debtor's plan has taken place and, upon information and belief, no claim objections have yet been filed in this case.

12.     Accordingly, MedPro respectfully requests that the Proof Of Claim be deemed timely filed pursuant to 11 U.S.C. §§ 501(a) and Bankruptcy Rules 3003(c)(3)[2] and 9006(b)(1), and that MedPro receive any distribution made to nonpriority, unsecured claimants on a pro-rata basis with other allowed, timely filed claims of that class.

---

[2] The Proof Of Claim may also be deemed timely filed pursuant to Bankruptcy Rule 3002(c)(6) made applicable through Bankruptcy Rule 3003(c)(3) because MedPro did not receive notice of the Chapter 11 Case prior to the bar date.

**CONCLUSION**

WHEREFORE, MedPro respectfully requests that the Court enter an order, substantially in the form of the attached proposed order: (1) deeming the Proof Of Claim as timely filed; and (2) granting MedPro such other and further relief as the Court deems proper.

Dated: July 1, 2024
       Wilmington, Delaware

**BAYARD, P.A.**

*/s/ Ericka F. Johnson*
Ericka F. Johnson (DE Bar No. 5024)
Steven D. Adler (DE Bar No. 6257)
600 North King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
Email: ejohnson@bayardlaw.com
       sadler@bayardlaw.com

-and-

**TAFT STETTINIUS & HOLLISTER LLP**
Kayla D. Britton
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone: (317) 713-3484
Email:  KBritton@taftlaw.com

*Counsel for the Medical Protective Company*