**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ALECTO HEALTHCARE SERVICES LLC,[1] | Case No. 23-10787 (JKS) |
| Reorganized Debtor. | **Obj. Deadline: December 2, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: January 3, 2025 at 10:00 a.m. (ET)** |

**REORGANIZED DEBTOR'S MOTION FOR AN ORDER
EXTENDING THE CLAIMS OBJECTION DEADLINE**

Alecto Healthcare Services LLC, the above-captioned reorganized debtor (the "Reorganized Debtor"), hereby moves this Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the time to file objections to Claims (as defined in the *Small Business Debtor's Plan of Reorganization* [Docket No. 261] (the "Plan")[2] by approximately sixty (60) days, from November 15, 2024, through and including January 15, 2025, pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Reorganized Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"), Article VIII,

---

[1] The last four digits of the Debtor's federal tax identification number is 9723. The Debtor's address is 101 N Brand Boulevard, Suite 1920, Glendale, CA 91203.

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan.

16984546/1

Section 4 of the Plan, and paragraph 64 of the *Findings of Fact and Conclusions of Law Confirming Small Business Debtor's Plan of Reorganization* (the "Confirmation Order").

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Reorganized Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief sought herein are sections 105(a) and 502 of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rules 9006-1 and 9006-2.

## BACKGROUND

### A. Bankruptcy Case

5. On June 16, 2023 (the "Petition Date"), the Reorganized Debtor filed a voluntary petition with the United States Bankruptcy Court of the District of Delaware (the "Court) under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "Chapter 11 Case").

6. On June 20, 2023, Jami Nimeroff was appointed as the Subchapter V Trustee (the "Subchapter V Trustee"). No other trustee, examiner, or official committee has been appointed in this case.

7. On September 14, 2023, the Reorganized Debtor filed a small business plan of reorganization [Docket No. 154], and later filed an updated version of a small business plan of

reorganization on October 9, 2023 [Docket No. 170]. The Reorganized Debtor submitted the final Plan on December 19, 2023 [Docket No. 261].

8. On April 4, 2024, the Court entered the Confirmation Order confirming the Plan [Docket No. 354]. On April 19, 2024, the Plan became effective. *See Notice of Effective Date* [Docket No. 364].

9. Under Article I.16 of the Plan, the Reorganized Debtor may file objections to Claims "the later of (a) 180 days after the Effective Date and (b) such other period of limitation as may be specifically fixed or extended by the Court, the Debtor or the Reorganized Debtor, or by an order of the Bankruptcy Court for objecting to Claims" (the "<u>Claims Objection Bar Date</u>"). The Claims Objection Bar Date was originally set to expire on October 16, 2024.

10. On October 15, 2024, the Debtor filed a motion to extend the original objection deadline through and including November 15, 2024 [Docket No. 410] (the "<u>Objection Deadline Motion</u>"). On November 4, 2024, the Court entered an Order approving the Objection Deadline Motion [Docket No. 412].

**B. Claims Reconciliation Process**

11. The Reorganized Debtor has been working to reconcile the Claims (as defined in the Plan) asserted against the Reorganized Debtor's estate. The Reorganized Debtor recognizes there is a very modest claims pool in this Subchapter v case. Specifically, excluding scheduled claims but including amended claims, creditors filed a total of twenty-three (23) proofs of claim in the case. From that pool of claims, there are a handful that remain to be addressed: those include several claims which have been asserted based upon an alter ego theory, and certain other claims that were contingent upon entities affiliated with the Debtor not remitting payments.

12. The Reorganized Debtor recognizes that, based upon the Subchapter v Plan and the real dollar costs, there is a limited benefit to preparing, filing, and prosecuting objections to claims. At the same time, the Reorganized Debtor is cognizant of its fiduciary obligation to object to claims which have no basis in fact or law. To that end, the Reorganized Debtor has reached out to a small number of creditors to attempt to resolve the issues to those claims without incurring the costs, if possible. Those discussions are continuing. Further, solely with respect to those claims that are contingent upon entities affiliated with the Debtor remitting payment, the Reorganized Debtor anticipates that it may enter into stipulations to further extend the deadline to object to specific claims with individual creditors.

13. In the meantime, the Reorganized Debtor is requesting an extension of the Claims Objection Bar Date for a period of approximately sixty (60) days, through and including January 15, 2025, in order to resolve as much as it can, without prejudice to any request for a further extension, and to the extent that the Reorganized Debtor cannot reach a resolution regarding claims, it may have to prepare, file and prosecute objections to those claims.

14. The Reorganized Debtor believes that the requested extension of the Claims Objection Bar Date is in the best interests of the Reorganized Debtor's estate and is appropriate under the circumstances as it will provide the Reorganized Debtor with the additional time needed to reconcile the Claims asserted against the Reorganized Debtor's estate for the benefit of its respective creditors and stakeholders. The requested extension will not prejudice any creditor or other party in interest. Without an extension, the Reorganized Debtor may forfeit valuable potential objections to Claims that could be brought for the benefit of the Reorganized Debtor's creditors and stakeholders. As such, an extension will preserve assets of the Reorganized Debtor's estate by ensuring all proper Claim objections are asserted.

**RELIEF REQUESTED**

15. By this Motion, the Reorganized Debtor respectfully requests the entry of an order, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9006, extending the Claims Objection Bar Date set forth in the Plan through and including January 15, 2025. The Reorganized Debtor further requests that the Order approving this Motion be without prejudice to any rights the Reorganized Debtor holds, including its right to seek further extensions of the period in which the Reorganized Debtor may file objections to Claims.

**BASIS FOR RELIEF**

16. As noted above, pursuant to the Plan, the deadline for the Reorganized Debtor to object to Claims currently expires on November 15, 2024, absent extension of such deadline by this Court. Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for certain time periods which are not applicable here. *See* Fed. R. Bankr. P. 9006(b).

17. Additionally, Bankruptcy Code section 105 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105. Further, "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." *See In re Morristown & Erie R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989).

18. Sufficient cause exists to extend the deadline for objecting to Claims against the Reorganized Debtor as requested herein. The requested extension will afford the Reorganized Debtor the opportunity to continue its Claims analysis, object to those Claims that are factually or

5

16984546/1

legal unsupportable, and ensure that all Claims, to the extent practicable, have been properly asserted against the Reorganized Debtor.

19. Furthermore, the Plan, as confirmed, specifically contemplates extension of the Claims Objection Bar Date by order of this Court. *See* Plan Article I.16 (setting the deadline, "the later of (a) 180 days after the Effective Date and (b) such other period of limitation as may be *specifically fixed or extended by the Court*, the Debtor or the Reorganized Debtor, or by an order of the Bankruptcy Court for objecting to Claims.") (emphasis added).

## **RESERVATION OF RIGHTS**

20. The Reorganized Debtor will endeavor to resolve all of the remaining unresolved Claims within the time of the requested extension, the Reorganized Debtor reserves all of its rights to seek further extensions of the Claims Objections Bar Date, as the appropriate, as well as to object to and/or seek estimation of particular Claims.

**WHEREFORE**, the Reorganized Debtor, respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**; (i) extending the Claims Objection Bar Date through and including January 15, 2025, without prejudice to the right to seek additional extensions of such deadline as appropriate; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: November 15, 2024          **MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
          cdonnelly@morrisjames.com

*Counsel to the Reorganized Debtor*