IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALECTO HEALTHCARE SERVICES LLC,<br><br>Reorganized Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS) |

**STATUS REPORT**

Alecto Healthcare Services LLC (the "<u>Debtor</u>") hereby files this Status Report.

1. On June 16, 2023, the Debtor filed a voluntary chapter 11 proceeding under Subchapter v of Chapter 11 in the Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>").

    **A.**    **Pending Appeals**

2. On November 2, 2023, certain creditors (the "<u>Reed Creditors</u>") filed an objection to the Debtor's designation of the bankruptcy case as Subchapter V and sought to revoke the debtor's designation as a Subchapter V case. [Docket No. 204] (the "<u>Eligibility Motion</u>"), and on November 11, 2023, the Debtor filed a response in opposition to the Eligibility Motion [Docket No. 226]. On November 29, 2023, the Bankruptcy Court conducted an evidentiary hearing on the Eligibility Motion, and on December 1, 2023, the Bankruptcy Court issued its ruling denying the Eligibility Motion. On December 4, 2023, the Bankruptcy Court entered its Order Denying the Eligibility Motion [Docket No. 243] (the "<u>Eligibility Order</u>"). On December 18, 2023, the Reed Creditors filed a notice of appeal from the Eligibility Order (the "<u>Eligibility Appeal</u>"). The Eligibility Appeal is designated as 23-1442 (GBW).

3. On December 19, 2023, the Debtor filed a Small Business Debtor's Plan of Reorganization [Docket No. 261] (as subsequently amended, modified, or supplemented, the "<u>Plan</u>"). On February 22, 2024, the Reed Creditors filed an objection to confirmation of the Plan

17044903/2

[Docket No. 299]. Following a multiday evidentiary hearing and a separate hearing for oral argument, on April 4, 2024, the Bankruptcy Court entered Finding of Facts and Conclusions of Law Confirming Small Business Debtor's Plan of Reorganization [Docket No. 354] (the "Confirmation Order"). On April 19, 2024, the Plan went effective. On April 18, 2024, the Reed Creditors filed a notice of appeal from the Confirmation Order (the "Confirmation Appeal"). The Confirmation Appeal is designated as 24-494 (GBW).

4. On September 17, 2024, the United States District Court for the District of Delaware (the "District Court") entered an Order approving a joint motion by the Debtor and the Reed Creditors to consolidate the Eligibility Appeal and the Confirmation Appeal at 24-494 (GBW).

5. Briefing of the issues on appeal is currently underway. Pursuant to an Order of the District Court, the Reed Creditors' reply brief will be filed by December 18, 2024.

**B.    General Plan Status**

6. As more fully set forth herein, the Plan has been confirmed and has gone effective. Among other things, the settlement with the Debtor's insiders has been consummated and the Debtor's former officers/managers have remitted payment to the Debtor on account of the releases under the Plan. Additionally, pursuant to and in accordance with the agreement with the United States, certain of the Debtor's officers and employees have reduced their salaries and/or not received any increase in their salary since the effective date.

7. The Debtor has one ongoing contract that was automatically extended for two years. Accordingly, the Debtor has funds to make distributions, as contemplated by the Plan.

8. Since the Effective Date, the Debtor has made distributions on account of allowed administrative expenses, and it will likely make at least one other distribution in 2024. The Debtor

anticipates that it will not remit payment on account of any claims other than allowed administrative expenses until at least September 2025.

9. The Debtor is in the process of preparing a postconfirmation report for filing with the Court.

### C. Claims Issues

10. There were only twenty-three (23) proofs of claim filed in the Debtor's bankruptcy case. The Debtor has reviewed each of the proofs of claim, and it is in the process of attempting to resolve certain of the proofs of claim without the need to file an objection. To that end, on November 15, 2024, the Debtor filed a motion seeking to extend the deadline to object to claims through and including January 15, 2025 [Docket No. 417].

11. Additionally, the Debtor has entered into a stipulation with the United States Department of Labor (the "DOL") to extend the objection deadline solely with respect to those proof of claims filed by the DOL. On November 15, 2024, the Court entered an order approving the stipulation between the Debtor and the DOL [Docket No. 419].

| | |
|---|---|
| Dated: November 19, 2024<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Jeffrey R. Waxman*<br>Jeffrey R. Waxman (DE Bar No. 4159)<br>Christopher M. Donnelly (DE Bar No. 7149)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: jwaxman@morrisjames.com<br>E-mail: cdonnelly@morrisjames.com<br><br>*Counsel to the Reorganized Debtor* |

17044903/2