IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALECTO HEALTHCARE SERVICES LLC,<br><br>Debtor.[1] | Chapter 11 (Subchapter V)<br><br>Case No. 23-10787 (JKS)<br><br>Re: Dkt. No. 445 |

**THE UNITED STATES OF AMERICA'S OBJECTION TO THE REORGANIZED
DEBTOR'S MOTION FOR AN ORDER EXTENDING THE
CLAIMS OBJECTION DEADLINE**

The United States of America ("United States") hereby objects to the Reorganized Debtor's Motion for an Order Extending the Claims Objection Deadline (the "Fifth Motion"), Dkt. 445, filed by the debtor Alecto Healthcare Services LLC (the "Debtor"), and in support thereof states as follows:

**BACKGROUND**

On March 9, 2023, the United States filed a complaint against several defendants, including the Debtor, in *United States v. Olympia Health Care, LLC*, No. 23-1783 (C.D. Cal.) (the "District Court Case"), alleging that the Debtor, as the alter ego of the defendant Olympia Health Care, LLC ("Olympia"), "owes the United States reimbursement of $11,059,170.17 in principal" plus interest. Asserting fraudulent transfer claims against the Debtor, among others, the United States sought "the lesser of (a) Olympia's debts to the United States or (b) the transfers received by [a] defendant, directly or indirectly, from Olympia, plus interest."

---

[1] The last four digits of the Debtor's federal tax identification number are 9723. The Debtor's address is 101 North Brand Boulevard, Suite 1920, Glendale, CA 91203.

1

On June 16, 2023 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

Subsequently, the United States determined that an additional $15,688,552.58, plus interest (the "Additional Debt"), is owed by the District Court Case defendants, including the Debtor. These additional debts are not currently sought in the District Court Case.

On December 13, 2023, the United States filed a timely proof of claim, no. 21-1 (the "USA POC"), against the Debtor. The USA POC seeks $29,126,600.90, made up of (a) the debt sought in the District Court Case, and (b) the Additional Debt.

On December 19, 2023, the Debtor filed its plan of reorganization (the "Plan"). The Plan was confirmed and became effective on April 19, 2024 (the "Effective Date").

The United States intends to amend its District Court Case complaint to recover the Additional Debt (the "Amended Complaint").

Pursuant to the Plan, the Debtor's original deadline to object to proofs of claim ("POC Objection Deadline") was October 16, 2024. The Debtor moved to extend the POC Objection Deadline four times; the current deadline was May 19, 2025.

On May 16, 2025, the Debtor filed the Fifth Motion, seeking again to extend the POC Objection Deadline, this time to July 21, 2025.

The United States' prosecution of the District Court Case will likely be shaped by whether the USA POC for those debts are allowed here.

Before objecting to the Fifth Motion, the United States discussed resolution with the Debtor. No agreement was reached.

**ARGUMENT**

It has been almost fourteen months since the Effective Date, and the Debtor has neither objected to the USA POC nor carved it out from the numerous extensions of the POC Objection Deadline.  In each motion the Debtor has filed to extend the POC Objection Deadline, including the Fifth Motion, the Debtor states:

> the Reorganized Debtor has reached out to a small number of creditors to attempt to resolve the issues to those claims without incurring the costs, if possible.  Those discussions are continuing.  Further, solely with respect to those claims that are contingent upon entities affiliated with the Debtor remitting payment, the Reorganized Debtor anticipates that it may enter into stipulations to further extend the deadline to object to specific claims with individual creditors.

Fifth Motion, ¶ 18.  Although the Debtor claims to be considering only a small subset of claims for reconciliation or possible objection, the Fifth Motion is overly broad, as it seeks to extend the POC Objection Deadline for all claims (as the Debtor did in the previous four extension requests).

Bankruptcy Rule 9006(b)(1) provides that a court may grant a request to extend time for cause. Fed.R.Bankr.P. 9006(b)(1).  Here, the Debtor has not shown cause for a fifth extension. The Fifth Motion does not aver that the Debtor has not analyzed all claims in the estate.  It also repeats what the previous four motions state and offers no further details as to what new analysis of claims has occurred and what progress has been made since previous extensions.  With such a small pool of claims (twenty-three per the Fifth Motion), the Fifth Motion does not explain why the broad relief of an extension to all claims is necessary.

If the claims the Debtor continues to consider for objection are, indeed, a small number, then it is more appropriate for the Debtor to extend the POC Objection Deadline for those specific claims, as it states itself in the Fifth Motion, and thus allow the deadline to lapse for the claims to which the Debtor does not intend to object.

When the USA POC is no longer subject to the POC Objection Deadline period, the United States will be better equipped to prosecute the District Court Case.

The United States is prejudiced if the Fifth Motion is granted while the Debtor does not object to the USA POC because it delays its prosecution of the District Court Case.  If the Debtor does object to the USA POC, the Court should not allow the Debtor to delay any longer so that the United States' prosecution of the District Court Case is not further delayed.  Meanwhile, there is no prejudice or harm to the Debtor to carve out the USA POC from the Fifth Motion if the Debtor does not intend to object to the USA POC.

## CONCLUSION

For the foregoing reasons, the Fifth Motion is overly broad and should be denied.

Dated:  June 6, 2025

        Respectfully submitted,

        YAAKOV M. ROTH
        Acting Assistant Attorney General

        /s/ *Leah V. Lerman*
        KIRK T. MANHARDT
        MARCUS SACKS
        LEAH V. LERMAN (Fed. Bar No. 28669)
        Civil Division
        U. S. Department of Justice
        P. O. Box 875
        Ben Franklin Station
        Washington, D.C.  20044-0875
        (202) 307-0452 (telephone)
        (202) 514-9163 (facsimile)
        Email: Leah.V.Lerman@usdoj.gov

        *ATTORNEYS FOR THE UNITED STATES*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*s/     Leah V. Lerman*
LEAH V. LERMAN
Commercial Litigation Branch
Civil Division
United States Department of Justice